IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL LAPAY, et al.,<br><br>    Defendant. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>Case No. 2:09-CV-190 TS<br><br>District Judge Stewart |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #38).  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for 3/18/2010, at 10:30 A.M. is VACATED.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | | **DATE** |
| | Nature of claims and any affirmative defenses: | | |
| | a. | Was Rule 26(f)(1) Conference held? | 02/26/10 |
| | b. | Has Attorney Planning Meeting Form been submitted? | 03/08/10 |
| | c. | Was 26(a)(1) initial disclosure completed? | 04/01/10 |
| **2.** | **DISCOVERY LIMITATIONS** | | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | _10_ |
| | b. | Maximum Number of Depositions by Defendant(s) | _10_ |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | _7_ |
| | d. | Maximum Interrogatories by any Party to any Party | _25_ |
| | e. | Maximum requests for admissions by any Party to any Party | _No limit_ |
| | f. | Maximum requests for production by any Party to any | _No limit_ |

      Party

  g. Discovery of electronically stored information should be handled as follows:

      Electronically stored information will be subject to the same parameters of discovery as documents and will be produced in lieu thereof if such would generate a cost savings to the parties.

  h. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: Absent specific identification of any item as attorney work product at the time of production, no claim of privilege or protection as trial preparation material may be asserted after production.

| 3. | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2] | | **DATE** |
|---|---|---|---|
| | a. | Last Day to File Motion to Amend Pleadings | _5/1/2010_ |
| | b. | Last Day to File Motion to Add Parties | 5/1/2010 |

| 4. | **RULE 26(a)(2) REPORTS FROM EXPERTS**[3] | | **DATE** |
|---|---|---|---|
| | a. | Plaintiff | _10/1/2010_ |
| | b. | Defendant | 11/1/2010 |
| | c. | Counter reports | _12/1/2010_ |

| 5. | **OTHER DEADLINES** | | **DATE** |
|---|---|---|---|
| | a. | Discovery to be completed by: | |
| | | Fact discovery | _09/30/2010_ |
| | | Expert discovery | _01/30/2011_ |
| | b. | _(optional)_ Final date for supplementation of disclosures and discovery under Rule 26 (e) | _00/00/00_ |
| | c. | Deadline for filing dispositive or potentially dispositive motions | _02/15/11_ |

| 6. | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
|---|---|---|---|
| | a. | Referral to Court-Annexed Mediation: | _Yes_ | immediately |
| | b. | Referral to Court-Annexed Arbitration | _No_ | |
| | c. | Evaluate case for Settlement/ADR on | | _09/30/10_ |
| | d. | Settlement probability: | | _Good_ |

| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | | **TIME** | **DATE** |
|---|---|---|---|---|---|
| | a. | Rule 26(a)(3) Pretrial Disclosures[4] | | | |
| | | Plaintiff | | | *05/20/11* |
| | | Defendant | | | *006/03/11* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | *00/00/00* |
| | c. | Special Attorney Conference[5] on or before | | | *06/17/11* |
| | d. | Settlement Conference[6] on or before | | | *06/17/11* |
| | e. | Final Pretrial Conference | | 2:30 p.m. | *07/05/11* |
| | f. | Trial | **Length** | | |
| | | i. Bench Trial | *Four days* | 8:30 a.m. | *07/18/11* |
| | | ii. Jury Trial | *# days* | ___:__ _.m. | *00/00/00* |

8. **OTHER MATTERS**

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

March 10, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

---

[3] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[4] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[5] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[6] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.