Thomas J. Klc, Utah State Bar #1836
Thomas J. Klc & Associates
4725 South Holladay Boulevard Suite 110
Salt Lake City, UT 84117
(801) 277-3033 (Telephone)
(801) 424-0258 (Telefax)
joseph.caudell@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DE MARCO, ET AL.<br><br>      Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, ET AL.<br><br>      Defendants. | MEMORANDUM IN OPPOSITION TO JOE WRONA AND WRONA LAW'S MOTION FOR RULE 11 SANCTIONS<br><br>Case No. 2:09cv00190<br><br>Judge: Ted Stewart |

Plaintiffs James De Marco, Cheryl De Marco, George De Marco, Jeffery Ott, Nancy Ott, and Slopeside Properties, LLC (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, file this Memorandum in Opposition to the Motion for Rule 11 Sanctions filed by Defendants Joe Wrona ("Wrona") and Wrona Law Offices, P.C. ("Wrona Law") (collectively referred to as "Defendants"). For the reasons set forth below, this Court should deny Defendants' Motion for Rule 11 Sanctions.

**INTRODUCTION**

Defendants have moved for sanctions to be imposed upon Plaintiffs' counsel, Thomas J. Klc ("Klc"), and other alleged responsible parties on the grounds that Klc has violated Rule 11 of the Federal Rules of Civil Procedure.

In support of this claim, Defendants argue (1) that Klc failed to conduct a reasonable inquiry into the facts before filing claims against Wrona and Wrona Law; (2) that Klc alleged factual contentions that do not have any evidentiary support; (3) that the claims against Wrona and Wrona Law are not warranted by existing law; and (4) that the claims against Wrona and Wrona Law were not made in good faith, but instead were brought as a form of retaliation and revenge. Defendants' arguments are without merit and therefore, this Court should deny Defendants' Motion for Rule 11 Sanctions.

**BACKGROUND AND STATEMENT OF FACTS**

1.  Plaintiffs entered into a series of Contracts with Defendant Paladin culminating on March 7, 2006. These Contracts were for the sale of condominium properties marketed and sold on behalf of Paladin.

2.  After execution of the Contracts, Paladin began construction of the condominiums. As agreed upon by Plaintiffs and Paladin, different stages of the construction were to be completed within designated time frames. However, Paladin fell behind schedule, and did not complete construction as obligated by the Contracts.

3.  On May 19, 2008, Plaintiffs first contacted Klc in an effort to secure legal representation with respect to the condominium properties to be built by Paladin. Klc agreed to represent the Plaintiffs in the matter and upon review found that the real estate purchase Contracts entered into between Plaintiffs and Paladin identified Prudential Utah Real Estate as the broker in the

transactions at issue.  A Prudential Utah Real Estate agent, Dick Stoner, represented the

Plaintiffs as buyers, and a "team" of other Prudential Utah Real Estate agents represented

Paladin as seller.  (*See* Affidavit of Thomas J. Klc (("Aff. of Klc")) at ¶ 2, attached hereto as

Exhibit "A").

    4.   As Plaintiffs' attorney, Klc dutifully pursued all available forms of relief on behalf of his

clients, including the possibility of amicable resolution between all parties involved in the

subject transactions.  Klc's initial attempts at corresponding with the parties and their counsel

were unsuccessful as no substantive response to Plaintiffs' concerns was ever received by Klc or

the Plaintiffs prior to the filing of the Complaint.  (Aff. of Klc, ¶ 3).

    5.   After an amicable resolution could not be reached, Klc moved forward on behalf of

Plaintiffs in anticipation of future litigation.  On August 28, 2008, while in the process of

drafting a proposed complaint, Klc sought to obtain the identity of any and all related parties of

"Prudential Utah Real Estate" from the Utah Department of Commerce.  (Aff. of Klc, ¶ 4).

    6.   Klc's initial online business entity search yielded the finding that the applicant/owner,

Joseph E. Wrona, was "doing business as" Prudential Utah Real Estate.  (Aff. of Klc, ¶ 5).  A

true and correct copy of the initial online business entity search is attached hereto as Exhibit "B".

