Thomas J. Klc, Utah State Bar #1836
Thomas J. Klc & Associates
4725 South Holladay Boulevard Suite 110
Salt Lake City, UT 84117
(801) 277-3033 (Telephone)
(801) 424-0258 (Telefax)
tomklc@prodigy.net

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DE MARCO, ET AL.<br><br>    Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, ET AL.<br><br>    Defendants. | AFFIDAVIT OF THOMAS J. KLC<br><br>Case No. 2:09cv00190<br><br>Judge: Ted Stewart |

1. My name is Thomas John Klc. I am counsel for Plaintiffs in this matter. As an officer of the court, under oath and subject to the penalties of perjury, I make and publish this affidavit upon my personal knowledge and/or based upon documentation within my possession which I have reviewed as legal counsel.

2. On May 19, 2008, Plaintiffs first contacted me and asked that I represent them. My understanding was that they had experienced delays with completion of certain real estate transactions. The Real Estate Purchase Contracts of such real estate transactions identify Prudential Utah Real Estate as the broker in such transactions

with their agent, Dick Stoner, representing my clients as Buyers. Multiple agents of the same broker represented the Seller.

3. As Plaintiff's attorney, I pursued an explanation from the Seller of their concerns and sought possible amicable alternatives by correspondence with the parties involved in the subject transactions. However, aside from responses to redirect such correspondence to other individuals no substantive response was received before the filing of the Complaint.

4. On August 28, 2008, while drafting a proposed complaint, I sought to obtain the identity of "Prudential Utah Real Estate" from the Utah Department of Commerce. Accordingly, I proceeded to conduct an online business entity search that same day.

5. The online business entity search yielded the result that identified Joseph E. Wrona as the applicant/owner doing business as "Prudential Utah Real Estate." Keith W. Meade was the registered agent for service of process.

6. I later personally visited the offices of the Department of Commerce and verified such information by examination of the source document which appeared to be signed by Joseph E. Wrona as the applicant/owner.

7. In my ongoing role as attorney for my clients, having failed to receive any response to the previously mentioned correspondence, I provided a proposed complaint to them for review. The complaint included in its style and content, "Joseph Wrona doing business as Prudential Utah Real Estate" and "Keith Stoner" as the real estate agent, among others. After further discussion with my clients, on September 23, 2008, I provided an updated proposed complaint, similarly styled with "Joseph Wrona doing

business as Prudential Utah Real Estate" and "Keith Stoner" as real estate agent, among others.

8. Thereafter, my clients made me aware that they had been referred to a Park City attorney who claimed to have successfully negotiated identical matters with the parties named in the proposed complaint. I encouraged them to provide a copy of the proposed complaint to the then unidentified attorney and to contact me for such explanations as may be needed. No such contact was made.

9. Until November 26, 2008, I was unaware that the same Joseph E. Wrona was the attorney to whom my clients had been referred, to whom they had provided the copy of the proposed complaint and other sensitive documents, to whom they had confided, and to whom they had paid substantial sums of money.

10. I have since become aware that Wrona reviewed the proposed complaint, advised them to refrain from pursuing claims against Prudential Utah Real Estate (himself) and Dick Stoner, and that Wrona himself believed that such claims would result in a conflict of interest. No prior or concurrent documents suggest a waiver by my clients nor a lack of their intention to assert claims against Prudential Utah Real Estate and its agents.

11. On November 26, 2008, I became aware that Wrona's attempts at negotiating a favorable solution were unsuccessful, and that he had been instructed to cease all work. I was concerned that Wrona had engaged in direct communications with my clients knowing, or having reason to believe, that they were represented by counsel in a matter directly adverse to himself. I then resumed work on the previously proposed litigation against Utah Prudential Real Estate and other parties.

12. After learning that it was Wrona himself who had urged my clients to forego any claims against Prudential Utah Real Estate, I redrafted the proposed complaint to include Wrona's violations of the rules of professional responsibility and claims of malpractice. These later claims stem from the fact that Joseph E. Wrona doing business as Prudential Utah Real Estate had already been identified as a defendant in the initial proposed complaint and were in no way presented for an improper purpose or brought as a form of retaliation against Wrona.

13. Thereafter, Wrona initiated a collections case against my clients.

14. While redrafting the proposed complaint, I sought reconfirmation that Joseph E. Wrona was still registered as doing business as Prudential Utah Real Estate. Interestingly, the search indicated that Joseph E. Wrona as applicant/owner had transferred the business name "Prudential Utah Real Estate" to "Extreme Holding, L.L.C." on November 12, 2008. This transfer apparently occurred shortly after Wrona had reviewed the proposed complaint I had prepared on behalf of my clients.

15. As an added precaution, prior to filing the complaint, I drafted and sent an extensive seven page letter to several parties including Wrona, dated February 24, 2009, giving him an opportunity to provide any conflicting facts, a true and correct copy of which is attached.

16. Having received no response from Wrona or any of the other parties, I filed the complaint on March 2, 2009, and sought service of process.

17. Subsequent to filing the complaint, I did receive documentation from Joseph E. Wrona showing that the then applicant (or person) doing business as Prudential Utah Real Estate was a limited liability company by the name, "Extreme Holding, LLC",

instead of Joseph E. Wrona.  As previously mentioned, the change to Extreme Holding, L.L.C. occurred *after* my prior investigations and *after* Wrona had reviewed the proposed complaint.  As such, I considered the documentation provided by Wrona to be either irrelevant or further supportive that Wrona, in fact, was doing business under the fictitious name "Prudential Utah Real Estate" prior to November 12, 2008.

DATED this 17th day of November, 2010.

                                                                       Thomas J. Klc  
                                                                       Attorney for Plaintiffs

STATE OF UTAH        )

                            )

COUNTY OF SALT LAKE  )

I, the undersigned, a Notary Public authorized to administer oaths in the State of Utah, certify that THOMAS JOHN KLC, after personally appearing before me, proving to me his identity with documentation, and having been duly sworn, executed this document in my presence and declared to me that he had willingly signed and executed the Affidavit for the purposes herein expressed.  I further certify that he acknowledged and affirmed that the information contained in the document is true to the best of his own personal knowledge, and that at the time of execution, he was eighteen (18) or more years of age, of sound mind, and under no constraint or undue influence.

IN WITNESS THEREOF, I have hereunto subscribed my name and affixed my official seal this 17th day of November, 2010.

Denise Geurts  
Notary Public                                       My Commission Expires: 4-15-13

DENISE GEURTS  
NOTARY PUBLIC - STATE OF UTAH  
My Comm. Exp. 04/15/2013  
Commission # 579354