IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

|  |  |
|---|---|
| JAMES DEMARCO, et al.,<br><br>    Plaintiffs,<br><br><br><br><br>    vs.<br><br><br>MICHAEL LAPAY, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS JOE WRONA AND WRONA LAW'S MOTION FOR RULE 11 SANCTIONS<br><br><br><br><br>Case No. 2:09-CV-190 TS |

Before the Court is Defendants Joe Wrona and Wrona Law's (collectively, the "Wrona Defendants") Motion for Rule 11 sanctions against Plaintiff's counsel Thomas Klc ("Klc").[1] Based on the following, the Court will deny the Motion.

## I. BACKGROUND

The central dispute in this action concerns Plaintiffs' allegations that Defendants' breached certain Real Estate Purchase Contracts ("Contracts"). In their Complaint, Plaintiffs have also brought claims against the Wrona Defendants for malpractice as both real estate brokers and as attorneys. Plaintiffs' Complaint alleges that the Wrona Defendants breached their duty as licensed and registered brokers for Prudential Utah Real Estate ("Prudential") when

---

[1]Docket No. 68.

1

Plaintiffs and the other Defendants entered into the Contracts by failing to ensure that the interest of both parties was represented and that the integrity of the transaction was protected. Plaintiffs further allege that the Wrona Defendants breached their duty as attorneys for Plaintiffs by agreeing to represent Plaintiffs in their breach of contract dispute with certain of the Defendants although the Wrona Defendants had previously represented these Defendants in other matters.

The Wrona Defendants move the Court for an entry of sanctions against Klc pursuant to Fed.R.Civ.P. 11 for failing to reasonably investigate the facts underlying his clients' claim against the Wrona Defendants.

## II.  DISCUSSION

The Wrona Defendants argue that sanctions against Klc are appropriate because Klc failed to reasonably investigate the facts underlying his clients' claims of real estate broker and attorney malpractice against the Wrona Defendants. The Court will address these each of grounds in turn.

### A.    REAL ESTATE BROKER MALPRACTICE

As discussed above, Plaintiffs allege in their Complaint that the Wrona Defendants breached their professional obligations to Plaintiffs as real estate brokers and thereby committed malpractice. Plaintiffs further allege that the Wrona Defendants are registered to do business as Prudential.

The Wrona Defendants assert that these allegations are false. The Wrona Defendants represent to the Court, with supporting documentary evidence, that they are not: (1) real estate agents, (2) real estate brokers, (3) principal brokers for Prudential, (4) an owner of prudential, or (5) holders of any rights to the "Prudential" business name. The Wrona Defendants argue that

this information was readily available from the Utah Division of Real Estate and the Utah Division of Corporations and Commercial Code at the filing of the Complaint.

The Wrona Defendants further argue that even if Klc filed the Complaint in ignorance, he should nonetheless be sanctioned because he failed to withdraw the allegations once the Wrona Defendants notified Klc by letter on March 30, 2009, with accompanying documentation, that his allegations were false.

In response, Klc argues that he did perform a reasonable investigation into the relevant facts prior to filing the Complaint. Klc represents to the Court that he reviewed the Contracts and identified Prudential as the broker for the transaction. Klc alleges that he then performed multiple searches on the Utah Department of Commerce's webpage under the entity name "Utah Prudential Real Estate." Klc represents that this search yielded the result that Joseph E. Wrona was the "applicant" for the Utah Prudential Real Estate DBA and that the Wrona Defendants were doing business as Prudential Utah Real Estate.

Klc further argues that the Wrona Defendants' March 30, 2009 letter and accompanying attachments only demonstrated that the Wrona Defendants were not doing business as Prudential Utah Real Estate on March 19, 2009, after the execution of the Contracts. Klc notes that he was aware that the Wrona Defendants later transferred the Prudential Utah Real Estate DBA, but that this transfer occurred after the relevant transactions were consummated.

In reply, the Wrona Defendants argue that had Klc contacted the Utah Division of Corporations and requested the actual record of "Prudential Utah Real Estate," instead of relying on the information available on the Utah Department of Commerce's webpage, he would have discovered that the Department of Commerce webpage database was incorrect. The Wrona

3

Defendants argue that the actual record of "Prudential Utah Real Estate" shows that the DBA was granted to Extreme Holdings LLC, with Joseph E. Wrona as its registered agent. Had Klc then investigated Extreme Holdings LLC, Klc would have discovered that a Mr. Dougan Jones was the principal broker for this entity.

