**WRONA FIRM, P.C.**
Joseph E. Wrona (#8746)
Timothy R. Pack (#12193)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
Attorneys for Defendants Joseph Wrona
Offices.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO; CHERYL DE MARCO; GEORGE DE MARCO; JEFFREY OTT; NANCY OTT; SLOPESIDE PROPERTIES; LLC and JOHN/JANE DOES 26-50, <br><br> Plaintiffs, <br><br> vs. <br><br> MICAHEL LAPAY, HEATHER PETERSON, CARRIE SHOAF, DUSTY ORRELL, KEELIE WEST, DICK STONER, as individuals and/or as agents for Prudential Utah Real Estate; PRUDENTIAL UTAH REAL ESTATE; PALADIN DEVELOPMENT PARTNERS, LLC, a Utah limited liability company; MICHAEL LAPAY, RORY MURPHY, GEORGE BRYANT, and CHRISTOPHER CONABEE, as individuals and/or as agents and/or as managers of Paladin Development Partners, LLC; ORCO CONTRACTING, LLC; WILLIAM R. OKLAND; BRETT J. OKLAND; PREMIER RESORTS aka DEER VALLEY LODGING, JOE WRONA individually and WRONA OFFICES, PC and JOHN/JANE DOES 1-25, <br><br> Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS JOE WRONA AND WRONA OFFICES, PC'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' FOURTH AND SIXTH CAUSES OF ACTION** <br><br><br> Case No. 2:09cv00190 <br><br> Judge: Ted Stewart |

Defendants Joe Wrona ("Wrona") and Wrona Offices, P.C. (collective "Wrona"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submit their Memorandum in Support of their Motion for Summary Judgment on Plaintiffs' Fourth and Sixth Causes of Action.

## **INTRODUCTION**

Wrona is entitled to summary judgment on Plaintiffs' Fourth Cause of Action for real estate broker malpractice because Wrona has never been a real estate broker and is therefore not subject to a broker's duties. Wrona is also entitled to summary judgment on Plaintiffs' Sixth Cause of Action for legal malpractice because Plaintiffs failed to sufficiently plead the required elements of their legal malpractice claim. Specifically, Plaintiffs fail to allege the "causation" and "damages" elements. Moreover, Plaintiffs' legal malpractice is so vague that it fails to comply with the pleading requirements of Civil Rule 8(a). Plaintiffs have also failed to disclose an expert witness, which is required to prove a legal malpractice claim. Finally, Plaintiffs allegations that Wrona violated the standards of professional conduct are irrelevant and immaterial because violations of the Utah Rules of Professional Conduct do not give rise to a claim for legal malpractice. In any event, Plaintiffs' allegations of professional misconduct are false as Wrona fully complied with the Utah Rules of Professional Conduct. Therefore, the Court should GRANT Wrona's Motion for Summary Judgment and dismiss Plaintiffs Fourth and Sixth Causes of Action with prejudice.

## STATEMENT OF FACTS

1.    The Plaintiffs are a group of speculative investors who entered into a series of contracts to purchase units in the Silver Star Project located in Park City, Utah. (*See* Affidavit of Joseph Wrona ("Aff. of Wrona") at ¶ 3 (Exhibit A)).

2.    When the Plaintiffs entered into their various contracts, the Park City real estate market was rapidly increasing in value.  (Aff. of Wrona, ¶ 4).

3.    When the Park City real estate market began plummeting in mid-2008, Plaintiff Cheryl De Marco ("C. De Marco") contacted Wrona and asked Wrona to represent the Plaintiffs in an effort to escape from some of Plaintiffs' contractual liabilities. (Aff. of Wrona, ¶ 5).

4.    During that telephone call, Wrona informed C. De Marco that Wrona previously provided legal services to Prudential Utah Real Estate ("Prudential"). (Aff. of Wrona, ¶ 6).

5.    Wrona also informed C. De Marco that despite the fact that Wrona never performed any legal services for Prudential regarding Silver Star Project sales to the Plaintiffs, Wrona was nonetheless uncomfortable representing C. De Marco if C. De Marco intended to assert any claims against Prudential. (Aff. of Wrona, ¶ 7).

6.    C. De Marco responded to Wrona during that telephone call by confirming that the Plaintiffs wanted to retain Wrona's services to negotiate a resolution with Paladin Development Partners, LLC ("Paladin"), and that the Plaintiffs did not desire or intend to assert claims against Prudential. (Aff. of Wrona, ¶ 8).

7.    During the same telephone call, Wrona emphasized to C. De Marco that the cost of litigating construction defect claims would be extremely expensive and for that reason it was Wrona's opinion that it would be far more cost effective to negotiate a compromise with Paladin. (Aff. of Wrona, ¶ 9).

3

8.     Plaintiff Jeffrey Ott then telephoned Wrona the next day, and an identical discussion ensued between Wrona and Jeffrey Ott. (Aff. of Wrona, ¶ 10).

9.     C. De Marco and Jeffrey Ott then caucused and agreed with Wrona's recommendation, and on September 29, 2008, the Plaintiffs executed a Representation Agreement with Wrona that explicitly stated that Wrona disclosed its prior relationship with Prudential, and that Wrona had no interest in representing the Plaintiffs in a manner that was adverse to Prudential. (Aff. of Wrona, ¶ 11)   (A copy of the Representation Agreement is attached hereto as Exhibit B).

10.    The Representation Agreement signed by Plaintiffs states in the opening paragraph:

> You have asked Wrona Law Offices, P.C. to represent you in a dispute with the developers of the Silver Star Project in Park City, Utah. I spoke with Cheryl via telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below:

(Exhibit B).

11.    At the Plaintiffs' direct request, Wrona then began negotiating with Paladin to resolve Plaintiffs' dispute, and Wrona obtained a proposed solution from Paladin that Wrona extended to the Plaintiffs for consideration. (Aff. of Wrona, ¶ 13).

12.    The Plaintiffs, however, rejected Paladin's proposed solution and all subsequent modifications to that proposed solution, and at the same time the Plaintiffs began ignoring their payment obligations to Wrona. (Aff. of Wrona, ¶ 14).

13.     On December 21, 2008, Wrona informed the Plaintiffs that Wrona needed to withdraw as their legal counsel. (Aff. of Wrona, ¶ 15).

14.     On January 7, 2009, the Plaintiffs consented to Wrona's withdrawal. (Aff. of Wrona, ¶ 16).

15.     Wrona reminded the Plaintiffs that they owed Wrona $4,073.33 in legal fees, and Wrona even offered to accept $2,817.50 as payment in full. (Aff. of Wrona, ¶ 17).

16.     The Plaintiffs accepted Wrona's offer in writing by stating, "OK" in a reply email, and Wrona thereafter issued an invoice for the reduced amount of $2,817.50 in a good faith effort to get the matter resolved. (Aff. of Wrona, ¶ 18).

17.     Despite having agreed to pay Wrona the reduced amount of $2,817.50, the Plaintiffs still attempted to shave an additional $1,000.00 by issuing payment to Wrona in the amount of $1,817.50, and thereafter refusing to pay Wrona the remaining $1,000.00 due. (Aff. of Wrona, ¶ 19).

18.     Wrona thereafter attempted to work with the Plaintiffs to fulfill their payment obligation, and pay the agreed upon amount. (Aff. of Wrona, ¶ 20).

19.     When Plaintiffs refused to pay Wrona, Wrona was forced filed a collection action, to recover the full amount owed by the Plaintiffs. (Aff. of Wrona, ¶ 21).

20.     Wrona eventually obtained a judgment against the Plaintiffs. (Aff. of Wrona, ¶ 22) (See Judgment (Exhibit C)).

21.     Rather than defend the small claims action Wrona filed, Plaintiffs retaliated against Wrona by filing this Action that falsely accuses Wrona of:

    a. Being a licensed and registered real estate broker (Complaint, ¶¶ 3, 62, 90, 100).

    b. Being the principal broker for Prudential. (Complaint, ¶¶ 3, 62, 90, 100).

c.   Being the owner of Prudential. (Complaint, ¶ 21).

d.   Committing legal malpractice in its capacities as attorneys for the Plaintiffs because Wrona had formerly represented Defendant Prudential. (Complaint, ¶¶ 90-101). (Aff. of Wrona, ¶ 23).

22.   In response to these allegations, and before filing an answer in this action, Wrona notified Plaintiffs' counsel that Wrona was not a real estate agent or broker, was not a real estate broker for Prudential, was never any employee or shareholder in Prudential, and was not doing business as Prudential. (Aff. of Wrona, ¶ 24) (A copy of the March 30, 2009 Letter is attached hereto as Exhibit D).

23.   Wrona has never been a real estate broker, nor has he ever been the principal broker for Prudential. (Aff. of Wrona, ¶ 25; Letter from Mark Fagergren, Director of Licensing and Educ. for the Div. of Real Estate dated November 24, 2010, (Exhibit E); Certified Record from the Utah Div. of Real Estate (confirming that Dougan T. Jones acted as the principal broker of Prudential from 2002 to the date of the March 30, 2009 letter) (Exhibit F)).

24.   Wrona has never been registered to do business as Prudential, nor was he ever an owner of Prudential. (Aff. of Wrona, ¶ 26; Certificate of Fact issued by the Utah Dept. of Commerce (confirming that Prudential was a dba registered by Extreme Holding, LLC) (Exhibit G); Letter dated March 11, 2009, from Keith W. Meade, registered agent for Prudential, (confirming that Wrona is not the registered agent for Prudential, and that Wrona is not doing business as Prudential) (Exhibit H); State of Utah, Dept. of Commerce Business Name Registration/DBA Application for 'Prudential Utah Real Estate' (Exhibit I); State of Utah, Dept. of Commerce, Div. of Corp. DBA Registration Information Change Form (Exhibit J); Articles of Organization for Extreme Holdings, LLC (confirming that Wrona is not an owner (Exhibit K)).

25.     Wrona never concurrently represented both Prudential and Plaintiffs. (Aff. of Wrona, ¶ 27).

## SUMMARY JUDGMENT STANDARD

"Under Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56 (c)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("there is no issue for trial unless there is a sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If evidence is merely colorable or is not significantly probative, summary judgment may be granted.").

If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case. *Ekotek Site PRP Comm. v. Self*, 948 F. Supp. 994, 995 (D. Utah 1996).   Thus, in seeking summary judgment, it is not necessary for Wrona to negate Plaintiffs' malpractice claims. *Celotex*, 477 U.S. at 322. (stating that Civil Rule 56 does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claims.") (emphasis in original)).   On the contrary, Wrona must simply show that Plaintiffs lack the factual evidence necessary to carry their burden. *Id.* The United States Supreme Court has declared:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The

moving party is entitled to a judgment as a matter of law because the non-moving party has failed to make a showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex*, 477 U.S. at 322-23 (citations omitted.)

In assessing whether Plaintiffs have sufficient evidence to carry their evidentiary burden at trial, it is important to note that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting in part FED. R. CIV. P. 1); *see also Ekotek*, 948 F. Supp. at 995. Accordingly, the Court should apply Rule 56 with due regard for Wrona's right to be free of the burden against defending unmeritorious claims. *Celotex*, 477 U.S. at 327 ("Rule 56 be construed with due regard ... for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.").

## ARGUMENT

### I.  THE COURT SHOULD GRANT SUMMARY IN FAVOR WRONA ON PLAINTIFFS' FOURTH CAUSE OF ACTION BECAUSE WRONA HAS NEVER BEEN A REAL ESTATE BROKER.

In the Fourth Cause of Action of the Complaint, Plaintiffs allege that Wrona committed professional malpractice in his capacity as a real estate broker (Complaint, ¶¶ 61-64). Specifically, Plaintiffs allege that "Wrona's principal duty and role as the licensed and registered broker was to ensure that the interests of both parties and the integrity of the transaction were protected. (Complaint, ¶ 62). It is undisputed, however, that Wrona has never been a real estate broker, and is therefore was not subject to a broker's duties. (Statement of Facts ("SOF") ¶ 23). In fact, the Utah Division of Real Estate expressly confirmed that it "has no record of Joseph E.

Wrona ever being licensed in Utah as a real estate agent or broker. There is no record of Mr. Wrona being associated as a broker with Prudential Utah Real Estate." (SOF ¶ 23). Furthermore, a Certified Record from the Utah Division of Real Estate confirms that an individual named Dougan T. Jones acted as the principal broker of Prudential since 2002. (SOF ¶ 23). Fact discovery in this matter is now closed and Plaintiffs have failed to disclose or produce any evidence that Wrona was ever a real estate broker, let alone that Wrona breached any duties. Therefore, because Wrona has never been a real estate broker, it is literally impossible for Wrona to be liable for malpractice as a real estate broker.

Plaintiffs also falsely allege that Wrona is registered as a d/b/a of Prudential. (SOF ¶ 24). However, Wrona has never been registered as a d/b/a of Prudential, nor was Wrona ever an owner of Prudential. (SOF ¶ 24). The Application used to register the "Prudential Utah Real Estate" business name ("the Application") is dated April 6, 2001, and the Application registers that name to Extreme Holding, LLC. (SOF ¶ 24). The Application also specifically identifies Extreme Holdings, LLC CEO, Dougan Jones, as the applicant signatory for the business name. (SOF ¶ 24). The Certificate of Fact issued by the Utah Department of Commerce as well as the March 11, 2009 Letter from Keith Meade, confirm that Prudential was a dba of Extreme Holding, LLC. (SOF ¶ 22). Even the publicly filed Articles of Organization for Extreme Holdings, LLC confirm that Mr. Wrona is not an owner. (SOF ¶ 24). In fact, Mr. Wrona's only involvement with the Prudential d/b/a prior to November of 2008 was an Application to be identified as the registered agent for Prudential. (SOF ¶ 24). Therefore, because Wrona was never a real estate broker for Prudential and has never been an owner or broker of Prudential, Plaintiffs' Fourth Cause of Action should be dismissed with prejudice. (SOF ¶¶ 23-4).

## II.   THE COURT SHOULD GRANT SUMMARY IN FAVOR WRONA ON PLAINTIFFS' SIXTH CAUSE OF ACTION.

### a.   Plaintiffs Sixth Cause of Action Fails to State Claim Upon Which Relief Can Be Granted.

Plaintiffs Sixth Cause of Action in the Complaint should be dismissed with prejudice because Plaintiffs failed to plead the required elements for a legal malpractice cause of action. Utah law recognizes legal malpractice causes of action based in tort, contract, and breach of fiduciary duty. *Christensen & Jensen, P.C. v. Barrett & Daines*, 2008 UT 64, ¶ 21 (Utah 2008). Although Plaintiffs' Complaint does not specify which theory their legal malpractice claim is based upon, Plaintiffs' have hinted that the claim is based in breach of fiduciary duty. In order to sufficiently plead a legal malpractice claim based on a breach of fiduciary duty, Plaintiffs must allege: "(1) an attorney-client relationship; (2) breach of the attorney's fiduciary duty to the client; (3) causation, both actual and proximate; and (4) damages suffered by the client." *Kilpatrick v. Wiley, Rein & Fielding*, 909 P.2d 1283, 1290 (Utah Ct. App. 1996).

Plaintiffs have failed to sufficiently plead elements 2, 3, and 4 of their legal malpractice claim. First, Plaintiffs have failed to allege that Wrona owed Plaintiffs a fiduciary duty or that Wrona breached its fiduciary duty. In fact, the phrase, "fiduciary duty" is not found in Plaintiffs' Sixth Cause of Action. Therefore, the second element has not been satisfied.

Plaintiffs also failed to allege that Wrona actually or proximately caused Plaintiffs' alleged harm. The only substantive allegations that Plaintiffs make is that Wrona "failed to adequately represent Plaintiffs" and that "Wrona made misrepresentations to Plaintiffs." (Complaint, ¶¶ 96-97). But Plaintiffs fail to allege that these actions were the actual or proximate cause of Plaintiffs' alleged damages. The word "cause" does not even appear within Plaintiffs' Sixth Cause of Action. Therefore, the causation element has also not been satisfied.

Finally, Plaintiffs failed to sufficiently plead the fourth element of its legal malpractice claim because they failed to allege damages. Plaintiffs make general and conclusory claims, such as "Wrona's activities as legal counsel constitute legal malpractice and violations of the standards of professional responsibility," but fail to allege that they suffered any damages as a result. The words "damages" or "harm" do not even appear within Plaintiffs' Sixth Cause of Action. Therefore, because Plaintiffs have failed to sufficiently plead the required elements of its legal malpractice claim, it must be dismissed with prejudice.

b. **Plaintiffs Failed to Sufficiently Plead the Sixth Cause of Action Pursuant to Civil Rule 8(a).**

Plaintiffs failed to satisfy the pleading requirements of Civil Rule 8(a). Civil Rule 8(a) provides that:

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(FED. R. CIV. P. 8(a)). The Tenth Circuit Court of Appeals stated that "Rule 8 requires more than a statement that the defendant has violated the statute in question." *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1281 (10th Cir. Kan. 2007).

> A mere allegation that defendants violated the antitrust laws as to a particular plaintiff and commodity[, or that] a defendant made an undescribed contract with the plaintiff and breached it, or that a defendant owns a car and injured plaintiff by driving it negligently is not sufficient to meet the notice pleading requirements.

*Barfield,* 484 F.3d at 1281 (quoting *Klebanow v. New York Produce Exchange,* 344 F.2d 294,

299 (2d Cir. 1965).

In this case, Plaintiffs failed to sufficiently plead their legal malpractice cause of action. Specifically, Plaintiffs fail to allege that Wrona breached its fiduciary duty or committed a specific wrongful act. Instead, Plaintiffs only make the very general and conclusory statements that the *Barfield* Court warns of:

96.    Mr. Wrona failed to adequately represent Plaintiffs

97.    Mr. Wrona made misrepresentations to Plaintiffs of the work he was performing.

98.    Mr. Wrona's involvement as legal counsel was not only a sham, but part and parcel of the fraudulent actions contained in the essence of the claims to be made against the other named defendants.

99.    Mr. Wrona's activities as legal counsel constitute malpractice and violations of the standards of professional responsibility.

(Complaint, ¶¶ 96-99). From these bare allegations, it is impossible for Wrona to have notice of (1) how Wrona allegedly failed to adequately represent Plaintiffs; (2) what misrepresentations Wrona allegedly made to Plaintiffs; (3) how or why Wrona's involvement was allegedly a sham or a fraud; and most importantly, (4) how Wrona's activities allegedly constitute malpractice. As a result, Plaintiffs' Sixth Cause of Action should be dismissed with prejudice because it does not satisfy the pleading requirements of Civil Rule 8(a).

c.    **Wrona Did Not Cause the Plaintiffs Any Harm.**

Besides failing to satisfy the causation element of its legal malpractice claim, Plaintiffs also cannot carry their burden to prove that Wrona was the actual and proximate cause of Plaintiffs' alleged harm. "[I]n order to meet the standard for causation for a breach of fiduciary duty in a legal malpractice action, 'clients must show that if the attorney had adhered to the ordinary standards of professional conduct . . . the client would have benefited.'" *Christensen &*

*Jensen, P.C.*, at ¶ 26 (quoting *Kilpatrick*, 909 P.2d at 1291). Thus, Plaintiffs have the "burden of establishing causation," and must show that but for Wrona's conduct, Plaintiffs "would have benefitted." *Christensen & Jensen, P.C.*, at ¶ 26. In this case, Plaintiffs cannot carry their burden because they have failed to even allege that, but for Wrona's alleged conduct, Plaintiffs would not have suffered harm. In fact, Plaintiffs' Complaint does not contain a single statement alleging that Wrona's alleged breach of its fiduciary duty caused harm to the Plaintiffs.

The only specific allegation of malpractice that Plaintiffs make against Wrona is that Wrona "sought to have Plaintiffs disregard the claims stated [in the draft complaint]." (Complaint, ¶ 94). In other words, Wrona attempted to dissuade Plaintiffs from filing the instant action against the Defendants. This naked allegation is false. Indeed, it is undisputed that Plaintiffs did in fact file the present Action against Prudential and the other defendants. Therefore, because no harm resulted from Wrona's alleged conduct, there can be no causation.

d.  **Summary Judgment in Favor of Wrona is Appropriate Because Plaintiffs Failed to Obtain an Expert Witness.**

Plaintiffs' Sixth Cause of Action should be dismissed because Plaintiffs cannot prove their malpractice claim without expert testimony. Expert testimony is "generally required" in a legal malpractice action. *Rogers v. Mitchell*, 2003 UT App 45, *1 (Utah Ct. App. 2003) (unpublished). "Expert testimony is required 'where the average person has little understanding of the duties owed by particular trades or professions,' as in cases involving medical doctors, architects, and engineers." *Preston & Chambers v. Koller*, 943 P.2d 260, 263 (Utah Ct. App. 1997). Expert testimony is used "to establish both the standard of care required in the legal profession and any breach . . . of that standard. *Id.* at 264 (emphasis supplied).

In this case, Plaintiffs must have an expert to provide evidence of the standard of care owed by Wrona. *See Christensen & Jensen, P.C.*, at ¶ 26 (quoting *Kilpatrick*, 909 P.2d at 1291) ("clients must show that if the attorney had adhered to the ordinary standards of professional conduct . . . the client would have benefited").   But Plaintiffs cannot provide any expert testimony because they failed to disclose any expert prior to the Court-imposed expert disclosure deadline of October 1, 2010. (*See* Scheduling Order, (Exhibit L)).   Because Plaintiffs do not have any expert that can testify regarding Wrona's fiduciary standard and duty or whether that standard was breached, it is impossible for Plaintiffs to prove the "breach" and "causation" elements of their legal malpractice claim.

**e.   <u>Wrona Complied With the Utah Rules of Professional Conduct.</u>**

Plaintiffs' allegation that "Wrona's activities as legal counsel constitute . . . violations of the standards of professional responsibility" are immaterial and irrelevant because violations of the Utah Rules of Professional Conduct do not "give rise to a cause of action for legal malpractice" and "are not a basis for civil liability. *Kilpatrick*, 909 P.2d at 1291, n. 3.   As a result, Plaintiffs allegations that Wrona violated the Utah Rules of Professional Conduct are insufficient to state a claim for legal malpractice and should not be considered by the Court. Therefore, Plaintiffs' Sixth Cause of Action should be dismissed.

In any event, Wrona complied with Rules 1.7 or 1.9 the Utah Rules of Professional Conduct which deal with concurrent conflicts of interest and a lawyer's duties to former clients. Plaintiffs allege that "Wrona knew, or should have known, that even with consent and disclosure, [] Wrona could not ethically nor legally represent Plaintiffs, but agreed to do so anyway." (Complaint, ¶ 95). Thus, Plaintiffs argue that Wrona was somehow prohibited from representing the Plaintiffs in connection with the Silver Star Project because Wrona formerly represented

Prudential. Rule 1.9(a) of the Utah Rules of Professional Conduct states that:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client <u>unless the former client gives informed consent, confirmed in writing</u>.

(UTAH R. PROF'L CON. 1.9(a) (emphasis supplied)).

Wrona never represented Prudential in the "matter" that is before the Court, i.e., the sale of Silver Star units to the Plaintiffs. (SOF ¶ 5).  Nor do Plaintiffs allege that Wrona ever represented Prudential in the sales of the Silver Star units to the Plaintiffs.  Therefore, because the subject matters of Wrona's representation of Prudential and Plaintiffs are not the same, Wrona complied with Rule 1.9(a).

Rule 1.7, which deals with concurrent conflicts of interest, states,

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (a)(1) The representation of one client will be directly adverse to another client; or
>
> (a)(2) There is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(UTAH R. PROF'L CON. 1.7(a)).  First, Rule 1.7 is inapplicable to this case because Wrona never concurrently represented both Prudential and Plaintiffs. (SOF, ¶ 25). Second, even if Rule 1.7 was applicable, it is undisputed that Plaintiffs gave their informed written consent to any potential conflict of interest between Plaintiffs and Prudential as set forth in Rule 1.7(b).  In fact, Wrona  specifically disclosed to the Plaintiffs that Wrona formerly represented Prudential during Wrona's telephone conversations with the Plaintiffs and in the Representation Agreement signed by the Plaintiffs. (SOF ¶¶ 5-8).  The Representation Agreement states:

> I spoke with Cheryl via telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below

(SOF ¶ 10). Thus, Wrona properly and clearly disclosed its prior representation of Prudential and obtained Plaintiffs' informed written consent to the representation. As a result, Wrona complied with Rule 1.7.

## **CONCLUSION**

Plaintiffs' Fourth Cause of Action must be dismissed because Wrona has never been a real estate broker. Plaintiffs' Sixth Cause of Action must be dismissed because Plaintiffs failed to sufficiently plead the required elements of their legal malpractice claim. Specifically, Plaintiffs fail to allege the "causation" and "damages" elements. Plaintiffs' legal malpractice is so vague that it fails to comply with the pleading requirements of Civil Rule 8(a). Plaintiffs have also failed to disclose any expert witness, which the Plaintiffs must have in order prove their legal malpractice claim. Finally, Wrona fully complied with the Utah Rules of Professional Conduct and Plaintiffs' allegations to the contrary are immaterial and irrelevant because violations of the Utah Rules of Professional Conduct do not give rise to a claim for legal malpractice. Therefore, the Court should GRANT Wrona's Motion for Summary Judgment and dismiss Plaintiffs Fourth and Sixth Causes of Action with prejudice.

DATED this 15th day of February, 2011.

WRONA FIRM, P.C.

/s/ Timothy R. Pack

_____

Timothy R. Pack

# Exhibit A

**WRONA LAW FIRM, P.C.**
Joseph E. Wrona (#8746)
Timothy R. Pack (#12193)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone:  (435) 649-2525
Facsimile:  (435) 649-5959
Attorneys for Defendants Joseph Wrona and
Wrona Law Offices.

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO; CHERYL DE MARCO; GEORGE DE MARCO; JEFFREY OTT; NANCY OTT; SLOPESIDE PROPERTIES; LLC and JOHN/JANE DOES 26-50,<br><br>          Plaintiffs,<br><br>vs.<br><br>MICAHEL LAPAY, HEATHER PETERSON, CARRIE SHOAF, DUSTY ORRELL, KEELIE WEST, DICK STONER, as individuals and/or as agents for Prudential Utah Real Estate; PRUDENTIAL UTAH REAL ESTATE; PALADIN DEVELOPMENT PARTNERS, LLC, a Utah limited liability company; MICHAEL LAPAY, RORY MURPHY, GEORGE BRYANT, and CHRISTOPHER CONABEE, as individuals and/or as agents and/or as managers of Paladin Development Partners, LLC; ORCO CONTRACTING, LLC; WILLIAM R. OKLAND; BRETT J. OKLAND; PREMIER RESORTS aka DEER VALLEY LODGING, JOE WRONA individually and WRONA LAW OFFICES, PC and JOHN/JANE DOES 1-25,<br><br>          Defendants. | **AFFIDAVIT OF JOSEPH E. WRONA IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. 2:09cv00190<br><br>Judge: Ted Stewart |

STATE OF UTAH         )
                              :ss

COUNTY OF SUMMIT    )

Joseph E. Wrona, being first duly sworn on his oath deposes and says:

1.     I am over the age of 18, and competent to testify and have personal knowledge regarding the matter stated in this affidavit.

2.     I am the owner and manager of Wrona Law Firm ("Wrona Law"), a law firm of 12 attorneys with offices in Park City, Draper and Heber, Utah.

3.     The Plaintiffs are a group of speculative investors who entered into a series of contracts to purchase units in the Silver Star Project located in Park City, Utah.

4.     When the Plaintiffs entered into their various contracts, the Park City real estate market was rapidly increasing in value.

5.     When the Park City real estate market began plummeting in mid-2008, Plaintiff Cheryl De Marco ("C. De Marco") contacted me and asked me to represent the Plaintiffs in an effort to escape from some of Plaintiffs' contractual liabilities.

6.     During that telephone call, I informed C. De Marco that I previously provided legal services to Prudential Utah Real Estate ("Prudential").

7.     I also informed C. De Marco that despite the fact that I never performed any legal services for Prudential regarding Silver Star Project sales to Plaintiffs, I was nonetheless uncomfortable representing C. De Marco if C. De Marco intended to assert any claims against Prudential.

8.     C. De Marco responded to me during that telephone call by confirming that the Plaintiffs wanted to retain my services to negotiate a resolution with Paladin Development Partners, LLC ("Paladin"), and that the Plaintiffs did not want to assert claims against Prudential.

9.      During the same telephone call, I emphasized to C. De Marco that the cost of litigating construction defect claims would be extremely expensive and for that reason it was my opinion that it would be far more cost effective to negotiate a compromise with Paladin.

10.     Plaintiff Jeffrey Ott then telephoned me the next day, and an identical discussion ensued between myself and Jeffrey Ott.

11.     C. De Marco and Jeffrey Ott then caucused and agreed with my recommendation, and on September 29, 2008, the Plaintiffs executed a Representation Agreement with Wrona Law that explicitly stated that Wrona Law disclosed its prior relationship with Prudential, and that Wrona Law had no interest in representing the Plaintiffs in a manner that was adverse to Prudential.

12.     The Representation Agreement signed by Plaintiffs states in the opening paragraph:

> You have asked Wrona Law Offices, P.C. to represent you in a dispute with the developers of the Silver Star Project in Park City, Utah. I spoke with Cheryl via telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below:

13.     At the direct request of the Plaintiffs, I then began negotiating with Paladin to resolve Plaintiffs' dispute, and I obtained a proposed solution from Paladin that I then extended to the Plaintiffs for consideration.

14.     The Plaintiffs, however, rejected Paladin's proposed solution and all subsequent modifications to that proposed solution, and at the same time the Plaintiffs began ignoring their payment obligations to Wrona Law.

15.     On December 21, 2008, I informed the Plaintiffs that I needed to withdraw as their legal counsel.

16.     On January 7, 2009, the Plaintiffs consented to my withdrawal.

17.     I reminded the Plaintiffs that they owed Wrona Law $4,073.33 in legal fees, and I even offered to accept $2,817.50 as payment in full.

18.     The Plaintiffs responded in writing to my offer by stating, "OK" in a reply email, and I thereafter issued an invoice for the reduced amount of $2,817.50 in a good faith effort to get the matter resolved.

19.     Despite having agreed to pay Wrona Law the reduced amount of $2,817.50, the Plaintiffs then attempted to shave an additional $1,000.00 by issuing payment to Wrona Law in the amount of $1,817.50, and thereafter refusing to pay Wrona Law the remaining $1,000.00 due.

20.     I thereafter attempted to work with the Plaintiffs to fulfill their payment obligation, and pay the agreed upon amount.

21.     When Plaintiffs refused to pay, Wrona Law filed a collection action on February 2, 2009, to recover the full amount owed by the Plaintiffs.

22.     Wrona Law eventually obtained a judgment against the Plaintiffs.

23.     Rather than defend the small claims action Wrona Law filed, Plaintiffs retaliated against Wrona Law by filing this Action that falsely accuses me of:

   a.  Being a licensed and registered real estate broker (Complaint, ¶¶ 3, 62, 90, 100).

   b.  Being the principal broker for Prudential. (Complaint, ¶¶ 3, 62, 90, 100).

   c.  Being the owner of Prudential. (Complaint, ¶ 21).

4

    d.  Committing legal malpractice in my capacity as an attorney for the Plaintiffs because I had formerly represented Prudential. (Complaint, ¶¶ 90-101).

24.   In response to these allegations, and before filing an answer in this action, I notified Plaintiffs' counsel  that I was not a real estate agent or broker, was not a real estate broker for Prudential, was never any employee or shareholder in Prudential, and was not doing business as Prudential.

25.   I have never been a real estate broker, nor have I ever been the principal broker for Prudential.

26.   I have never been registered to do business as Prudential, nor have I ever had an ownership interest in Prudential.

27.   I never concurrently represented both Prudential and Plaintiffs.

FURTHER AFFIANT SAYETH NOT.


                                       _____

                                       Joseph E. Wrona


SUBSCRIBED AND SWORN to before me this ____ day February, 2011.



                                     _____

                                     NOTARY PUBLIC

# Exhibit B



# WRONA LAW OFFICES
ATTORNEYS AT LAW

September 25, 2008

VIA ELECTRONIC MAIL: jott@biljax.com

Jeff and Nancy Ott
Jim and Cheryl Demarco

RE:   *Legal Representation for Silver Star Dispute*

Ladies and Gentlemen:

You have asked Wrona Law Offices, P.C. to represent you in a dispute with the developers of the Silver Start project in Park City, Utah. I spoke with Cheryl via telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate, and that I am precluded from representing you in litigation against Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below:

Fees and Costs. I will be principally responsible for this matter. My rate for such work is $350.00 per hour. Other partners and associates may assist in this matter. Their billing rates for such work range between $175.00 and $350.00 per hour, and our paralegal billing rate for such work is $75.00 to $100.00 per hour. Although rates are subject to change, you will be notified in writing of any such changes. Please note that in addition to our hourly rates you may also be charged for the firm's out of pocket costs incurred (for example, filing documents, photocopying expenses, long distance phone charges).

Billing and Payment. You will be billed monthly and receive a monthly statement for all services rendered and costs incurred during the previous month. Payment is due upon receipt. We reserve the right to charge interest at the rate of eighteen percent (18%) per annum on your account in the event it is not timely paid. Non-payment may also be a basis for terminating our future services. In the event that you do not pay your bill, you will be liable for collection costs, including attorney fees.

Jeff & Nancy Ott
Jim & Cheryl Demarco
*Representation Agreement*
September 25, 2008
Page 2 of 3

Right to Lien. You hereby grant the firm the right to record and foreclose upon a lien against any real property owned by you or any entity in which you have an ownership interest in the amount of any costs and/or fees owed by you to our firm that remain unpaid thirty (30) days after receipt of our invoice.

Waiver and Estoppel Regarding Payment and Services. You acknowledge that this firm is providing legal service to you in reliance on your agreement to pay each monthly invoice in the same month it is issued. You also acknowledge that it is the policy of this firm to stop work when invoices are not paid in full in the same month in which the invoice is generated. You agree that should you have any questions, comments, or objections to any information or calculation of an amount due that is set forth in a particular invoice, you will contact this law firm in writing within ten days of the date the invoice is issued to discuss your question and/or objection. If you fail to contact the firm in writing within this ten day time frame, you acknowledge and agree that you will have deemed the information contained in the invoice as accurate and reasonable and you will at that point waive any right you may possess to challenge the accuracy or reasonableness of that invoice in the future. In the event that the firm continues to perform work for you after the expiration of the ten day notice period, you acknowledge and agree that the firm is performing that work in reliance on your acceptance of the invoice as accurate and reasonable, and you acknowledge and agree you will thereafter be estopped from disputing the information and/or amount due for that invoice. You acknowledge and agree that should you fail to receive an invoice from this firm in a given month, it is your responsibility to contact the firm and request an invoice, and that any failure by you to request an invoice will not excuse you from being bound by the terms of this paragraph.

Retainer: We have agreed that you will provide a retainer in the amount of $5,000.00 to serve as an initial retainer in this matter. Your retainer will be used to pay for fees as they accrue and you will need to replenish the retainer as it becomes necessary. At the conclusion of the matter, the retainer will be applied to any balance owed and any remaining retainer amount will be returned to you.

Results not Guaranteed. This letter confirms that this firm cannot and does not guarantee any particular result to this matter.

Discharge or Withdrawal. The firm reserves the right to withdraw from this matter and discontinue representing you for the following reasons: (1) there is insufficient law in support of your position; (2) you fail to cooperate or timely pay the fees and costs; or (3) any other grounds provided by law. You also have the right to discharge the firm for any reason upon giving us reasonable notice and upon execution of any Substitution of Attorney as may be required. In the event that you terminate our representation, you agree to immediately pay all fees incurred up to the point of termination and that payment is due at the time files are released by our firm. Upon discharge or withdrawal, you agree to pay all earned fees, costs and expenses.

Entire Agreement. This agreement contains the entire agreement of the parties. No other agreement, statement or promise made will be binding on the parties.

Jeff & Nancy Ott
Jim & Cheryl Demarco
*Representation Agreement*
September 25, 2008
Page 3 of 3

Severability in Event of Partial Invalidity. If any provision of this agreement is held in whole or in part to be unenforceable for any reason, then that provision or portion thereof shall be severed and the remainder of the entire agreement and the remainder of that provision shall remain in effect.

Modification by Subsequent Agreement. This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them or an oral agreement to the extent that the parties carry it out.

If these terms meet with your approval, please sign this letter where indicated and return it to our offices as soon as possible along with a check for your retainer. I appreciate the opportunity to be of service.

Very truly yours,

Joseph E. Wrona

Jeff Ott
Date: 9/29/08

Nancy Ott
Date:

Jim Demarco
Date:

Cheryl Demarco
Date: 9/29/08

1816 Prospector Avenue, Suite 100 ♦ Park City, UT 84060 ♦ Phone 435.649.2525 ♦ Fax 435.649.5959 ♦ www.wasatchlaw.com

# Exhibit C

 

# Third District Court, State of Utah
## Summit County, Silver Summit Department
6300 N. Silver Creek Drive, Park City, Utah 84098

Wrona, Law Office P.C.
Name of Plaintiff(s)

Agent & Title
1465 Sidewinder Dr.
Street Address
Park City UT 64406
City, State, ZIP                    Daytime Phone

**SMALL CLAIMS
JUDGMENT**

Cherly Demarco / Jeffrey OTT
Name of Defendant(s)
20361 Kelvingrove Ln Huntington Beach CA 92646    Case No. 095500044
Social Security Number
532 Laguna Point
Street Address
Holland OH 48528
City, State, ZIP                    Daytime Phone

DATE OF TRIAL: April 15, 2009

PARTIES APPEARING:    [✓] Plaintiff    [ ] Defendant

THE COURT ORDERS JUDGMENT AS FOLLOWS:

[✓] FOR PLAINTIFF        [ ] FOR DEFENDANT ON COUNTER AFFIDAVIT

$ 2126.41    Principal

$ 1100.00    Court Costs

$ 322 6.41   Total Judgment, with interest at the current state post-judgment rate, until paid.


[ ] FOR DEFENDANT        [ ] FOR PLAINTIFF ON COUNTER AFFIDAVIT

[ ] No Cause of Action

[ ] Dismissal With Prejudice (claim may not be refiled)

[ ] Dismissal Without Prejudice (claim may be refiled)

**This judgment is effective for 8 years.**

Dated April 15 , 20 09

_____
JUDGE

### NOTICE OF JUDGMENT
*(ORIGINAL TO BE FILED WITH COURT)*

On this date I certify that I  [✓] mailed  [✓] delivered a copy of this judgment to    [✓] Plaintiff  [✓] Defendant

Dated April 15 , 20 09

_____
Signature of Person Giving Notice of Judgment

**READ INSTRUCTIONS ON BACK OF THIS FORM**

# Exhibit D



**WRONA LAW OFFICES**
ATTORNEYS AT LAW

March 30, 2009

Thomas J. Klc
Attorney at Law
4725 South Holladay Blvd., #110
Salt Lake City, Utah 84117-5402

*Re:*   *James De Marco, et al. v. Michael LaPay, et al.*
        *Case No.:* 2:09cv00190

Dear Mr. Klc:

You have filed a civil action naming me and my law firm as defendants in case no. 2:09cv00190. I have already spoken to you on the telephone and informed you that contrary to the blatantly false allegations in your Complaint:

1.   I have never acted as a real estate agent and have never held a real estate agent's license;
2.   I have never acted as a real estate broker and have never held a real estate broker's license; and
3.   I have never been an owner, partner, shareholder, member, officer or employee of Prudential Utah Real Estate.

During my telephone call to you, I also informed you that:

1.   Prudential Utah Real Estate is a dba of Extreme Holding, LLC;
2.   The principal broker of Prudential Utah Real Estate for the past six years has been Dougan Jones; and
3.   The registered agent for Prudential Utah Real Estate and of Extreme Holding, LLC is attorney Keith W. Meade.

Enclosed is a certificate of fact issued by the Utah Department of Commerce confirming that Prudential Utah Real Estate is a dba registered by Extreme Holding, LLC on April 6, 2001, and that Keith W. Meade is the registered agent for Prudential Utah Real Estate. Also enclosed is a letter issued by Keith W. Meade to you which separately confirms that I am not a principal of Prudential Utah Real Estate, and a certified record from the Utah Division of Real Estate confirming that Dougan T. Jones has been the principal broker of Prudential Utah Real Estate since 2002.

Thomas J. Klc
March 26, 2009 Letter
Page 2

Federal Civil Rule 11 requires you to conduct an investigation into the actual allegations set forth in any pleading that you sign. Civil Rule 11 also requires that you correct any misrepresentations of fact once you become aware of an inaccuracy in a pleading. If you persist in asserting wrongful claims against me or my law firm in this matter, I will file a motion for Rule 11 sanctions in conjunction with a motion to dismiss me and my firm from this action. I will also file a grievance with the Utah Bar Association, and I will file suit against you and your clients for abuse of process.

By this letter, I am demanding that you immediately amend your complaint and remove me and my firm as named defendants. Please do not force me to take any additional action.

Sincerely,

Joseph E. Wrona

Encl.

# Exhibit E



**State of Utah**
**Department of Commerce**
Division of Real Estate

GARY R HERBERT
Governor

FRANCINE GIANI
Executive Director

DEANNA D SABEY
Real Estate Division Director

November 24, 2010

To Whom It May Concern:

The Division of Real Estate has no record of Joseph E. Wrona ever being licensed in Utah as a real estate agent or broker. There is no record of Mr. Wrona being associated as a broker with Prudential Utah Real Estate.

If you need more information please contact me.

Sincerely,

*Mark Fagergren*

 Mark Fagergren
Licensing/Education Director
MF:tw



# Exhibit F

CERTIFIED COPY





State of Utah
Department of Commerce
Division of Real Estate

JON HUNTSMAN, JR.
Governor

FRANCINE GIANI
Executive Director

MARK B. STEINAGEL
Real Estate Division Director

March 19, 2009

## CERTIFICATION OF DOCUMENTS

I hereby certify that the attached documents are copies of official Utah Division of Real Estate documents.

Division of Real Estate

Julie Price
Office Specialist

State of Utah        )
                     ) ss.
County of Salt Lake  )

On this _19_ day of _March_, 2009, I certify that the preceding or attached document, is a true, exact, complete and unaltered photocopy made by me of the mortgage statistics documents, presented to me by the document's custodian, Julie Price.

Renda Christensen
Notary Public



NOTARY PUBLIC
RENDA CHRISTENSEN
160 East 300 South, 2nd Floor
Salt Lake City, UT 84111
COMMISSION EXPIRES
February 14, 2011
STATE OF UTAH

160 East 300 South, PO Box 146711, Salt Lake City, UT 84114-6711
Telephone (801) 530-6747 • Facsimile (801) 530-6749 • Internet: www.realestate.utah.gov

# Exhibit G



**Utah Department of Commerce**
Division of Corporations & Commercial Code
160 East 300 South, 2nd Floor, S.M. Box 146705
Salt Lake City, UT 84114-6705
Phone: (801) 530-4849
Toll Free: (877) 526-3994 Utah Residents
Fax: (801) 530-6438
Web Site: http://www.commerce.utah.gov

March 19, 2009

Registration Number: 4902115-0151
Business Name:       PRUDENTIAL UTAH REAL ESTATE
Registered Date:     APRIL 06, 2001

# CERTIFICATE OF FACT

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL CODE ("DIVISION") HEREBY
CERTIFIES THAT THE FOLLOWING ARE PRINCIPALS CURRENTLY ON FILE WITH THE ABOVE
NAMED BUSINESS, HAVING MET ALL REQUIREMENTS FOR REGISTRATION IN THE STATE OF
UTAH.

KEITH W MEADE-REGISTERED AGENT
EXTREME HOLDING, L.L.C.-APPLICANT
NO ADDITIONAL PRINCIPALS LISTED



Kathy Berg
Division Director of
Corporations and Commercial Code

| Dept. of Professional Licensing | Real Estate | Public Utilities | Securities | Consumer Protection |
|---|---|---|---|---|
| (801)530-6628 | (801)530-6747 | (801)530-6651 | (801)530-6600 | (801)530-6601 |

# Exhibit H

# COHNE
# RAPPAPORT
# & SEGAL

*A PROFESSIONAL CORPORATION*
ATTORNEYS AT LAW

257 EAST 200 SOUTH, Suite 700
SALT LAKE CITY, UTAH 84111
(801) 532-2666
(801) 355-1813 FAX

*Mailing Address*
POST OFFICE BOX 11008
SALT LAKE CITY, UTAH
84147-0008

*Richard A. Rappaport*
*Roger G. Segal*
*Jeffrey L. Silvestrini*
*David S. Dolowitz*
*Vernon L. Hopkinson*
*Keith W. Meade*
*Ray M. Beck*
*A.O. Headman, Jr.*
*Julie A. Bryan*
*Jeffrey R. Oritt*

*Daniel J. Torkelson*
*Leslie Van Frank*
*Larry R. Kellar*
*Dank C. Sarandos*
*Edward T. Vasquez*
*Joshua K. Peterman*
*Kevin A. Turney*
*Bradley M. Strassberg*
*Pate B. Sarandos*
*Matthew G. Nielsen*

March 11, 2009

Thomas J. Klc.
4725 South Holladay Blvd., Suite 110
Salt Lake City, UT 84117

Dear Mr. Klc:

I am the registered agent for Prudential Utah Real Estate. I am authorized to accept service on behalf of Prudential Utah Real Estate and the individual agents of the company that you have identified in the Complaint in the matter entitled James DeMarco v. Michael LaPay, et al., Case No. 2:09cv00190. If you want to send me an acceptance of service, we will cooperate with you.

Joseph E. Wrona is not the registered agent for Prudential Utah Real Estate. Neither is he "doing business as Prudential Utah Real Estate".

I am not aware that any of the agents of Prudential or the company itself have been served with the Summons or Complaint in this matter. It is my intention to file a written response if service is effected.

Very truly yours,

COHNE, RAPPAPORT & SEGAL, P.C.

Keith W. Meade

# Exhibit I

4 902115

**State of Utah**
DEPARTMENT OF COMMERCE
Division of Corporations and Commercial Code

**FILED**
APR 0 6 2001
Utah Div. Of Corp. & Comm. Code

| Check Here If: | Non-Refundable Fee |
|---|---|
| [ ] New Name | $20.00 |
| [ ] Applicant/Owner Change | N/A |
| [ ] Expedited Fee | $75.00 |

ALP

## Business Name Registration / DBA Application

The filing of this application and its approval by the Division of Corporations and Commercial Code does not authorize the use in the State of Utah of an assumed name in violation of the rights of another under federal, state, or common law (U.C.A. Section 42-2-5 Et seq.). You may file this paperwork in person or mail or fax to the Division of Corporations. Please file in duplicate. If mailing, please include one (1) self addressed envelope with application. If you are faxing you must include, on a cover sheet, the number of a VISA/MasterCard with the date of expiration. Other means of payment are check or cash. If hand written, must be legible.

● When approved, your business name is registered for 3 years (U.C.A. 42-2-8) ●

*Do not use this form for changes other than Applicant/Owner change*
*Do not use this form if this business will need a new state tax registration*
*If you want a new name, (adding or changing the existing name) a new DBA filing is required.*

**BUSINESS INFORMATION**
1. Requested Business Name: __Prudential Utah Real Estate__
2. Purpose of the Business: __Real Estate Brokerage__
3. Business address: __6975 So. Union Park, Midvale__   __UT__   __84147__
   Street address          City          State   Zip

4. **REGISTERED AGENT** (*Required Information*):

4a. __Keith W. Meade__   4b. _____   4c. __(801) 532-2666__
    Print the Registered Agent Name   Signature of Accepting Agent   Daytime Phone Number

4d. __525 East 100 So., #500__   __Salt Lake City__   __UTAH__   __84102__
    Street Address ONLY          City          Zip

| INFORMATION ABOUT YOU, THE APPLICANT / OWNER: |
|---|
| I. If the applicant/owner is a business, the business entity must be in good standing and incorporated, or be registered or qualified in the state of Utah. |
| II. When changing applicant(s) / owner(s) a letter of transfer must be attached. |

5. **APPLICANT/OWNER INFORMATION:**

   Is the applicant/owner a registered business in the state of Utah? [x] Yes   [ ] No

   [ ] Check this box if the name of the registered agent listed above is also the applicant/owner. If box is not checked please complete 5a through 6b.   # 4882381

5a. __Extreme Holding, L.L.C.__   5b. __Dougan Jones, CEO__ by Keith Meade
    Print Person or Business Name   Signature and Title of Applicant/Owner

5c. __6975 So. Union Park, #610__   __Midvale__   __UT__   __84147__
    Address          City          State   Zip

6. 6a. _____   6b. _____
       Print Person or Business Name   Signature and Title of Applicant/Owner

   6c. _____   _____   _____   _____
       Address          City          State   Zip

IF NEEDED, YOU MAY USE AN ATTACHED SHEET FOR ADDITIONAL APPLICANTS.

| Mail In: 160 East 300 South, 2nd Fl, Box 146705 |
| Salt Lake City, UT 84114-6705 |
| Walk In: 160 East 300 South, Main Floor |
| Corporation's Information Center: (801)530-4849 |
| Toll Free: (877)526-3994 (Utah Residents) |
| Fax: (801)530-6111 |
| Web Site: http://www.commerce.state.ut.us |

Date: 04/06/2001
Receipt Number: 285048
Amount Paid: $20.00

301

common\forms\DBAs\DBAFORM
Revised 01-05-01 mm

04-06-01P04:01 RCVD

TAF

# Exhibit J



**State of Utah**
**DEPARTMENT OF COMMERCE**
Division of Corporations & Commercial Code
Doing Business As (DBA) Registration Information Change Form

(AB)

Non-Refundable Processing Fee: $12.00

Entity File Number: 4902115-0151

Entity Name: Extreme Holding, LLC dba Prudential Utah Real Estate

For each Yes button that you mark the question will appear below for you to fill out.

1). Do you want to Change the Business Purpose?  ○ Yes  ● No

2). Do you want to Change the Registered Agent or the Address of the Registered Agent?  ● Yes  ○ No

3). Do you want to Change the Principal Address of the Business Entity?  ○ Yes  ● No

4). Do you want to Add individuals to the Business Entity?  ○ Yes  ● No

5). Do you want to Remove individuals from the Business Entity?  ○ Yes  ● No

6). Do you want to Change the Address of the Business Entity's Principal(s)?  ○ Yes  ● No

Under GRAMA (63-2-201), all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

Under penalties of perjury and as an authorized authority, I declare that this statement of change(s), has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

Name/Title: Dougan Jones, CEO/Principal Broker  Signature: _____  Date: Dec 9 06

2). If Yes, who is the new Registered Agent, or the new Address of the Registered Agent?

Name: Joseph E. Wrona  Signature of Authorizing Party: _____

Address: 1816 Prospector Avenue, Suite 100  City Park City  State UT  Zip 84060

12-13-06P03:41 RCVD

ailing/Faxing Information:   www.corporations.utah.gov/contactus.html   Division's Website:   www.corporations.utah.gov

Date:          12/13/2006
Receipt Number: 1975645
Amount Paid:   $12.00



# Exhibit K

FILED

FEB 2 8 2001

Utah Div. Of Corp. & Comm. Code

# ARTICLES OF ORGANIZATION     04882381
## FOR
### Extreme Holding, L.L.C.

Pursuant to Utah Code Annotated §48-2b-101 *et seq.* (1953, as amended to date), the undersigned state as follows:

## ARTICLE 1

### NAME OF COMPANY

The name of the Company shall be Extreme Holding, L.L.C.

## ARTICLE 2

### DURATION OF THE COMPANY

The duration of the company shall be for forty (40) years or until such time as the assets of the Company are all sold and liabilities associated therewith resolved, or the Company is otherwise dissolved by agreement, whichever occurs first.

## ARTICLE 3

### PURPOSE OF THE COMPANY

This Limited Liability Company is organized for the purpose of providing real estate related services, and for any other lawful purpose reasonably related thereto.

## ARTICLE 4

### REGISTERED OFFICE AND AGENT

4.1 **Registered Office.** The address of the initial registered office of the Company is c/o Cohne, Rappaport and Segal, P.C., 525 East 100 South, Salt Lake City, Utah 84102.

4.2 **Registered Agent.** The name of the initial registered agent of the Company is Keith W. Meade, Attorney at Law, 525 East 100 South, Suite 500, Salt Lake City, UT 84102.

Date:. 02/28/2001
Receipt Number: 258566
Amount Paid: $50.00

02-28-01A11:29 RCVD



4.3    **Alternate Agent.**  The director of the Division of Corporations and Commercial Code is appointed as the alternate agent of the Limited Liability Company for service of process if no agent has been appointed or, if appointed, the agent's authority has been revoked or if the agent cannot be found or served with the exercise of reasonable diligence.

## ARTICLE 5

### BUSINESS OFFICE

5.1    **Principal Address.**  The business address of the Company shall be at 6975 South Union Park Center, Ste. 620, Midvale, Utah  84047.

5.2    **Management.**  The Company shall be Member managed.

5.3    **Members.**  The name and address of the initial Members of the Company are:

| | |
|---|---|
| Joel Carson | 6975 South Union Park Center, Ste. 620<br>Midvale, Utah  84047 |
| Dougan Jones | 900 West Bitner Rd., M37<br>Park City, Utah  84098 |
| The Prudential Real Estate Financial Services of America, Inc. | 3333 Michelson Drive, Ste. 1000<br>Irvine, California  92612 |

DATED this _27_ day of February, 2000.

Joel Carson, member

Dougan Jones, member

The undersigned hereby accepts appointment as Registered Agent for the above-named Limited Liability Company.

Keith W. Meade

F:\Keith\IMP\RGRPH

- 2 -

# Exhibit L

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO, et al.,<br><br>     Plaintiff,<br><br>v.<br><br>MICHAEL LAPAY, et al.,<br><br>     Defendant. | **SCHEDULING ORDER AND ORDER VACATING HEARING**<br><br>Case No. 2:09-CV-190 TS<br><br>District Judge Stewart |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[1] received the Attorneys' Planning Report filed by counsel (docket #38). The following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for 3/18/2010, at 10:30 A.M. is VACATED.

### **ALL TIMES 4:30 PM UNLESS INDICATED**

| | | | DATE |
|---|---|---|---|
| 1. | | **PRELIMINARY MATTERS** | |
| | | Nature of claims and any affirmative defenses: | |
| | a. | Was Rule 26(f)(1) Conference held? | 02/26/10 |
| | b. | Has Attorney Planning Meeting Form been submitted? | 03/08/10 |
| | c. | Was 26(a)(1) initial disclosure completed? | 04/01/10 |
| 2. | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | *10* |
| | b. | Maximum Number of Depositions by Defendant(s) | *10* |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | *7* |
| | d. | Maximum Interrogatories by any Party to any Party | *25* |
| | e. | Maximum requests for admissions by any Party to any Party | *No limit* |
| | f. | Maximum requests for production by any Party to any | *No limit* |

Party

g.  Discovery of electronically stored information should be handled as follows:

Electronically stored information will be subject to the same parameters of discovery as

documents and will be produced in lieu thereof if such would generate a cost savings to

the parties.

h.  Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows:  Absent specific identification of any item as attorney work product at the time of production, no claim of privilege or protection as trial preparation material may be asserted after production.

| | | |
|---|---|---|
| **3.** | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[2] | **DATE** |
| a. | Last Day to File Motion to Amend Pleadings | _5/1/2010_ |
| b. | Last Day to File  Motion to Add Parties | 5/1/2010 |
| **4.** | **RULE 26(a)(2) REPORTS FROM EXPERTS**[3] | **DATE** |
| a. | Plaintiff | _10/1/2010_ |
| b. | Defendant | 11/1/2010 |
| c. | Counter reports | _12/1/2010_ |
| **5.** | **OTHER DEADLINES** | **DATE** |
| a. | Discovery to be completed by: | |
| | Fact discovery | _09/30/2010_ |
| | Expert discovery | _01/30/2011_ |
| b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | _00/00/00_ |
| c. | Deadline for filing dispositive or potentially dispositive motions | _02/15/11_ |
| **6.** | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | **DATE** |
| a. | Referral to Court-Annexed Mediation: | _Yes_  immediately |
| b. | Referral to Court-Annexed Arbitration | _No_ |
| c. | Evaluate case for Settlement/ADR on | _09/30/10_ |
| d. | Settlement probability: | _Good_ |

| | | | TIME | DATE |
|---|---|---|---|---|
| 7. | | **TRIAL AND PREPARATION FOR TRIAL** | | |
| | a. | Rule 26(a)(3) Pretrial Disclosures[4] | | |
| | | Plaintiff | | *05/20/11* |
| | | Defendant | | *006/03/11* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | *00/00/00* |
| | c. | Special Attorney Conference[5] on or before | | *06/17/11* |
| | d. | Settlement Conference[6] on or before | | *06/17/11* |
| | e. | Final Pretrial Conference | 2:30 p.m. | *07/05/11* |

| | f. | Trial | **Length** | | |
|---|---|---|---|---|---|
| | | i. Bench Trial | *Four days* | 8:30 a.m. | *07/18/11* |
| | | ii. Jury Trial | *# days* | ___:__ _.m. | *00/00/00* |

8.    **OTHER MATTERS**

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

March 10, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[1] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5). The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[2] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[3] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[4] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[5] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[6] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.