IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES DEMARCO, et al.,<br>Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, et al.,<br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS JOE WRONA AND WRONA OFFICES, P.C.'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:09-CV-190 TS |

Before the Court is Defendant Joe Wrona and Wrona Offices, P.C.'s (collectively, "Wrona") Motion for Summary Judgment on Plaintiff's Fourth and Sixth Causes of Action.[1] Wrona contends that it is entitled to summary judgment on Plaintiff's Fourth Cause of Action for real estate broker malpractice because Wrona has never been a real estate broker. Wrona further contends that it is entitled to summary judgment on Plaintiff's Sixth Cause of Action for legal malpractice because Plaintiffs cannot demonstrate that Wrona was the actual and proximate cause of Plaintiff's alleged harm.

[1]Docket No. 77.

Plaintiffs have not yet responded to the motion and have informally notified the Court that they do not intend to file any response. The Court has reviewed Wrona's Motion and finds that Wrona is entitled to the relief it seeks. For the reasons set forth below, the Court will grant Wrona's Motion for Summary Judgment.

## I.  UNDISPUTED FACTS

Plaintiffs are a group of real estate investors who entered into a series of contracts to purchase units in the Silver Star Project located in Park City, Utah. In 2008, Plaintiff Cheryl De Marco ("C. De Marco") contacted Wrona by telephone and asked if Wrona would represent Plaintiffs in an effort to renegotiate its contractual liabilities with Prudential Utah Real Estate ("Prudential"). During the telephone call, Wrona disclosed to C. De Marco that Wrona had previously provided legal services to Prudential, although not in connection with any of the Silver Star Project sales involving Plaintiffs. Wrona informed C. De Marco that Wrona would be uncomfortable representing C. De Marco if she intended to assert claims against Prudential. C. De Marco informed Wrona that Plaintiffs did not desire or intend to assert claims against Prudential and wanted his assistance in negotiating a resolution with Paladin Development Partners, LLC ("Paladin"). The next day, Wrona had an identical discussion with Plaintiff Jeffery Ott.

C. De Marco and Jeffery Ott agreed to Wrona's representation and executed a Representation Agreement on September 29, 2008. The opening paragraph of the Representation Agreement stated:

> You have asked Wrona Law Offices, P.C. to represent you in a dispute with the developers of the Silver Star Project in Park City, Utah. I spoke with Cheryl via

> telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below[.][2]

Shortly after the execution of this Agreement, Wrona commenced negotiations with Paladin on Plaintiffs' behalf. Wrona obtained a proposed solution from Paladin which was submitted to, and ultimately rejected by, Plaintiffs. Around this same time, Plaintiffs became delinquent in their payment obligations to Wrona. On December 21, 2008, Wrona informed Plaintiffs that Wrona needed to withdraw as their legal counsel. Plaintiffs consented to this withdrawal on January 7, 2009.

After Wrona's representation of Plaintiffs concluded, Wrona continued to attempt to collect legal fees from Plaintiffs. After efforts to negotiate a resolution failed, Wrona filed a collection action against Plaintiffs and obtained a judgment against Plaintiffs.

In March of 2009, Plaintiffs filed their Complaint in this action. Therein, Plaintiffs allege that Wrona breached his duty and committed malpractice as the real estate broker (Fourth Cause of Action) and breached his professional responsibility as an attorney by committing malpratice (Sixth Cause of Action). Wrona has moved for summary judgment on these claims.

---

[2]Docket No. 80, at 4.

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3] In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

"The standard is somewhat modified in an unopposed motion for summary judgment."[6] "[I]t is improper to grant a motion for a summary judgment simply because it is unopposed."[7] "It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law. In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts."[8] The Court "must consider the plaintiff's . . . claim based

---

[3]*See* Fed.R.Civ.P. 56(a).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006). The Court notes that Plaintiff technically filed a response to Defendant's motion, but declined the opportunity to respond to the merits of the Motion.

[7]*E.E.O.C. v. Lady Balt. Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[8]*Thomas*, 428 F. Supp. 2d at 1163 (citing *Lady Balt. Foods*, 643 F. Supp. at 407).

on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party."[9]

## III. DISCUSSION

Wrona contends it is entitled to summary judgment on Plaintiffs' Fourth Cause of Action because Wrona has never been a real estate broker and is, therefore, not subject to real estate broker's duties. In support of this argument, Wrona provides a letter from the Utah Division of Real Estate which states that it "has no record of Joseph E. Wrona ever being licensed in Utah as a real estate agent or broker. There is no record of Mr. Wrona being associated as a broker with Prudential Utah Real Estate."[10] Indeed, Wrona presents to the Court a certified record from the Utah Division of Real Estate which confirms that an individual named Dougan T. Jones has been the principal broker of Prudential since 2002—well before the transactions at issue were consumated.

Based on the record before the Court, it can find no undisclosed factual dispute which would undermine this clear evidence that Wrona has never been a real estate broker. As Wrona is not a licensed real estate broker, Wrona is not subject to real estate broker duties and Plaintiffs' Fourth Cause of Action fails as a matter of law. The Court will, therefore, grant Wrona's Motion for Summary Judgment on Plaintiffs' Fourth Cause of Action.

---

[9]*Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209 (1st Cir. 2008).

[10]Docket No. 80, at 8-9.

Wrona further contends, among other things,[11] that it is entitled to summary judgment on Plaintiffs' Sixth Cause of Action because Plaintiffs cannot demonstrate that Wrona was the actual and proximate cause of Plaintiffs' alleged harm. To prevail in a legal malpractice action, the plaintiff must "show that if the attorney had adhered to the ordinary standards of professional competence and had done the act he failed to do or not done the act complained about, the client would have benefitted."[12] Thus, Plaintiffs must demonstrate that, but for the complained of conduct, Plaintiffs would have received a more favorable outcome.

From the record before the Court, it can find no evidence that Plaintiffs would have received a benefit had Wrona acted differently during his tenure as their counsel. The Court concludes that Plaintiff has failed to demonstrate that Wrona was the actual and proximate cause of any harm to Plaintiffs. The Court, therefore, will grant Wrona's request for summary judgment on Plaintiffs' Sixth Cause of Action.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants Joe Wrona and Wrona Offices, P.C.'s Motion for Summary Judgment On Plaintiffs' Fourth and Sixth Cause of Action (Docket No. 77) is GRANTED.

---

[11] Wrona contends that it is entitled to summary judgment because Plaintiff has failed to sufficiently plead their legal malpractice action. While this may or may not be true, the defense of failure to state a claim upon which relief can be granted may only be raised in specific instances, *see* Fed.R.Civ.P. 12(h)(2), and a motion for summary judgment under Fed.R.Civ.P. 56(a) is not among them.

[12] *Christensen & Jensen, P.C. v. Barret & Daines*, 194 P.3d 931, 938 (Utah 2008) (internal quotation marks and citation omitted).

DATED May 9, 2011.

BY THE COURT:

_________________________________________
TED STEWART
United States District Judge