IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES DEMARCO, et al.<br><br>   Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, et al.<br><br>   Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND COMPLAINT AND GRANTING DEFENDANTS' MOTION FOR JOINDER<br><br>Case No. 2:09-CV-190 TS |

This matter is before the Court on Plaintiffs' Motion to Amend Complaint[1] and Defendants Joe Wrona and Wrona Offices, P.C.'s (collectively "Wrona") Motion for Joinder in Defendants Paladin Development Partners, LLC, Michael LaPay, Rory Murphy, George Bryan, and Christopher Conabee's ("Paladin") Partial Opposition to Plaintiffs' Motion for Leave to Amend.[2]  For the reasons set forth below, the Court will grant in part and deny in part Plaintiffs' Motion to Amend Complaint and grant Defendant Wrona's Motion for Joinder.

---

[1] Docket No. 94.

[2] Docket No. 98.

1

## I. LEGAL STANDARD

Where, as in this case, a responsive pleading has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule specifies that "[t]he court should freely give leave when justice so requires."[3] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[4]

However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[5] "Lateness does not of itself justify the denial of [an] amendment."[6] However, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'"[7]

The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[8] "Courts typically find prejudice only

---

[3] Fed.R.Civ.P. 15(a)(2).

[4] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[5] *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[6] *Id.* at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975)) (internal quotation marks omitted).

[7] *Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)).

[8] *Id.* at 1207.

when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[9]

Where an amendment is sought after the deadline for the amendment of pleadings set forth in a scheduling order, most circuits require that the parties show good cause as required under Rule 16(b).[10] The Tenth Circuit "has not ruled on [this] question in the context of an amendment to an existing pleading."[11] However, it has noted the "rough similarity between the 'good cause' standard of Rule 16(b) and [the Tenth Circuit's] 'undue delay' analysis under Rule 15"[12] and that "appellate courts that have applied Rule 16 have afforded wide discretion to district courts' applications of that rule."[13] When applied, the "good cause" standard "requires the nonmoving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."[14]

## II. ANALYSIS

Plaintiffs filed the present Motion on September 10, 2011, requesting "leave to amend their complaint to clarify the various, but obtusely pled, causes of action in the original complaint to add: (1) violation of the Interstate Land Sales Act as a legal theory of recovery; and,

---

[9] *Id.* at 1208.

[10] *Bylin v. Billings*, 568 F.3d 1224, 1231 n.8 (10th Cir. 2009); *see* Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[11] *Bylin*, 568 F.3d at 1231 n.8.

[12] *Minter*, 451 F.3d at 1205.

[13] *Bylin*, 568 F.3d at 1231.

[14] *Id.* at 1205 n.4.

3

(2) to properly state causes of action against Prudential and the agents who represented the Plaintiffs as their real estate agents."[15] Plaintiffs argue that they should be granted leave to amend because "1) [at the date of the filing of the present Motion], not a single deposition [had] been completed and all discovery that [had] been completed [had] covered all of the issues raised in the Amended Complaint" and "2) Defendants' [sic] will have ample opportunity to conduct discovery related to plaintiffs' additional claims."[16] Furthermore, Plaintiffs argue that their Motion should be granted because "Defendants' [sic] would not be prejudiced by the amended complaint."[17] Defendant Paladin has submitted a Partial Opposition to Plaintiffs' Motion, and Defendant Wrona has filed a Motion to join Paladin's Partial Opposition.

A.  STATE-MANDATED UNIFORM AGREEMENT

Defendant Paladin argues that Plaintiffs' Amended Complaint is improper in that Plaintiffs' sixth, seventh, eighth, and ninth causes of action are "based, in part, on the allegation that Paladin was required by Utah Admin Code R162-6-1-6.2.3 to use a state-mandated uniform real estate construction agreement."[18] Plaintiffs argue that these allegations are appropriate because it is Defendants' failure to comply with the regulatory requirements that is at issue, not their failure to disclose those requirements. However, this Court has previously held that "this

---

[15] Docket No. 95, at 1.

[16] *Id.* at 2.

[17] *Id.*

[18] Docket No. 97, at 3. These allegations are contained in Plaintiffs' Proposed Amended Complaint, Docket No. 95 ¶ 119 (a)–(h), (j)–(l).

administrative rule does not create a private right of action."[19]  Due to a lack of a private right of action, this Court held that there was "no legal basis for fraud, no duty to disclose, and a failure to meet the specific pleading requirements of Rule 9(b)."[20]  Therefore, as the allegations contained in paragraphs 119 (a)–(h) and (j)–(l) of Plaintiffs' Proposed Amended Complaint do not support a claim for fraud, the Court finds that it would be futile to grant Plaintiffs leave to file an Amended Complaint containing those allegations.  Therefore, the Court will deny Plaintiffs' Motion to the extent that Plaintiffs seek to re-allege those claims.

B.  FEDERAL INTERSTATE LAND SALES FULL DISCLOSURE ACT

Paladin argues that Plaintiffs' Motion to Amend Complaint is improper in that it adds a new cause of action for violation of the Federal Interstate Land Sales Full Disclosure Act. Paladin claims this is inappropriate because the scheduling order would need to be modified to complete discovery on this new issue, as the current discovery deadline was September 16, 2011. Paladin argues that Plaintiff must show good cause for the amendment when granting leave to amend would require modification of a scheduling order.[21]  However, the Federal Rules of Civil Procedure are liberal in allowing amendment, even stating that "the court should freely permit an amendment [during trial] when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the

---

[19] Docket No. 27, at 23.

[20] *Id.* at 25.

[21] Docket No. 97, at 5 (citing *Alexander v. AOL Time Warner, Inc.*, 162 F. App'x 267, 269 (11th Cir. 2005); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

5

merits."[22] Prejudice can also be reduced by "grant[ing] a continuance to enable the objecting party to meet the evidence."[23]

In the present action, the Court finds that amendment adding this cause of action is appropriate. Although this case is more than three years old, "not a single deposition [had been] taken or completed" when Plaintiffs filed the present Motion. Furthermore, the scheduling order was stricken[24] and the only events currently scheduled are the discovery deadline, which recently passed; the final pretrial conference; and the trial, which is set for March 12, 2012. After these three events were scheduled, counsel represented that they will need an extension of the deadlines.[25] As both parties have already indicated that they will need an extension, the Court finds that granting Plaintiffs' Motion with respect to this cause of action would not prejudice Defendants. Finally, as the scheduling order would already need to be modified, the Court finds a good cause analysis unnecessary. The Court will therefore grant Plaintiffs' Motion to file an amended complaint including this claim.

C. ADDITIONAL ISSUES

Paladin does not object to the clarification of existing claims contained in Plaintiffs' Proposed Amended Complaint. The Court finds no reason not to allow this clarification and will permit Plaintiffs to file an amended complaint that does so. Paladin also notes, but does not

---

[22] Fed.R.Civ.P. 15(b)(1).

[23] *Id.*

[24] Docket No. 90.

[25] Docket No. 96.

6

object to, the re-addition of Heather Peterson, Carrie Shoaf, Gregg N. Orrell aka Dusty Orrell, Keelie West, Dick Stoner and Prudential Utah Real Estate ("Prudential Defendants"). These parties were dismissed from the case on November 17, 2009.[26] None of the Prudential Defendants have filed Oppositions to the present Motion, presumably because they were dismissed from the case over 23 months ago.

Plaintiffs have not demonstrated why the remaining claims against the Prudential Defendants were not alleged prior to this late date. Plaintiffs have also not alleged any newly emerged facts that support bringing the Prudential Defendants back into this case. The Court, therefore, finds undue delay by Plaintiffs, with no adequate explanation for the delay. Furthermore, as the Prudential Defendants were dismissed over 23 months ago and have not been involved in the litigation since that time, the Court finds that they would be prejudiced by allowing an amended complaint bringing new claims against them. Therefore, Plaintiffs Motion will be denied with respect to adding the Prudential Defendants.

## III. CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Plaintiffs' Motion to Amend Complaint (Docket No. 94) is GRANTED IN PART AND DENIED IN PART, pursuant to Plaintiffs' filing of an amended complaint consistent with the Court's rulings contained herein. It is further

ORDERED that Defendant Wrona's Motion for Joinder (Docket No. 98) is GRANTED. The hearing currently set for October 31, 2011 at 3:00 p.m. is STRICKEN. The parties are

---

[26] Docket No. 27, at 27.

directed to file a stipulated scheduling order with the Court within 14 days in light of the current March 12, 2012 trial date.

    DATED  October 27, 2011.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge