VAN COTT, BAGLEY, CORNWALL & McCARTHY
John A. Snow (3025) (jsnow@vancott.com)
Alex B. Leeman (12578) (aleeman@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

*Attorneys for Defendants Paladin, LaPay, Murphy, Bryant, and Conabee*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DEMARCO, ET AL.<br><br>     Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, ET AL.<br><br>     Defendants. | **ANSWER TO COMPLAINT OF PALADIN DEVELOPMENT PARTNERS, L.L.C., RORY MURPHY, MICHEAL LAPAY, GEORGE BRYANT, AND CHRISTOPHER CONABEE**<br><br>Case No. 2:09-CV-00190<br><br>Judge Ted Stewart |

Defendant, Paladin Development Partners, L.L.C. ("Paladin"), Rory Murphy

("Murphy"), Michael LaPay ("LaPay"), George Bryant ("Bryant") and Christopher Conabee

("Conabee"), jointly referred to a "these Defendants," hereby answer the Complaint filed

November 1, 2011, and admit, deny and allege as follows:

## FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which relief may be

granted.

## SECOND DEFENSE

Answering the specific allegations contained in the Complaint, on a paragraph by paragraph basis, these Defendants state as follows:

## JURISDICTION AND VENUE

1.      These Defendants admit that claims are brought in this action under the cited statutes.  These Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.      These Defendants admit that this Court has jurisdiction over the parties.  These Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      These Defendants admit that venue is proper in this Court.  These Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 4 of the Complaint, and on said grounds deny the same.

5.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 5 of the Complaint, and on said grounds deny the same.

6.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of the Complaint, and on said grounds deny the same.

7.      These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of the Complaint, and on said grounds deny the same.

8.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Complaint, and on said grounds deny the same.

9.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of the Complaint, and on said grounds deny the same.

10.    Admitted.

11.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 11 of the Complaint, and on said grounds deny the same.

12.    Admitted.

13.    Denied.

14.    Admitted that Murphy and Conabee are and were at all relevant times citizens of the state of Utah.  These Defendants deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.    Denied.

16.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 16 of the Complaint, and on said grounds deny the same.

17.    Denied.

18.    Denied.

19.    Denied.

20.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 20 of the Complaint, and on said grounds deny the same.

21.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 21 of the Complaint, and on said grounds deny the same.

22.     Denied.

## COMMON ALLEGATIONS AND BACKGROUND

23.     On information and belief, admitted.

24.     Denied.

25.     Denied.

26.     Denied.

27.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of the Complaint, and on said grounds deny the same.

28.     Denied.

29.     Denied.

30.     Admitted.

31.     Admitted that the individual plaintiffs entered into 4 separate Real Estate Contracts.  These Defendants deny the remaining allegations contained in Paragraph 31 of the Complaint.

32.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents,

4

meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Admitted that plaintiffs completed purchase of C-19.  These Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Denied.

### FIRST CAUSE OF ACTION

43.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the First Cause of Action alleged in the Complaint.

44.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 45 of the Complaint, and on said grounds deny the same.

46. Denied.

47. The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 47 of the Complaint.

48. The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 48 of the Complaint.

49. Denied.

50. The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 50 of the Complaint.

51. Denied.

52. The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

53. Denied.

54.     Denied.

55.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

## SECOND CAUSE OF ACTION

56.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the First Cause of Action alleged in the Complaint.

57.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

58.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 58 of the Complaint, and on said grounds deny the same.

59.     Denied.

60.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents,

meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 61 of the Complaint.

62.    Denied.

63.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 63 of the Complaint.

64.    Denied.

65.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 65 of the Complaint.

66.    Denied.

67.    Denied.

68.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 68 of the Complaint.

## THIRD CAUSE OF ACTION

69.    The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Third Cause of Action alleged in the Complaint.

70.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents,

meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 70 of the Complaint.

71.    These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 71 of the Complaint, and on said grounds deny the same.

72.    Denied.

73.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 73 of the Complaint.

74.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 74 of the Complaint.

75.    Denied.

76.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 76 of the Complaint.

77.    Denied.

78.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents,

meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 78 of the Complaint.

79.     Denied.

80.     Denied.

81.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

**FOURTH CAUSE OF ACTION**

82.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the First Cause of Action alleged in the Complaint.

83.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 84 of the Complaint, and on said grounds deny the same.

85.     Denied.

86.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 86 of the Complaint.

87.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 87 of the Complaint.

88.     Denied.

89.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Denied.

91.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Denied.

93.     Denied.

94.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 94 of the Complaint.

## FIFTH CAUSE OF ACTION

95.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Fifth Cause of Action alleged in the Complaint.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

## SIXTH CAUSE OF ACTION

115.    The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Sixth Cause of Action alleged in the Complaint.

116.    Denied.

117.    Denied.

118.    Denied, including all subparts.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

## SEVENTH CAUSE OF ACTION

127.    The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Seventh Cause of Action alleged in the Complaint.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

## EIGHTH CAUSE OF ACTION

137.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Eighth Cause of Action alleged in the Complaint.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

**NINTH CAUSE OF ACTION**

145.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Ninth Cause of Action alleged in the Complaint.

146.     Denied.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

153.     Denied.

154.     Denied.

155.     Denied.

156.     Denied.

## TENTH CAUSE OF ACTION

157.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Tenth Cause of Action alleged in the Complaint.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants deny the remaining allegations contained in Paragraph 164 of the Complaint.

165.     Denied.

166.     Denied.

167.     Denied.

168.     Denied.

169.     Denied.

170.     Denied.

## ELEVENTH CAUSE OF ACTION

171.     The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Eleventh Cause of Action alleged in the Complaint.

172.     Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

## TWELFTH CAUSE OF ACTION

179.    The foregoing admissions, denials and allegations are hereby incorporated into the response of these Defendants to the Twelfth Cause of Action alleged in the Complaint.

180.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 180 of the Complaint, and on said grounds deny the same.

181.    Denied.

182.    Denied.

183.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 183 of the Complaint, and on said grounds deny the same.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    The contracts and agreements referred to in the Complaint speak for themselves, and, on said grounds, these Defendants deny allegations that attempt to describe the contents, meaning or affect of the contracts.  These Defendants are without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 188 of the Complaint, and on said grounds deny the same.

## PRAYER FOR RELIEF

These Plaintiffs additionally deny the relief requested by Plaintiffs.

## THIRD DEFENSE

By their actions and omissions, Plaintiffs have waived or are estopped to assert their claims alleged in this action against these Defendants.

## FOURTH DEFENSE

Some or all of the harm, damage or loss allegedly suffered or sustained by Plaintiffs, if any, was a result of their own negligence, fault or unreasonable actions and/or omissions, and, as a result, Plaintiffs are precluded from any recovery against or from these Defendants.

## FIFTH DEFENSE

Plaintiffs, and each of them, have materially breached the contracts referred to in the Complaint, and, as a result, Paladin has been fully discharged of any duty or obligation owing to Plaintiffs or any of them.

## SIXTH DEFENSE

Any and all of the harm, damage or loss allegedly suffered or sustained by Plaintiffs was a result of their failure and refusal to mitigate their harm, damage or loss, and, as a result,

Plaintiffs are precluded from any recovery against or from these Defendants.

## SEVENTH DEFENSE

Any and all of the harm, damage or loss allegedly suffered or sustained by Plaintiffs is subject to a claim of set off for and in favor of these Defendants.

WHEREFORE, these Defendants request judgment as hereinafter set forth.

## COUNTERCLAIM

Counterclaimant, Paladin Development Partners, LLC ("Paladin") complains of Plaintiffs, and each of them, and for a cause of action alleges:

## Parties, Jurisdiction and Venue

1.      Paladin is a Utah limited liability company with its principal place of business in Park City, Utah.

2.      Plaintiffs allegedly are residents of states other than Utah.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the claim asserted in this counterclaim exceeds $75,000, exclusive of interest and costs, and the action is between parties who are citizens of states other than Utah.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim contained in the Counterclaim occurred within the State of Utah.

## General Allegations

5.      Some or all of the Plaintiffs on their own behalf or on behalf of others, as buyers, or as successors in interest of such Buyers, entered into multiple contracts (the "Contracts"), to purchase condominium units known as Nos. SPIRO-303-AM, SPIRO-102-AM, and COTSS-C-5

(the "Units") from Paladin, as the owner, in the condominium development known as the "Silver Star at Park City."  A copy of one of the Contracts is attached to the Complaint as Exhibit "A."

6.      At the time the Contracts were entered into, the condominium development, including the specific Units subject to the Contracts, had not yet been constructed.

7.      The Contracts provided that the Units would be "Substantially Complete" upon issuance by Park City of a temporary or permanent certificate of occupancy.  (Contract, ¶ 11.)

8.      The Substantial Completion Deadline for the Units was 18 months after acceptance of the Contract.  (Contract, ¶ 24(c).)

9.      The contracts by their terms was extended, however, "[i]n the event the Silver Star Residence is not Substantially Complete by the date provided in Section 24(c) of this Contract due to interruption of transport, unavailability of materials, strikes, fire, flood, weather, governmental regulations, acts of God, or other similar occurrences beyond the control of Seller."  (Contract, ¶ 12.)  In such circumstances, "the Substantial Completion Deadline shall be extended for a reasonable period of time based on the nature of the delay."  (Contract, ¶ 12.).

10.     During the course of construction of the project, Paladin experienced the following delays beyond its control, including, but not limited to soil conditions, weather delays, inspection delays, unavailable materials, among other things.

11.     Paladin obtained a certificate of occupancy for each of the Units subject to the Contracts within a reasonable time and in accordance with the Contracts, and gave notice to Plaintiffs of their obligations to close on the Units.

12.     Notwithstanding their contractual obligations, Plaintiffs refused to close on and purchase the Units.

13.     As a result of Plaintiffs failure to close on and purchase the Units, Plaintiffs materially breached and defaulted on the Contracts, and thereby forfeited all of their deposits and payments theretofore made by Plaintiffs pursuant to the Contracts.

14.     The Contracts are now duly terminated and Plaintiffs have no further right, title or interest in, to or under the Contracts or in or to the Units.

15.     Plaintiffs filed a Request for Notice, Notice of Claim or Interest (the "Notice") with the Office of the Summit County Recorder, as Entry No. 00849963, on July 17, 2008.

### First Cause of Action

16.     The allegations contained in Paragraphs 1 through 15 above are by this reference incorporated into the First Cause of Action.

17.     The refusal and failure of Plaintiffs to close on the Units and purchase the same as required by the Contracts is a substantial and material default and breach of the Contracts by Plaintiffs.

18.     The default and breach of the Contracts by Plaintiffs has resulted in the due and proper termination of the Contracts by Paladin.

19.     Paladin is entitled to a Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure that Plaintiffs, and none of them, have any right, title or interest in, to or under the Contracts or in, to or under the Units.

WHEREFORE, these Defendants request judgment as hereinafter set forth.

### Second Cause of Action

20.     The allegations contained in Paragraphs 1 through 19 above are by this reference incorporated into the Second Cause of Action.

21.     The Notice filed by Plaintiffs is wrongful and a cloud on the title of Paladin to the Units.

22.     The Notice, and the cloud of title created by the Notice, will and/or has caused damage to Paladin and has interfered with the ability of Paladin to sell and transfer title to those Units.

23.     Paladin is entitled to an order of this Court ordering the removal of the Notice of record.

WHEREFORE, these Defendants request judgment as hereinafter set forth.

## DEMAND FOR JURY TRIAL

Paladin hereby makes a demand for a trial by jury on all issues triable as a matter of right by a jury, as provided in Fed. R. Civ. P. 38.

## REQUESTED RELIEF

WHEREFORE, Paladin requests judgment and relief as follows:

1.     Judgment dismissing the Complaint as to these Defendants, and Plaintiffs take nothing thereby.

2.     A declaratory judgment that the Contracts regarding the Units have been duly terminated and that Plaintiffs have no further right, title or interest in or under the Contracts or in or to the Units.

3.     A judgment ordering the removal of the Notice of Record, and judgment of all damages sustained by Paladin as a result of the wrongful filing by Plaintiffs of the Notice.

4.     Judgment for such other and additional relief as the Court shall deem appropriate and equitable under the circumstances.

Dated this 18th day of January, 2011.

                        VAN COTT BAGLEY CORNWALL & McCARTHY

                        /s/ Alex B. Leeman\
                        John A. Snow\
                        Alex B. Leeman\
                        *Attorneys for Defendants Paladin, LaPay, Murphy,*\
                        *Bryant, and Conabee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of November, 2011, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such

filing to the following CM/ECF participants:

John S. Manzano
MINARET LEGAL SERVICES, P.C.
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Email: legalservices@mammothattorney.com

Alvin R. Lundgren
5015 W. Old Highway, #200
Mountain Green, Utah  84050
Email: al@lundgren-law.com


   /s/  Alex B. Leeman             


4834-7933-4926, v.  1