VAN COTT, BAGLEY, CORNWALL & McCARTHY
John A. Snow (3025) (jsnow@vancott.com)
Alex B. Leeman (12578) (aleeman@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

*Attorneys for Defendants Paladin, LaPay, Murphy, Bryan, and Conabee*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DEMARCO, ET AL.<br><br>        Plaintiffs,<br><br>vs.<br><br><br>MICHAEL LAPAY, ET AL.<br><br>        Defendants. | **OPPOSITION TO MOTION TO CONTINUE TRIAL DATE AND AMEND SCHEUDLING ORDER**<br><br><br>Case No. 2:09-CV-00190<br><br>Judge Ted Stewart |

Defendants Paladin Development Partners, L.L.C. ("Paladin") Michael LaPay, Rory

Murphy, George Bryan, and Chris Conabee (collectively the "Paladin Defendants"), hereby

submits this Opposition to the Motion to Continue Trial Date and Amend Scheduling Order,

filed by Plaintiffs on January 13, 2012.

## ARGUMENT

This matter has been pending since March 3, 2009.  Plaintiffs' latest attorney first

appeared in this case in March 2011.  Despite the nearly three-year history of this case, Plaintiffs

did not even attempt to conduct any discovery until August 2011, after counsel represented to the

Court in July that the case could be ready for trial in 60 days.

1

The Court's decision on October 27, 2011, to allow Plaintiffs to amend their Complaint was made with the implicit understanding that neither the amendment nor additional discovery would delay trial.  In the Memorandum Decision allowing the amendment, the Court stated, "The parties are directed to file a stipulated scheduling order with the Court within 14 days in light of the current March 12, 2012 trial date." *See* Memorandum Decision (Docket No. 103), pp. 7-8.  Now, Plaintiffs seek to delay trial on the grounds that they have been unable to complete discovery and resolve motions prior to trial.

## I.     PLAINTIFFS' HAVE FAILED TO SHOW GOOD CAUSE FOR AMENDING THE SCHEDULING ORDER.

Under Fed. R. Civ. P. 16(b)(4), a court's scheduling order may be modified only for good cause.  "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).  Plaintiffs cite three primary grounds for delaying trial in this matter.  First, Plaintiffs claim that trial must be delayed to allow time to decide pending discovery motions and because "critical additional discovery may occur." *See* Motion to Continue Trial Date and Amend Scheduling Order (the "Motion") (Docket No. 140), p. 1.  Second, Plaintiffs claim that parties are yet to issue expert disclosures.  And third, Plaintiffs claim the pending summary judgment motion prevents trial.

At present, only one discovery-related motion is pending before the Court: Plaintiffs Motion to Compel Production of Documents (Docket No. 139), filed January 12, 2012.  This motion will be fully briefed and ready for decision well before the trial date, and should not

delay trial.[1]  To the extent Plaintiffs wish to conduct "critical additional discovery," the deadline for doing so has passed, except as previously ordered by the Court.

On the second point, Plaintiffs misstate the record.  The Paladin Defendants timely served their expert disclosure on January 12, 2012.  Plaintiffs neglected to timely disclose their own expert due to their failure to properly seek inspection of the subject property by subpoena.[2] Nevertheless, the Court has extended Plaintiffs expert disclosure deadline to February 17, 2012. *See* Order (Docket No. 143), p. 8.  As the Court did not also move the trial date in its Order, the Court apparently does not believe Plaintiffs new expert disclosure deadline will interfere with trial.[3]

Third, the motion for partial summary judgment, filed January 12, 2012 (Docket No. 141), should not delay trial.  The dispositive motion deadline and trial date were both included in the scheduling order drafted by Plaintiffs and submitted to the Court on November 11, 2011. Accordingly, any claim of last-minute surprise is disingenuous.  In addition, outstanding

---

[1] Notably, this Motion to Compel seeks to compel responses to written discovery dated August 5, 2011. The Paladin Defendants served responses and objections on September 10, 2011.  Plaintiffs inexplicably waited more than four months to challenge these objections with the Court, fully aware of the trial date set for March.  Plaintiffs should not be permitted to create delay, and then rely on their own delay as grounds for continuing the trial date.

As additional evidence of Plaintiffs' lack of diligence, it is worth noting that several motions to quash Plaintiffs' subpoenas were pending at the time Plaintiffs submitted their Motion to Continue.  However, because Plaintiffs failed to respond to the motions to quash, each of the motions were granted by the Court.  *See* Order (Docket No. 143), p. 2.

[2] Plaintiffs claim in their Motion that they served "preliminary disclosures" on December 13, 2011.  *See* Motion, p. 2.  Of course, there is no such thing as preliminary expert disclosures under the Federal Rules of Civil Procedure.  Plaintiffs have not served expert disclosures compliant with Fed. R. Civ. P. 26(a)(2).

[3] Indeed, the only party prejudiced by disclosure of Plaintiff's expert just three weeks before trial is the Paladin Defendants.  Notwithstanding the fact that this gives the Paladin Defendants less time to prepare for trial, the Paladin Defendants wish to keep the current trial date in the interest of finally bringing this matter to a conclusion.

3

discovery will have no effect on the pending motion for summary judgment as documents sought

by Plaintiff either have no bearing on the motion, or do not exist at all.

Lastly, in their Motion Plaintiffs feign as if they made extensive efforts to negotiate a

continuance with the Paladin Defendants.[4]  In fact, Plaintiffs' counsel sent a single letter on

January 11, 2012.  Paladin's counsel promptly responded and indicated willingness to participate

in a phone conference, but stated that he needed to discuss the matter with the Paladin

Defendants beforehand.  Plaintiffs filed their Motion for Continuance the following day, before

counsel was able to confer with the Paladin Defendants.  On January 17, 2012, Paladin

Defendants' counsel responded by email and indicated that the Paladin Defendants were unable

to stipulate to the continuance as proposed by Plaintiffs.  However, to address any concerns

about outstanding motions being decided before the trial date, the Paladin Defendants offered to

agree to an accelerated briefing schedule.  *See* Exhibit A.  Plaintiffs' counsel did not respond to

this offer.

## CONCLUSION

On July 19, 2011, Plaintiffs' counsel indicated in open court that discovery could be

completed within 60 days.  On November 11, 2011, Plaintiffs drafted and submitted a scheduling

order intended to be compliant with the Court's direction that dates be set "light of the current

March 12, 2012 trial date."  For nearly two and a half years, Plaintiffs did nothing to investigate

the facts of their claims.  Plaintiffs waited four months to challenge valid objections to their

written document requests.  Now, Plaintiffs complain that they do not have enough time to

---

[4] For the purposes of correcting the record, the Paladin Defendants' counsel notes that Van Cott's telephone system logs all telephone calls received by our office.  Plaintiffs' counsel claims to have made "multiple phone calls" and "left messages" on January 10 and 11 regarding a continuance.  However, Van Cott's phone records do not show a single call from Mr. Manzano's office on either of these dates, and no voice mail messages were received by Mr. Snow or Mr. Leeman.

address discovery issues prior to trial.  The record shows that Plaintiffs have not been diligent in

their efforts to complete discovery prior to trial.  *See Alioto*, 651 F.3d at 720 ("In making a Rule

16(b) good-cause determination, the primary consideration for district courts is the diligence of

the party seeking amendment.").

The Paladin Defendants stand willing and able to be ready for trial by the date set by the

Court more than six months ago.  For the foregoing reasons, the Court should deny Plaintiffs'

Motion to Continue.

DATED this 30th day of January, 2012.

VAN COTT BAGLEY CORNWALL & McCARTHY


/s/ Alex B. Leeman
John A. Snow
Alex B. Leeman
*Attorneys for Defendants Paladin, LaPay, Murphy,*
*Bryan, and Conabee*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2012, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the

following CM/ECF participants:

John S. Manzano
MINARET LEGAL SERVICES, P.C.
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Email: legalservices@mammothattorney.com

Alvin R. Lundgren
5015 W. Old Highway, #200
Mountain Green, Utah  84050
Email: al@lundgren-law.com


                                        /s/  Alex B. Leeman




4826-2104-4238, v.  1

6