VAN COTT, BAGLEY, CORNWALL & McCARTHY
John A. Snow (3025) (jsnow@vancott.com)
Alex B. Leeman (12578) (aleeman@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

*Attorneys for Defendants Paladin, LaPay, Murphy, Bryan, and Conabee*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DEMARCO, ET AL.<br><br>        Plaintiffs,<br><br>vs.<br><br><br>MICHAEL LAPAY, ET AL.<br><br>        Defendants. | **OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMES**<br><br>Case No. 2:09-CV-00190<br><br>Judge Ted Stewart |

Defendant Paladin Development Partners, L.L.C. ("Paladin") hereby submits this

Opposition to Plaintiffs' Motion to Compel Answer to Interrogatories.

## INTRODUCTION

By their Motion to Compel, Plaintiffs seek four categories of documents which they

believe have been improperly withheld by Paladin.  However, in each instance Plaintiffs either

persist in demanding documents that have been produced in full, seek documents unrelated to

any claim or defense in this action, or insist on intrusive and burdensome discovery in the face of

a reasonable stipulation that would provide the necessary information following adjudication of a

pending motion for summary judgment.  Paladin's has made every effort to be responsive and

reasonable addressing Plaintiffs' excessive document requests.  For the reasons stated herein,

Plaintiffs' Motion to Compel should be denied.

## STATEMENT OF  FACTS

1.      In late 2005 and early 2006, Plaintiffs contracted with Paladin for the purchase

and construction of four residential condominiums in Park City, Utah.  Despite actively

participating in the construction process through the date of substantial completion, and despite

closing on one of the four units, Plaintiffs later attempted to cancel their remaining contracts with

Paladin after the Park City real estate market crashed.

2.      This litigation, at its core, has always been a dispute over Plaintiffs' deposits

retained as liquidated damages after Plaintiffs walked away from their purchase contracts.

Initially, Plaintiffs brought securities fraud, breach of contract, conspiracy, and various fraud-

related claims.  Several claims have been dismissed by the court, leaving only Plaintiffs' breach

of contract claim, several fraud-related claims, and a new claim for violation of the Interstate

Land Sales Disclosure Act.

3.      On August 5, 2011, Plaintiffs propounded the 146 Requests for Production of

Documents (the "Requests") that are the subject of this motion.  Paladin responded to the

Requests by producing thousands of pages of documents and lodging valid, good faith objections

to several lines of inquiry.  Paladin dutifully responded to each meet-and-confer letter from

Plaintiffs, sought appropriate clarification regarding the information sought, and offered

reasonable stipulations in an effort to resolve this discovery dispute.

4.      On November 1, 2011, Plaintiffs filed their Second Amended Complaint by

which they were permitted to "clarify" their breach of contract claims and add a claim for

violation of the Interstate Land Sales Disclosure Act.  The Second Amended Complaint does not

contain any factual allegations or seek any relief regarding any claim to pierce the corporate veil. Paladin was unaware of any such claim until it was raised as justification for a line of questioning at a deposition on November 3, 2011.

5.      Between October 31, 2011, and November 11, 2011, Plaintiffs sent 46 subpoenas to third parties seeking duplicative information already obtained from Plaintiffs.  Subpoena recipients and Paladin independently moved to quash many of these unnecessary and unduly burdensome subpoenas.  These motions to quash were granted by the Court when Plaintiffs failed to even respond to the motions.  *See* Order (Docket No. 143), p. 2.

6.      On January 13, 2012, Paladin filed its Motion to Dismiss and for Partial Summary Judgment (Docket No. 141), seeking dismissal of Plaintiffs' fraud, veil piercing, and Interstate Land Sales Disclosure Act claims.

## ARGUMENT

Plaintiffs seek four categories of documents which they believe have been improperly withheld by Paladin:  (1) Paladin's financial records; (2) Paladin's corporate documents, including operating agreements, bylaws, and annual meeting minutes; (3) meeting minutes concerning the Silver Star Project; and (4) emails.  In each case, Paladin has either produced all documents, the documents sought are not relevant to any claim or defense in this action, or Paladin has offered production according to a reasonable stipulation that addresses Plaintiffs' requests in light of the needs of the case.  *See* Fed. R. Civ. P. 26(b)(2)(C).

## I.      PALADIN HAS PRODUCED ALL EMAILS AND PROJECT MEETING MINUTES.

Among Plaintiffs' Requests for Production of Documents are a series of broad requests seeking meeting minutes and emails.  Paladin has produced all responsive documents in its

possession or control, subject to well-founded objections.  Each category of requests is addressed in turn.

### A.      Meeting Minutes.

Request No. 123 broadly seeks "any and all" minutes of "board meetings, construction meetings, sales meetings, Homeowner Association meetings, architect meetings, engineer meetings, consultant meetings, general contractor meetings, subcontractor meetings and meetings with city officials."  Paladin responded to this request correctly noting that it "is overbroad and does not describe with reasonable particularity the documents sought," "seeks information not relevant to any claim or defense in this action," and "is broad enough to include many meetings that have nothing to do with Plaintiffs' claims or the issues in this lawsuit." Paladin additional asked Plaintiffs to "clarify with particularity what documents you are seeking and they will be made available as required by Fed. R. Civ. P. 34, subject to any applicable objections."  *See* Exhibit A to Plaintiffs' Motion (Docket No. 139-1).

Notwithstanding this objection, Paladin produced all meeting minutes and notes of meetings related to the Silver Star project contained in its project files.  In their initial meet-and-confer letter, Plaintiffs refused to reduce the scope of their request or otherwise describe the meeting minutes sought with more particularity.  *See* Exhibit B to Plaintiffs' Motion (Docket No. 139-2).  In response, Paladin indicated to Plaintiffs that it had produced all meeting minutes and notes, except those subject to the work product privilege.  Paladin also stated that some meeting minutes requested, such as those for HOA meetings, were not in Paladin's possession.  *See* Exhibit C to Plaintiffs' Motion (Docket No. 139-3).

Plaintiffs next challenged the sufficiency of Paladin's work product objection as it pertained to meeting minutes, and further reasserted their demanded that Paladin produce all

HOA meeting minutes.  *See* Exhibit D to Plaintiffs' Motion (Docket No. 139-4).  Paladin

responded once again and explained that it would not produce any notes prepared by counsel in

any meeting between Paladin and counsel regarding this litigation.  *See* Exhibit E to Plaintiffs'

Motion (Docket No. 139-5).  Paladin also reaffirmed that its does not represent the HOA, and

that any request for HOA meeting minutes would need to be made to the HOA.  *Id.*

In the Motion to Compel, Plaintiffs ask the Court to compel "Paladin's meeting minutes

with its architects, engineers, general contractor, and subcontractors," as well as "sales meetings"

and "[m]eetings between Paladin and city officials."  Motion, pp. 10-11.  Paladin has produced

*hundreds* of pages of construction meeting minutes for the entire Silver Star project.  As Paladin

has stated in writing on more than one occasion, all such meeting minutes have been produced,

except notes of meetings between Paladin and counsel related to this litigation.[1]

Plaintiffs also continue to demand production of the "meeting minutes of the Silver Star

HOA."  Motion, p. 11.  Plaintiffs theorize that Paladin is in "control" of the HOA, and therefore

should be required to produce the HOA's documents.  This argument is tenuous at best.  The

HOA is a separate entity, represented by its own legal counsel.  The fact that a member of

Paladin used to occupy one seat of a five-member board does not mean that the HOA is under

the "control" of Paladin for discovery purposes.[2]

---

[1] As "evidence" that Paladin has not produced all its meeting minutes, Plaintiffs cite a single-page
deposition exhibit from the *Pam Carroll, et al. v. Paladin Development Partners, LLC,* case, which they
allege was not produced in this matter.  In fact, documents produced by Paladin in the *Carroll* matter
were produced from the exact same source as this matter.  The exact same boxes of documents—
Paladin's *complete* project files—were produced to opposing counsel in each case.  If the subject
document is in Paladin's files, it was produced again.  In addition, Paladin also obtained nine boxes of
files from the *Carroll* plaintiff's counsel and produced them to Plaintiffs, in their entirety.  This "missing"
document was likely in that production as well.

[2] Mr. Murphy was the developer's representative on the HOA's Board until December 2, 2011.  As the
Silver Star development is now complete, Mr. Murphy did not run for reelection.

Lastly, it is worth noting that this is the *second* time Plaintiffs have asked the Court to adjudicate the rights of a non-party in a motion against Paladin, rather than properly bringing the non-party before the Court.  This time, Plaintiffs did subpoena the HOA management company and its general manager for the subject documents.  The HOA management company and its general manager each filed a motion to quash (*see* Docket Nos. 113, 117), which were both granted.  *See* Order (Docket No. 143), p. 2.  Plaintiffs should not be permitted to demand the HOA's documents from Paladin after the Court quashed their attempt to obtain the same documents directly from the HOA.[3]

So as to address any doubt regarding the sufficiency of this response, each of the principals of Paladin have executed declarations, submitted herewith, which attest to the completeness of the document production in this case.  *See* Exhibits A through C.[4]

---

[3] Plaintiffs also challenge Paladin's work product objection, arguing that Paladin has not sufficiently described the nature of the documents not produced.  Paladin has explained that it has not produced any "notes of meetings between Paladin and counsel," prepared by counsel, as these documents were prepared in anticipation of litigation.  *See* Exhibit E to Plaintiffs' Motion (Docket No. 139-5).  This is a sufficient objection under the circumstances.  *See* Fed. R. Civ. P. 26, Advisory Committee Note to 1993 Amendments ("[Rule 26(b)(5)] does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection.  Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories."); *see also United States v. Magnesium Corp. of Am.*, 2006 U.S. Dist. LEXIS 39944, *21-22 (D. Utah June 14, 2006).  Plaintiff has stated that it does not require itemization of counsel's notes, *see* Motion, p. 12, but is entitled to a specific statement that "such notes are the *only* responsive documents that have been withheld. . . ."  *Id.*  Paladin has clearly indicated that it will not produce notes from meetings between Paladin and counsel, and has not described any other meeting notes or minutes withheld under the work product privilege.  Nothing more is required.

[4] Signed declarations from Rory Murphy, Chris Conabee, and George Bryan are submitted herewith as Exhibits A through C.  A signed Declaration from Michael LaPay will follow shortly.  Mr. LaPay was unavailable to sign by the filing deadline due to a family medical emergency.

      **B.**      **Emails.**

Plaintiffs also complain at length that Paladin has not produced all emails related to the Silver Star project.  Through a series of 26 separate requests, Plaintiffs demanded production of a myriad of categories of emails (many without even a tenuous connection to this case) between Paladin and a host of other individuals and entities.  Paladin objected to the breadth of these requests, and asked Plaintiffs to "clarify with particularity what documents you are seeking and they will be made available as required by Fed. R. Civ. P. 34, subject to any applicable objections."  *See* Exhibit A to Plaintiffs' Motion (Docket No. 139-1).  Plaintiffs responded by simply restating their request.

Paladin restates that it has produced all non-privileged emails in its possession or control.  Paladin has withheld from production only communications between Paladin (or its principals) and its legal counsel regarding legal services rendered to Paladin (or its principals).  *See* Exhibit C to Plaintiffs' Motion (Docket No. 139-3).  This is a sufficient explanation of documents withheld under the attorney-client privilege.  *See* Fed. R. Civ. P. Rule 26(b)(5) and advisory committee notes.

So as to address any doubt regarding the sufficiency of this response, each of the principals of Paladin have executed declarations, submitted herewith, which attest to the completeness of the email production in this case.  *See* Exhibits A through C.

## II.     DISCOVERY OF PALADIN'S FINANCIAL INFORMATION AND CORPORATE RECORDS IS NOT JUSTIFIED BY PLAINTIFFS' SO-CALLED VEIL PIERCING CLAIM.

Plaintiffs next argue that they are entitled to discovery of Paladin's financial records and corporate documents on the grounds that they would use this information to pierce the corporate veil.  *See* Motion, pp. 6-9.  Under the Federal Rules of Civil Procedure, a party may "obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."
Fed. R. Civ. P. 26(b)(1). However, it is well-settled that merely pleading labels and conclusions
"does not unlock the doors of discovery." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *see
also DM Research, Inc. v. College of Am. Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999) ("[T]he
discovery process is not available where, at the complaint stage, a plaintiff has nothing more than
unlikely speculations."). Because Plaintiffs' veil piercing claim is not adequately plead, and
because the information sought through discovery is irrelevant to a veil piercing claim against an
LLC, Plaintiffs' request for Paladin's financial records and corporate documents should be
denied.[5]

> A.    **Plaintiffs Have Not Pleaded a Cause of Action Entitling Them to Discovery of
>        Paladin's Financial Records and Corporate Documents.**

In November 2011, Plaintiffs asserted, for the first time, that a claim for corporate veil
piercing justifies their discovery seeking Paladin's financial records and corporate documents.
Surprised by this proffered justification, the Paladin Defendants' counsel asked where a claim for
veil piercing may be found in Plaintiffs' Second Amended Complaint. In response, Plaintiffs
indicated that Paragraphs 17 and 18 of the Second Amended Complaint state their claim for
piercing the corporate veil. These paragraphs, found in the "Parties to the Action" section of the
Second Amended Complaint (not tied to or referenced in any cause of action), state:

> 17. LAPAY, MURPHY, BRYANT [sic], CONABEE and PALADIN have
> commingled funds and other assets, have held out one entity as being liable for
> the debts of the others, have identical or substantially similar equitable ownership,
> use of the same offices and employees, use one or the other(s) as a mere shell or
> conduit for the affairs of one or more of the others, are inadequately capitalized,
> have disregarded corporate formalities, and do not maintain segregation of entity
> records.

---

[5] Plaintiffs' so-call veil piercing claim is the subject of a pending motion to dismiss.

> 18. PALADIN is being used by LAPAY, MURPHY, BRYANT [sic] and
> CONABEE to perpetrate fraud, circumvent the law, and to accomplish the other
> wrongful and inequitable purposes described below, such that this court should
> disregard PALADIN as a separate entity and should treat its actions, errors and
> omissions as if they are the actions, errors and omissions of the persons and/or
> entities actually controlling PALADIN.

*See* Second Am. Comp., ¶¶ 18-19.  None of the twelve causes of action in the Second Amended

Complaint say anything of veil piercing.  None of the relief requested in the Prayer for Relief

mentions or relates to veil piercing.  No factual allegations lend any support to the conclusions

alleged in Paragraphs 17 and 18.[6]

At best, the cited paragraphs are merely a recitation of legal theories devoid of any

supporting factual allegations.  Federal courts uniformly hold that such a pleading is insufficient

to state a claim.  *See Dadgostar v. St. Croix Fin. Ctr., Inc.*, 2011 U.S. Dist. LEXIS 106278, *39

(D.V.I. Sept. 19, 2011) ("[A] plaintiff seeking to pierce the corporate veil must plead more than

conclusory allegations that the individual owners abused the corporate form."); *Amusement*

*Indus., Inc. v. Midland Ave. Assocs., LLC*, 2011 U.S. Dist. LEXIS 86333, *67 (S.D.N.Y. Aug. 5,

2011) ("There are no factual allegations that 'actively and plausibly suggest' how the exercise of

dominion took place.  Thus, the allegations fail under the *Iqbal* standard."); *Partners Coffee Co.,*

*LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 737-38 (W.D. Pa. 2010) ("Defendants

here have provided little or nothing in the way of factual allegations to support their contention

that liability should be imposed . . . by piercing the company veil or applying the alter ego

---

[6] It is important to note that Plaintiffs' Second Amended Complaint is the result of a motion brought by Plaintiffs seeking to "clarify" the "obtusely plead" claims in this action.  *See* Memorandum in Support of Plaintiffs' Motion to Amend Complaint, p. 1 (Docket No. 95).  By order dated October 27, 2011, the Court permitted Plaintiffs to file an amended complaint to clarify existing claims.  *See* Memorandum Decision and Order re: Plaintiffs' Motion to Amend Complaint (Docket No. 103).  However, with one specific exception (Plaintiffs' Interstate Land Sales Act claim) the Court did not allow Plaintiffs to add new theories of recovery to this case.

theory. . . .  This Court is 'not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'"); *Apex Mar. Co. v. OHM Enters.*, 2011 U.S. Dist. LEXIS 35707, *9-10 (S.D.N.Y. Mar. 30, 2011) (citing Rule 12(c) and holding: "'Purely conclusory allegations cannot suffice to state a claim based on veil-piercing or alter-ego liability, even under the liberal notice pleading standard.'  A complaint that consists of purely conclusory allegations unsupported by factual assertions will not survive a motion for judgment on the pleadings."); *Essex Ins. Co. v. Miles*, 2010 U.S. Dist. LEXIS 128888, *8 (E.D. Pa. Dec. 3, 2010) ("Essex's complaint is merely a recitation of the legal elements required to pierce the corporate veil.  Consequently, the complaint . . . simply does not state sufficient facts to make out a plausible claim for relief."); *Innotex Precision Ltd. v. Horei Image Prods.*, 679 F. Supp. 2d 1356, 1360 (N.D. Ga. 2009) (holding that no claim for relief has been stated where the allegations are nothing more than "'threadbare recitations' of factors cited by Georgia courts in deciding whether to pierce the corporate veil").

The Paladin Defendants have moved the Court to dismiss this so-called veil piercing claim on the grounds that it is insufficiently plead.  Because the Paladin Defendants attack the new veil piercing theory under Fed. R. Civ. P. 12(c), the Court confines its inquiry to the factual allegations in the pleadings and does not look to evidence outside the pleadings in evaluating dismissal.  Therefore, the discovery sought by this Motion will have no bearing on the survivability of Plaintiffs' claim.  At a minimum, the Court should decide the Paladin Defendants' Motion to Dismiss before ordering discovery on the veil piercing claim.  *See, e.g.*, *Lingle v. Kibby*, 2011 U.S. Dist. LEXIS 140479, *9 (C.D. Ill. Dec. 7, 2011) (denying motion to compel with leave to resubmit if claims survive pending motion to dismiss); *Tacum Jawanza Mwanza v. NaphCare*, 2011 U.S. Dist. LEXIS 121385, *4 (D. Nev. Oct. 19, 2011) (same);

*Lindner v. Am. Express Co.*, 2010 U.S. Dist. LEXIS 119692, *6 (S.D.N.Y. Nov. 8, 2010) (same);

*Cuartero v. United States*, 2006 U.S. Dist. LEXIS 79641, *7 (D. Conn. Nov. 1, 2006) (same).

      **B.**      **Even if Plaintiffs Have Adequately Alleged Veil Piercing, Paladin's Corporate Records Are Not Relevant to Determination of the Veil Piercing Claim.**

      Paladin Development Partners, LLC, is a Utah limited liability company, not a corporation.  Unlike corporations, LLC's are not required to hold corporate meetings or observe traditional corporate formalities to maintain limited liability for their members.  *See* Utah Code § 48-2c-605 ("The failure of a company to maintain records, to hold meetings, or to observe any formalities or requirements imposed by this chapter or by the articles of organization or the operating agreement is not a ground for imposing personal liability on any member, manager, or employee for any debt, obligation, or liability of the company.").[7]

      Plaintiffs appear to entirely ignore the distinction between a corporation and an LLC. Paladin's observation of corporate formalities is irrelevant to a claim for veil piercing.  Contrary to Plaintiffs' argument, the existence of corporate records is <u>not</u> a material consideration in a piercing analysis, as "[t]he failure of a company to maintain records . . . is not a ground for imposing personal liability on any member."  Utah Code § 48-2c-605.

      The law is well settled that parties are entitled to discovery of *relevant* evidence only. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.").  Because corporate formalities have no bearing

---

[7] In *Ditty v. CheckRite*, 973 F. Supp. 1320 (D. Utah 1997), this Court held that the corporate veil piercing doctrine applies to LLC's and identified failure to observe corporate formalities as a factor in determining whether to pierce the corporate veil.  *Id.* at 1335-36.  However, the *Ditty* decision was handed down in 1997, citing the Utah Limited Liability Company Act, which was repealed in 2001.  The Utah Revised Limited Liability Company Act, enacted in 2001, makes clear that failure to observe formalities, whether imposed by statute or the LLC's own governing documents, is not grounds for piercing the LLC veil.  *See* Utah Code § 48-2c-605.

on veil piercing in the LLC context, Paladin's corporate records are not relevant—i.e., they are not evidence "of consequence to the determination of the action." Fed. R. Evid. 401. For the foregoing reasons, Plaintiffs' demand for Paladin's financial records and corporate documents should be rejected as overbroad, unduly burdensome, and irrelevant.[8] Even if Plaintiffs' veil piercing claim were adequately pleaded, Plaintiffs would still not be entitled to Paladin's corporate records or meeting minutes.[9]

### III.   DISCOVERY ON PUNITIVE DAMAGES SHOULD BE DEFERRED PENDING SURVIVAL OF PLAINTIFFS' FRAUD CLAIMS.

Lastly, Plaintiffs claim that they need Paladin's financial records (but not corporate documents) in order to support a claim for punitive damages against Paladin. *See* Motion, p. 7. Plaintiffs have claimed punitive damages only in relation to their fraud claims. *See* Second Am. Compl., ¶¶ 114, 126, Prayer for Relief. Plaintiffs' veil piercing and fraud claims are presently the subject of a motion to dismiss and motion for summary judgment. *See* Docket No. 141. Accordingly, dismissal of Plaintiffs' fraud claims will remove punitive damages from

---

[8] According to Fed. R. Civ. P. 26(b)(2)(C), burden or expense of discovery must be weighed against its likely benefit, considering the needs of the case. Where observance of corporate formalities is irrelevant to veil piercing in the LLC context, production of Paladin's corporate records would be of little to no probative value. Accordingly, considering the needs of the case, the discovery sought is not only irrelevant, but also overbroad and unduly burdensome.

[9] Plaintiffs also claim that they are entitled to production of Paladin's corporate documents in order to learn "the names and/or addresses of Paladin's officers, directors, and partners potentially having knowledge of discoverable matters." *See* Motion, p. 9. This argument is pointless at this stage of proceedings and seemingly disingenuous. Plaintiffs have named each of Paladin's members as defendants in this litigation, and have deposed each member. Plaintiffs have questioned each member at length as to their role in the company and the identity of the company's other members, officers, and employees. Plaintiffs cannot sincerely claim that they need copies of Paladin's corporate records to discover "the names and/or addresses of Paladin's officers, directors, and partners potentially having knowledge of discoverable matters." Plaintiffs' demand for Paladin's corporate documents on this basis should also be rejected.

consideration.  *See also Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1244

(10th Cir. 1996) (noting that punitive damages may not be awarded for breach of contract).

Courts are reticent to allow probing into a party's financial condition absent a clear need

to do so.[10]  Paladin has previously offered a reasonable stipulation that would allow for discovery

of its financial condition for purposes of assessing punitive damages, while acknowledging the

intrusive nature of Plaintiffs' discovery requests and the likelihood that Plaintiffs' fraud claims

will not survive: In the event Paladin's motion for summary judgment fails on any fraud-related

claim, the Paladin will provide a sworn statement of financial worth, subject to a reasonable

protective order securing the confidentiality of this information.  If Paladin's motion for

summary judgment is successful on all fraud-related claims, then Plaintiffs' discovery is moot.

Courts commonly allow phased discovery of confidential financial information in similar

contexts.  *See Finch v. City of Indianapolis*, 2011 U.S. Dist. LEXIS 67577, *18-19 (S.D. Ind.

June 23, 2011) ("No evidence consistent with the very steep punitive damages standard has been

presented thus far in this case. . . . [T]he court will revisit the issue [of discovery] after the ruling

on summary judgment issues and upon some demonstration of the factual bases for the plaintiffs'

allegation that the defendants' conduct would support an award of punitive damages."); *Lanigan

v. Babusch*, 2011 U.S. Dist. LEXIS 124416, *10 (N.D. Ill. Oct. 27, 2011) (finding it "more

appropriate to postpone such discovery [of financial information] until it appears that Defendants

will be liable for punitive damages"); *Price v. Lockheed Martin Corp.*, 2006 U.S. Dist. LEXIS

49729, *8-9 (S.D. Miss. June 12, 2006) ("[B]y simply inserting a claim for punitive damages in a

---

[10] This policy is further reflected in Utah's punitive damages statute, which directs that "[d]iscovery
concerning a party's wealth or financial condition may only be allowed after the party seeking punitive
damages has established a prima facie case on the record that an award of punitive damages is reasonably
likely against the party about whom discovery is sought."  Utah Code § 78B-8-201(2)(a).

pleading, a plaintiff should not be able to have *carte blanche* access to the private financial life of a defendant.  A reasonable balance is struck by requiring the Defendants to bring to trial a sworn financial statement, fairly outlining, under the penalty of perjury, the Defendant's assets, liabilities, and net worth. . . .  [T]he financial statement shall be held and maintained as private by the Defendant and the Defendant's attorney until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration."); *Iwanejko v. Cohen & Grigsby, P.C.*, 2005 U.S. Dist. LEXIS 22563, *11 (W.D. Pa. Oct. 5, 2005) ("The Court agrees with WPIC that Iwanejko has not, at this juncture, demonstrated a 'real possibility' of an award of punitive damages. . . .  However, in the event that Iwanejko's claim against WPIC survives summary judgment and he can demonstrate a 'real possibility' of an award of punitive damages, Iwanejko will be granted leave to discover information regarding WPIC's finances."); *Peskoff v. Faber*, 230 F.R.D. 25, 30 (D.D.C. 2005) (agreeing that discovery financial information should not be allowed "until necessary to prove [punitive] damages"); *Chenoweth v. Schaaf*, 98 F.R.D. 587, 590 (W.D. Pa. 1983) (refusing to allow discovery of financial information until the plaintiff provided evidence showing a "real possibility that punitive damages will be an issue"); *Rupe v. Fourman*, 532 F. Supp. 344, 351 (S.D. Ohio 1981) (holding the discovery on punitive damages should be postponed until liability is established).  Paladin's proposed stipulation adequately balances the policies of Fed. R. Civ. P. 26(b)(2)(C) (indicating that the burden or expense of discovery must be weighed against its likely benefit, considering the needs of the case).

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs' Motion to Compel should be denied.

DATED this 30th day of January, 2012.

VAN COTT BAGLEY CORNWALL & McCARTHY

/s/ Alex B. Leeman
John A. Snow
Alex B. Leeman
*Attorneys for Defendants Paladin, LaPay, Murphy, Bryan, and Conabee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2012, I electronically filed the foregoing

with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the

following CM/ECF participants:

John S. Manzano
MINARET LEGAL SERVICES, P.C.
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Email: legalservices@mammothattorney.com

Alvin R. Lundgren
5015 W. Old Highway, #200
Mountain Green, Utah  84050
Email: al@lundgren-law.com


   /s/  Alex B. Leeman


4846-0757-1726, v.  1

16