IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES DEMARCO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LAPAY, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:09-cv-190-TS-PMW <br><br> Chief District Judge Ted Stewart <br><br> Magistrate Judge Paul M. Warner |

Chief District Judge Ted Stewart referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is James DeMarco, et al.'s (collectively, "Plaintiffs") motion to compel.[2]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  See DUCivR 7-1(f).

In their motion, Plaintiffs seek a court order compelling Defendant Paladin Development Partners L.L.C. ("Paladin") to respond to document requests in the following three categories: (1) financial records, (2) organizational documents, and (3) meeting minutes and e-mails.

---

[1] See docket no. 110.

[2] See docket no. 139.

Plaintiffs also request an award of reasonable expenses incurred in connection with their motion to compel.  The court will address each issue in turn.

As an initial matter the court sets forth the general standards governing Plaintiffs' discovery motion.  "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion."  *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'"  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "Although the scope of discovery under the federal rules is broad, . . . parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses."  *Richards v. Convergys Corp.*, No. 2:05-cv-00790-DAK & 2:05-cv-00812-DAK, 2007 U.S. Dist. LEXIS 9131, at *10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

## I.  Financial Records

One of Plaintiffs' document requests seeks Paladin's financial records, including balance sheets and income statements.  Paladin objected to the request as being overly broad and seeking information that is not relevant.

In their motion, Plaintiffs argue, among other things, that Paladin's financial records are relevant to Plaintiffs' claims for piercing the corporate veil and for punitive damages.  In response, Paladin argues, among other things, that its pending dispositive motion concerning Plaintiffs' veil-piercing claim should be decided prior to any potential discovery of Paladin's financial records.  Paladin further argues that discovery of its financial records for purposes of Plaintiffs' punitive damages claim should likewise be deferred.  Paladin asserts that Plaintiffs' claims for fraud, which are the only claims upon which Plaintiffs seek punitive damages, are the subject of pending dispositive motions.  As such, Paladin contends that any discovery of its financial records should be deferred pending the survival of any of Plaintiffs' underlying claims for fraud.  The court notes that Plaintiffs failed to file a reply memorandum to address any of Paladin's arguments.

The court agrees with Paladin's arguments.  Given that Paladin's financial records are relevant only to claims that are the subject of pending dispositive motions, the court concludes that any potential discovery of Paladin's financial records should be deferred until after those dispositive motions are decided.  Accordingly, this portion of Plaintiffs' motion to compel is denied without prejudice.  If any of Plaintiffs' claims for veil-piercing or for fraud survive

dismissal, Plaintiffs are free to renew their motion to compel production of Paladin's financial records, if necessary.

## II.  Organizational Documents

The same document request that seeks discovery of Paladin's financial records also seeks Paladin's organizational documents, including operating agreements, articles of incorporation, and bylaws.  Paladin objected to the request on the basis that it sought information that was not relevant.

Plaintiffs argue that Paladin's organizational documents are relevant to their claim for piercing the corporate veil.  Plaintiffs generally argue that Paladin's failure to adhere to corporate formalities is relevant to that claim and, as a result, Paladin's organizational documents are discoverable.  In response, Paladin argues that its organizational documents are not relevant because, under Utah law, any failure of a limited liability corporation, like Paladin, to adhere to corporate formalities is not a basis for imposing personal liability on any of the members of the limited liability company.  *See* Utah Code § 48-2c-605 (providing that the failure of a limited liability company "to maintain records, to hold meetings, or to observe any formalities or requirements imposed by this chapter or by the articles of organization or the operating agreement is not a ground for imposing personal liability on any member, manager, or employee for any debt, obligation, or liability of the company").  Again, the court notes that Plaintiffs failed to file a reply memorandum to address any of Paladin's arguments.

Pursuant to the above-cited statutory provision, the court concludes that Paladin's organizational documents are not relevant to Plaintiffs' veil-piercing claim.  As noted by Paladin,

Plaintiffs have failed to note the distinction between a limited liability company and a corporation on this issue. Accordingly, this portion of Plaintiffs' motion to compel is denied.

### III.  Meeting Minutes and E-Mails

Several of Plaintiffs' document requests seek Paladin's annual meeting minutes, as well any meeting minutes related to the project underlying Plaintiffs' claims in this case. Plaintiffs' document requests also seek any of Paladin's project-related e-mails. In response to those document requests, Paladin lodged some objections. However, Paladin also produced all responsive documents that were not subject to privilege.

In their motion, Plaintiffs argue, among other things, that if Paladin continues to assert that it has produced all responsive meeting minutes and e-mails, it should be required to submit affidavits or declarations to support that assertion. In its response to Plaintiffs' motion, Paladin has included such declarations.[3] Again, the court notes that Plaintiffs failed to file a reply memorandum to address any of Paladin's arguments.

The court accepts in good faith the accuracy of Paladin's declarations. Because the court cannot order Paladin to produce what it claims, under oath, that it does not have, this portion of Plaintiffs' motion is denied.

### V.  Reasonable Expenses

Finally, the court addresses Plaintiffs' request for an award of reasonable expenses incurred in connection with their motion to compel. Because the court has denied Plaintiffs'

---

[3] *See* docket no. 145, Exhibits A-C.

motion, it logically follows that they are not entitled to an award of reasonable expenses. Accordingly, Plaintiffs' request for an award of reasonable expenses is denied.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiffs' motion to compel[4] is **DENIED**, as detailed above.

2. Plaintiffs' request for an award of reasonable expenses incurred in connection with their motion to compel is **DENIED**.

**IT IS SO ORDERED**.

DATED this 3rd day of April, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 139.