    7.   After considerable discussion with Plaintiffs, Klc finished the draft of a proposed

complaint that named "Joseph E. Wrona doing business as Prudential Utah Real Estate" as a

primary defendant.  (Aff. of Klc, ¶ 7).  A true and correct copy of the caption of the proposed

complaint is attached hereto as Exhibit "C".

    8.   Shortly thereafter, Plaintiffs informed Klc that they had been referred to another Park

City attorney who made claims that he had negotiated matters similar to those faced by Plaintiffs.

Klc instructed Plaintiffs to provide a copy of the proposed complaint to the then unidentified

attorney and to contact Klc for such explanations as needed.  Klc was never contacted.  (Aff. of

Klc, ¶ 8).

9.   By Wrona's review of the proposed complaint, he knew or had reason to know that

Plaintiffs were at that point represented by counsel, and that he, Wrona, was an adverse party in

the litigation.  (Aff. of Klc, ¶ 9).

10. Before Klc was made aware that the Park City attorney was in fact the same Joseph E.

Wrona who had been doing business as Prudential Utah Real Estate, Wrona had reviewed the

draft complaint and other sensitive documents, had engaged in extensive direct communications

with such Plaintiffs, and had counseled Plaintiffs to disregard Klc's legal advice.  Among other

things, Wrona specifically urged Plaintiffs to forego any claims against Prudential Utah Real

Estate (i.e., himself), and further stated that he would be unable to represent Plaintiffs if they did

assert claims against Prudential Utah Real Estate as Wrona himself believed that such claims

would result in a conflict of interest.  (Aff. of Klc, ¶ ¶ 9-10).

11. While Plaintiffs did consent to Wrona's representation, at no point did Plaintiffs ever

state they did not intend or desire to assert claims against Prudential Utah Real Estate at a future

date.  (Aff. of Klc, ¶ 10).

12. After Wrona's unsuccessful attempts at negotiating a favorable solution, Plaintiffs

instructed Wrona to cease all work and contacted Klc in an effort to resume the previously

proposed litigation against Utah Prudential Real Estate and other parties.  (Aff. of Klc, ¶ 11).

13. After learning that it was Wrona himself who had urged Plaintiffs to forego any claims

against Prudential Utah Real Estate, Klc redrafted the proposed complaint to include Wrona's

violations of the rules of professional responsibility and claims of malpractice.  These later

claims stem from the fact that Joseph E. Wrona doing business as Prudential Utah Real Estate

had already been identified as a defendant in the initial proposed complaint.  No claim was in

any way presented for an improper purpose or brought as a form of retaliation against Wrona.

(Aff. of Klc, ¶ 12).

14. Thereafter, Wrona initiated a collections case against Plaintiffs.  (Aff. of Klc, ¶ 13).

15. Prior to filing the final draft complaint, Klc again conducted a business entity search on

Prudential Utah Real Estate.  Interestingly, the search indicated that Joseph E. Wrona as

applicant/owner had subsequently transferred the business name "Prudential Utah Real Estate" to

"Extreme Holding, L.L.C." on November 12, 2008.  This transfer apparently occurred shortly

after Wrona had reviewed the initial draft complaint prepared by Klc on behalf of Plaintiffs.

(Aff. of Klc, ¶ 14).  A true and correct copy of the business name transfer is attached hereto as

Exhibit "D".  It further evidences that prior to the transfer Joseph E. Wrona and Prudential Utah

Real Estate were one and the same.

16. Finally, as one more added precaution, on February 24, 2009, Klc drafted and sent an

extensive seven page letter to several parties including Wrona, wherein Klc detailed Plaintiffs'

position and provided Wrona with a last opportunity to supply any explanation as to his actions.

Having received no response, Klc filed the Complaint on March 2, 2009.  (Aff. of Klc, ¶¶ 15, 16;

said letter is an attachment to the affidavit).

17. On March 30, 2009, subsequent to filing the Complaint, Klc did receive documentation

from Wrona showing that on March 19, 2009 (a date after the complaint had been filed) the

applicant/owner doing business as Prudential Utah Real Estate was Extreme Holding, L.L.C.

However, as Klc had already engaged in investigations that led him to reasonably believe that

prior to March 19, 2009, Joseph E. Wrona had been doing business as Prudential Utah Real

Estate, Klc believed the documentation to be either irrelevant or supportive of the fact that

Prudential Utah Real Estate and Joseph E. Wrona had been one and the same.  (Aff. of Klc, ¶ 17).

## RULE 11 STANDARD

Fed. R. Civ. P. 11(b) obligates the signer of a pleading, written motion, or other paper to conduct a reasonable inquiry into whether the claims set forth in the document are legally frivolous or factually unsupported.  *Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1484-85 (10th Cir. 1989).  Accordingly, pleadings, motions, and other papers submitted to the court must be grounded in fact, supported by existing law, and cannot be filed for an improper purpose.  *Monument Builders of Greater Kansas City, Inc*., 891 F.2d at 1484.

Finally, "[i]n deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1155 (10th Cir. 1991).

## ARGUMENT

**I.**     **ATTORNEY KLC CONDUCTED A REASONABLE INQUIRY INTO THE FACTS BY CAREFULLY REVIEWING THE CONTRACTS AND LATER INVESTIGATING THE IDENTITY OF "PRUDENTIAL UTAH REAL ESTATE" VIA A UTAH DEPARTMENT OF COMMERCE BUSINESS ENTITY SEARCH**

Wrona contends that Klc has violated Fed. R. Civ. P. 11(b)(3) by failing to conduct a reasonable inquiry into the facts before filing claims against Wrona.  Wrona further contends that Klc has alleged factual contentions that do not have any evidentiary support.  Importantly, Wrona's claims all stem from the fact that he denies "doing business as" Prudential Utah Real Estate.

Contrary to Wrona's claims that Klc did not conduct a reasonable inquiry into the facts,

Klc diligently reviewed the Plaintiffs' Contracts and rightfully identified "Prudential Utah Real

Estate" as the broker for the transactions and the broker for the real estate agent representing

Plaintiffs.  In preparation of claims to be asserted against Prudential Utah Real Estate, Klc

engaged in an effort to obtain the identity of any person identified with the fictitious name,

Prudential Utah Real Estate, from the Utah Department of Commerce.  Far from failing

to conduct even the most superficial inquiry into the public record, Klc did indeed conduct

multiple business entity searches for Prudential Utah Real Estate.  The searches conducted by

Klc in an effort to reasonably inquire into the facts before filing any claims yielded the result that

Joseph E. Wrona was doing business as Prudential Utah Real Estate as shown in Exhibit "B" and

further confirmed by Exhibit "D".

Accordingly, contrary to Wrona's claim that Klc's factual contentions do not have any

evidentiary support, Klc has provided the Court with precisely the type of evidence that Wrona

claims Klc has failed to produce.  Furthermore, if indeed Joseph E. Wrona was doing business as

Prudential Utah Real Estate as is supported by Exhibit "B", then a reasonable and competent

attorney would be justified in claiming that Wrona was the broker of record since Prudential

Utah Real Estate was listed in the Contracts as broker, and Wrona and Prudential are one and the

same.

Finally, Wrona's March 30, 2009 letter, (sent more than a month after the sending of

Klc's letter requesting contradictory information and long after Klc had filed the complaint)

along with its corresponding attachments, do not provide incontrovertible evidence that Klc's

factual contentions are false and without evidence.  Wrona's letter and attachments merely show

that Joseph E. Wrona was not doing business as Prudential Utah Real Estate at a certain time

(March 30, 2009) *after* the Contracts had been executed and after the drafting of the initial

proposed complaint.

As shown by Exhibit "D", Klc was aware that Wrona had later transferred the DBA

Prudential Utah Real Estate and was no longer doing business as Prudential at the time the letter

was sent; however, because the DBA transfer occurred *after* the Contracts had been executed and

after the drafting of the initial proposed complaint, a reasonable and competent attorney would

be justified in maintaining Klc's claims since such evidence does not demonstrate that at the time

the Contracts were executed and at the time the complaint was drafted, Joseph E. Wrona was not

doing business as Prudential Utah Real Estate.

Accordingly, the Court should not impose sanctions on Klc in regard to these claims.

II.     **ATTORNEY KLC'S LEGAL MALPRACTICE CLAIMS ARE WARRANTED BY
         EXISTING LAW AND FACTS**

Wrona apparently assumes that Klc's contentions of violation of the professional rules of

responsibility and legal malpractice are based solely on Rule 1.9 of the Utah Rules of

Professional Responsibility.  Wrona is mistaken in his assumption.

Rule 1.7 of the Utah Rules of Professional Responsibility states:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the
representation involves a concurrent conflict of interest. A concurrent conflict of interest
exists if:

(a)(1) The representation of one client will be directly adverse to another client; or

(a)(2) There is a significant risk that the representation of one or more clients will be
materially limited by the lawyer's responsibilities to another client, a former client or a
third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a),
a lawyer may represent a client if:

(b)(1) the lawyer reasonably believes that the lawyer will be able to provide competent
and diligent representation to each affected client;

(b)(2) the representation is not prohibited by law;

(b)(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and

(b)(4) each affected client gives informed consent, confirmed in writing.

In regard to violation of the Utah Rules of Professional Responsibility, among other things, Klc claims that Wrona has violated Rule 1.7(a)(2).  Since Wrona was doing business as Prudential Utah Real Estate, Wrona knew or should have known that there was a significant risk that representation of Plaintiffs would be materially limited by Wrona's personal interest.  Indeed, this appears to be the case as Wrona urged Plaintiffs to avoid litigation against Prudential Utah Real Estate and even acknowledged that claims against Prudential Utah Real Estate would directly result in a conflict of interest.

Furthermore, the fact that Plaintiffs gave their written consent to the representation does not allow Wrona to avoid violation of Rule 1.7(a)(2) since Rule 1.7(b)(1) states that a lawyer must reasonably believe that he will be able to provide competent and diligent representation to each affected client.  A self-interested attorney who is already urging a client to disregard claims against himself could not reasonably believe that he would be able to provide competent and diligent representation.

Finally, while Klc understands that a breach of the Utah Rules of Professional Responsibility does not by itself establish a claim of legal malpractice, Klc reasonably believes that the elements of legal malpractice based on a breach of fiduciary duty are present in this case. In the present case, Plaintiffs and Wrona had established an attorney-client relationship, Wrona breached his fiduciary duty to the client through his unavoidable self-interest, and damages were

suffered, actually and proximately, due to Wrona's breach of his fiduciary duty. *See Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah Ct.App.1996).

## III.   ATTORNEY KLC'S CLAIMS WERE NOT BROUGHT FOR AN IMPROPER PURPOSE

Wrona contends that Klc's claims were not made in good faith, but were instead brought to retaliate against Wrona and obtain revenge after Wrona had brought a collections claim against Plaintiffs.  Wrona is simply mistaken.

As previously mentioned, Klc originally drafted a proposed complaint that identified Joseph E. Wrona doing business as Prudential Utah Real Estate long before Wrona performed any services for Plaintiffs.  Redrafting of the complaint to include actions against Wrona and Wrona law as to their claims based on violations of the rules of professional responsibility and legal malpractice occurred long before he initiated the collections claims against Plaintiffs. Furthermore, Klc by his February letter sought, but did not timely receive, any explanation from Wrona himself.  Furthermore, Klc has adequately explained why he has not withdrawn his factual contentions in light of Wrona's March 30, 2009 letter and accompanying attachments. Although the final lawsuit itself was formally filed after the collections claims is not an indictment of revenge and retaliation, but is a mere by-product of the fact that such claims are generally brought precisely because an attorney-client relationship encounters similar difficulties, and as a result breaks down.

## CONCLUSION

Based on the foregoing, Klc has adequately shown that he has fully complied with Rule 11 of the Federal Rules of Civil Procedure.  His claims are fully grounded in fact, supported by existing law, and have not been filed for an improper purpose.  Accordingly, this Court should dismiss Wrona's Motion for Rule 11 Sanctions and deny all requested relief.

Dated this 17th day of November, 2010.

/s/ Thomas J. Klc

Thomas J. Klc

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July, 2009, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the

following CM/ECF participants, among others:

Joseph E. Wrona

Timothy R. Pack

/s/Thomas J. Klc