The Wrona Defendants further argue that a simple phone call to the Utah Division of Real Estate would reveal that the Wrona Defendants are not licensed real estate brokers or agents in Utah.

Under Fed.R.Civ.P. 11(b), an attorney who signs a pleading "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary support . . . ."[2] Rule 11 "imposes an affirmative duty on an attorney to make a reasonable inquiry into the facts and law before filing a pleading.[3] "In deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it must determine whether a reasonable and competent attorney would believe in the merit of an argument."[4]

Prior to filing Plaintiffs' Complaint, Klc investigated the Contracts and determined that Utah Prudential Real Estate brokered the transaction. After review of the official website of the Utah Department of Commerce, Klc determined that the Wrona Defendants were involved in Prudential and thereafter filed the present action. The Court finds this inquiry to be reasonable under the circumstances and no sanctions are therefore warranted.

---

[2]Fed.R.Civ.P. 11(b).

[3]*Arbuckle Wilderness, Inc. v. KFOR TV, Inc.*, 76 F.3d 392, 392 (10th Cir. 1996).

[4]*Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991).

The Court further finds that Klc's actions after receiving the Wrona Defendants' March 30, 2009 letter were reasonable under the circumstances. From Klc's position, the March 30, 2009 letter merely confirmed that on March 19, 2009, the Wrona Defendants no longer had an interest in Prudential. As noted by Klc, however, his investigation prior to filing this Complaint had already led him to believe that the Wrona Defendants were involved in Prudential at the time the Contracts were entered into, namely, March 7, 2006. Therefore, no sanctions are warranted under the circumstances.

As a final matter, the Court notes that the Wrona Defendants' grounds for sanctions are largely aimed at the merits of Plaintiffs' claims, rather than Klc's conduct as counsel. As noted by one district court within this Circuit, "[w]hile Rule 11 sets a threshold for the factual and legal assertions of a complaint, it is not a broad mechanism for testing the sufficiency of a plaintiff's claims."[5] Or as the authors of FEDERAL PRACTICE AND PROCEDURE explained, "Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits."[6]

Evaluating the arguments, affidavits, and accompanying documentation filed in support of this Motion require the Court to make a determination on the merits of these claims. The

---

[5]*Ross v. Mukasey*, 2009 WL 4250124, at *1 (D. Colo. Nov. 24, 2009).

[6]5A CHARLES WRIGHT, ARTHUR MILLER & EDWARD COOPER, FEDERAL PRACTICE AND PROCEDURE § 1336 .3 (3d ed. 2009)

Court finds that Rule 11 is not the appropriate vehicle for such argument and therefore will deny the motion for sanctions.[7]

## B.     ATTORNEY MALPRACTICE

The Wrona Defendants further argue that sanctions against Klc are warranted because Plaintiffs' claim for attorney malpractice are not warranted by existing law and are without evidentiary support.  The Wrona Defendants argue that their prior representation of Plaintiffs was proper because the Wrona Defendants had obtained informed consent, confirmed in writing, from Plaintiffs prior to representing them.

In reviewing these arguments, the Court finds that the Wrona Defendants are again attempting to use Rule 11 as a vehicle to challenge the merits of Plaintiffs' claims.  As discussed above, such use is neither contemplated by the Federal Rules nor relevant case law.  Should the Wrona Defendants desire to attack the merits of Plaintiffs' claims, the Wrona Defendants may do so by filing the appropriate motion under the relevant Federal Rules.

Because the Court finds that the Wrona Defendants' contentions go to the merits of Plaintiffs' claims, the Court will deny the motion for sanctions.

## III.  CONCLUSION

Based on the foregoing, it is therefore,

ORDERED that Defendants Joe Wrona and Wrona Law's Motion for Rule 11 Sanctions (Docket No. 68) is DENIED.

---

[7]*See Truong v. Smith*, 28 F.Supp.2d 626, 633 (D . Colo.1998) (denying motion for sanctions because it invoked the merits of the case and "[s]uch arguments . . . are more properly presented in a motion for summary judgment under Rule 56").

The hearing set for February 2, 2011 is VACATED.

DATED   February 1, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge