# Exhibit A

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAMES DEMARCO, et al.,<br><br>Plaintiffs,<br><br><br><br>vs.<br><br><br>MICHAEL LAPAY, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS JOE WRONA AND WRONA OFFICES, P.C.'S MOTION FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:09-CV-190 TS |

Before the Court is Defendant Joe Wrona and Wrona Offices, P.C.'s (collectively,

"Wrona") Motion for Summary Judgment on Plaintiff's Fourth and Sixth Causes of Action.[1]

Wrona contends that it is entitled to summary judgment on Plaintiff's Fourth Cause of Action for

real estate broker malpractice because Wrona has never been a real estate broker. Wrona further

contends that it is entitled to summary judgment on Plaintiff's Sixth Cause of Action for legal

malpractice because Plaintiffs cannot demonstrate that Wrona was the actual and proximate

cause of Plaintiff's alleged harm.

---

[1]Docket No. 77.

1

Plaintiffs have not yet responded to the motion and have informally notified the Court that they do not intend to file any response. The Court has reviewed Wrona's Motion and finds that Wrona is entitled to the relief it seeks. For the reasons set forth below, the Court will grant Wrona's Motion for Summary Judgment.

## I. UNDISPUTED FACTS

Plaintiffs are a group of real estate investors who entered into a series of contracts to purchase units in the Silver Star Project located in Park City, Utah. In 2008, Plaintiff Cheryl De Marco ("C. De Marco") contacted Wrona by telephone and asked if Wrona would represent Plaintiffs in an effort to renegotiate its contractual liabilities with Prudential Utah Real Estate ("Prudential"). During the telephone call, Wrona disclosed to C. De Marco that Wrona had previously provided legal services to Prudential, although not in connection with any of the Silver Star Project sales involving Plaintiffs. Wrona informed C. De Marco that Wrona would be uncomfortable representing C. De Marco if she intended to assert claims against Prudential. C. De Marco informed Wrona that Plaintiffs did not desire or intend to assert claims against Prudential and wanted his assistance in negotiating a resolution with Paladin Development Partners, LLC ("Paladin"). The next day, Wrona had an identical discussion with Plaintiff Jeffery Ott.

C. De Marco and Jeffery Ott agreed to Wrona's representation and executed a Representation Agreement on September 29, 2008. The opening paragraph of the Representation Agreement stated:

> You have asked Wrona Law Offices, P.C. to represent you in a dispute with the developers of the Silver Star Project in Park City, Utah. I spoke with Cheryl via

2

telephone about the dispute, and I have also spoken to Jeff about the dispute. I have disclosed both times that I formerly served as general legal counsel to Prudential Utah Real Estate. You are aware that Michael LaPay is a Prudential agent and that Mr. LaPay was the listing agent for the Silver Star project. Unless and until it appears that a legitimate claim exists against Mr. LaPay and/or Prudential, I am able to represent you in this matter pursuant to the terms set forth below[.][2]

Shortly after the execution of this Agreement, Wrona commenced negotiations with Paladin on Plaintiffs' behalf. Wrona obtained a proposed solution from Paladin which was submitted to, and ultimately rejected by, Plaintiffs. Around this same time, Plaintiffs became delinquent in their payment obligations to Wrona. On December 21, 2008, Wrona informed Plaintiffs that Wrona needed to withdraw as their legal counsel. Plaintiffs consented to this withdrawal on January 7, 2009.

After Wrona's representation of Plaintiffs concluded, Wrona continued to attempt to collect legal fees from Plaintiffs. After efforts to negotiate a resolution failed, Wrona filed a collection action against Plaintiffs and obtained a judgment against Plaintiffs.

In March of 2009, Plaintiffs filed their Complaint in this action. Therein, Plaintiffs allege that Wrona breached his duty and committed malpractice as the real estate broker (Fourth Cause of Action) and breached his professional responsibility as an attorney by committing malpratice (Sixth Cause of Action). Wrona has moved for summary judgment on these claims.

---

[2]Docket No. 80, at 4.

3

## II. LEGAL STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

"The standard is somewhat modified in an unopposed motion for summary judgment."[6]  "[I]t is improper to grant a motion for a summary judgment simply because it is unopposed."[7]  "It is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law.  In so doing, the court must be certain that no undisclosed factual dispute would undermine the uncontroverted facts."[8]  The Court "must consider the plaintiff's . . . claim based

---

[3]*See* Fed.R.Civ.P. 56(a).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[6]*Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006).  The Court notes that Plaintiff technically filed a response to Defendant's motion, but declined the opportunity to respond to the merits of the Motion.

[7]*E.E.O.C. v. Lady Balt. Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

[8]*Thomas*, 428 F. Supp. 2d at 1163 (citing *Lady Balt. Foods*, 643 F. Supp. at 407).

4

on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party."[9]

## III. DISCUSSION

Wrona contends it is entitled to summary judgment on Plaintiffs' Fourth Cause of Action because Wrona has never been a real estate broker and is, therefore, not subject to real estate broker's duties. In support of this argument, Wrona provides a letter from the Utah Division of Real Estate which states that it "has no record of Joseph E. Wrona ever being licensed in Utah as a real estate agent or broker. There is no record of Mr. Wrona being associated as a broker with Prudential Utah Real Estate."[10] Indeed, Wrona presents to the Court a certified record from the Utah Division of Real Estate which confirms that an individual named Dougan T. Jones has been the principal broker of Prudential since 2002—well before the transactions at issue were consumated.

Based on the record before the Court, it can find no undisclosed factual dispute which would undermine this clear evidence that Wrona has never been a real estate broker. As Wrona is not a licensed real estate broker, Wrona is not subject to real estate broker duties and Plaintiffs' Fourth Cause of Action fails as a matter of law. The Court will, therefore, grant Wrona's Motion for Summary Judgment on Plaintiffs' Fourth Cause of Action.

---

[9]*Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209 (1st Cir. 2008).

[10]Docket No. 80, at 8-9.

Wrona further contends, among other things,[11] that it is entitled to summary judgment on Plaintiffs' Sixth Cause of Action because Plaintiffs cannot demonstrate that Wrona was the actual and proximate cause of Plaintiffs' alleged harm. To prevail in a legal malpractice action, the plaintiff must "show that if the attorney had adhered to the ordinary standards of professional competence and had done the act he failed to do or not done the act complained about, the client would have benefitted."[12] Thus, Plaintiffs must demonstrate that, but for the complained of conduct, Plaintiffs would have received a more favorable outcome.

From the record before the Court, it can find no evidence that Plaintiffs would have received a benefit had Wrona acted differently during his tenure as their counsel. The Court concludes that Plaintiff has failed to demonstrate that Wrona was the actual and proximate cause of any harm to Plaintiffs. The Court, therefore, will grant Wrona's request for summary judgment on Plaintiffs' Sixth Cause of Action.

## IV. CONCLUSION

It is therefore

ORDERED that Defendants Joe Wrona and Wrona Offices, P.C.'s Motion for Summary Judgment On Plaintiffs' Fourth and Sixth Cause of Action (Docket No. 77) is GRANTED.

---

[11]Wrona contends that it is entitled to summary judgment because Plaintiff has failed to sufficiently plead their legal malpractice action. While this may or may not be true, the defense of failure to state a claim upon which relief can be granted may only be raised in specific instances, *see* Fed.R.Civ.P. 12(h)(2), and a motion for summary judgment under Fed.R.Civ.P. 56(a) is not among them.

[12]*Christensen & Jensen, P.C. v. Barret & Daines*, 194 P.3d 931, 938 (Utah 2008) (internal quotation marks and citation omitted).

6

DATED   May 9, 2011.

BY THE COURT:

TED STEWART
United States District Judge

# Exhibit B

**WRONA LAW FIRM, P.C.**
Joseph E. Wrona (#8746)
Jared C. Bowman (#11199)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
Attorneys for Defendants Joseph Wrona and
Wrona Law Offices, P.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO; CHERYL DE MARCO; GEORGE DE MARCO; JEFFREY OTT; NANCY OTT; SLOPESIDE PROPERTIES; LLC and JOHN/JANE DOES 26-50, | **SUPPLEMENTAL AFFIDAVIT OF JOSEPH E. WRONA** |
| Plaintiffs, | |
| vs. | Case No. 2:09cv00190 |
| MICAHEL LAPAY, HEATHER PETERSON, CARRIE SHOAF, DUSTY ORRELL, KEELIE WEST, DICK STONER, as individuals and/or as agents for Prudential Utah Real Estate; PRUDENTIAL UTAH REAL ESTATE; PALADIN DEVELOPMENT PARTNERS, LLC, a Utah limited liability company; MICHAEL LAPAY, RORY MURPHY, GEORGE BRYANT, and CHRISTOPHER CONABEE, as individuals and/or as agents and/or as managers of Paladin Development Partners, LLC; ORCO CONTRACTING, LLC; WILLIAM R. OKLAND; BRETT J. OKLAND; PREMIER RESORTS aka DEER VALLEY LODGING, JOE WRONA individually and WRONA OFFICES, PC and | Judge: Ted Stewart |

| JOHN/JANE DOES 1-25, | |
| --- | --- |
| Defendants. | |

STATE OF UTAH )
): ss
COUNTY OF SUMMIT )

JOSEPH E. WRONA, being first duly sworn on his oath deposes and says:

1.    I am over the age of 18, and competent to testify and have personal knowledge regarding the matter stated in this affidavit.

2.    I am the owner and manager of Wrona Law Firm, P.C. ("Wrona Law"), a law firm of 16 attorneys with offices in Park City, Draper and Heber, Utah.

3.    In December of 2008, the DeMarco Plaintiffs became delinquent on their payments to Wrona Law.

4.    On December 21, 2008, I informed the DeMarco Plaintiffs that it would be best if Wrona Law and I withdrew as their counsel.

5.    On January 7, 2009, that withdrawal took place as that is the date the DeMarco Plaintiffs consented to the withdrawal.

6.    Wrona Law, however, continued to send monthly invoices to the DeMarco Plaintiffs so that the DeMarco Plaintiffs would know the amount they owed to Wrona Law, and did so until January 7, 2011.

2

7.    Despite these monthly invoices and my attempts to negotiate a resolution to the payment issue, the DeMarco Plaintiffs refused to pay the attorney fees they owed Wrona Law.

8.    Eventually, Wrona Law was forced to file a collection action against the DeMarco Plaintiffs in small claims court.

9.    On March 3, 2009, eleven (11) days after service of the collection action on the DeMarco Plaintiffs the DeMarco Plaintiffs filed the present Federal Action.

10.    After filing the Federal Action, the DeMarco Plaintiffs continued refusing to pay Wrona Law what the DeMarco Plaintiffs were contractually obligated to pay.

11.    On or about March 30, 2009, I telephoned the DeMarco Plaintiffs' counsel, Thomas Klc, and informed him of the falsity of the DeMarco Plaintiffs' accusations.

12.    I followed up my telephone conversation with Mr. Klc by providing written evidence of the falsity of the DeMarco Plaintiffs' allegations.

13.    On April 15, 2009, Wrona Law obtained a default judgment in the collection action against the DeMarco Plaintiffs.

14.    The DeMarco Plaintiffs, however, refused to pay the small claims court judgment and instead moved to set aside the default judgment.

15.    The small claims court set aside the default judgment and scheduled a bench trial to take place on July 15, 2009.

16.    On July 15, 2009, the small claims court held a bench trial and awarded judgment in favor of Wrona Law.

3

17.     The DeMarco Plaintiffs, however, still refused to pay Wrona Law despite the judgment against the DeMarco Plaintiffs.

18.     On May 9, 2011, the Court granted summary judgment against the DeMarco Plaintiffs on all of the DeMarco Plaintiffs' claims against me and Wrona Law in this Action after the DeMarco Plaintiffs failed to even respond to my Motion for Summary Judgment.

19.     Despite acknowledging the meritlessness of their claims and failing to appeal any of the judgments against them, the DeMarco Plaintiffs have never attempted to satisfy the Judgment obtained by Wrona Law.

FURTHER AFFIANT SAYETH NOT.


_____
Joseph E. Wrona



SUBSCRIBED AND SWORN to before me this ____ day May, 2012.


_____
NOTARY PUBLIC


BRIAN JOYCE
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 11/06/2012
Commission # 576571

4

# Exhibit C

3RD DISTRICT CT- SILVER SUMMIT
SUMMIT COUNTY, STATE OF UTAH

WRONA LAW OFFICES PC vs. CHERLY L DEMARCO

CASE NUMBER 098500044 Small Claim

CURRENT ASSIGNED JUDGE
    BRUCE LUBECK

PARTIES

    Plaintiff - WRONA LAW OFFICES PC
    Represented by: JARED C BOWMAN

    Defendant - CHERLY L DEMARCO
    Represented by: THOMAS J KLC

    Defendant - JEFFREY D OTT
    Represented by: THOMAS J KLC

ACCOUNT SUMMARY

    TOTAL REVENUE  Amount Due:        190.00
            Amount Paid:      190.00
                Credit:      0.00
                Balance:     0.00


    REVENUE DETAIL - TYPE: SMALL CLAIMS 2K-MORE
            Amount Due:        70.00
            Amount Paid:       70.00
            Amount Credit:     0.00
            Balance:       0.00

    REVENUE DETAIL - TYPE: SMALL COUNTER 7500->
            Amount Due:       120.00
            Amount Paid:      120.00
            Amount Credit:     0.00
            Balance:       0.00

CASE NOTE


PROCEEDINGS

02-11-09 Filed: Small Claims Affidavit And Summons 2K-MORE
02-11-09 Case filed
02-11-09 Judge BRUCE LUBECK assigned.

CASE NUMBER 098500044 Small Claim

---

02-11-09 Fee Account created      Total Due:      70.00
02-11-09 SMALL CLAIMS 2K-MORE    Payment Received:      70.00
          Note: Code Description: SMALL CLAIMS 2K-MORE
02-11-09 BENCH TRIAL scheduled on March 18, 2009 at 03:00 PM in JUSTICE
          CENTER COURT with Judge PROTEM JUDGE.
02-17-09 BENCH TRIAL rescheduled on April 15, 2009 at 03:00 PM
          Reason: Unable to serve.
03-20-09 Filed return: Small Claims Affidavit and Order
              Party Served: DEMARCO, CHERLY L
              Service Type: Personal
              Service Date: March 12, 2009
03-20-09 Filed return: Small Claims Affidavit and Order
              Party Served: DEMARCO, CHERLY L
              Service Type: Personal
              Service Date: February 20, 2009
03-26-09 Filed: Small Claims Response To Affidavit. Request For
          Dismissal
04-15-09 Minute Entry - Minutes for SMALL CLAIMS BENCH TRIAL
          Judge:  SMALL CLAIMS PROTEM JUDGE
          Clerk:  brittanm
          PRESENT
          Plaintiff(s): WRONA LAW OFFICES PC
          Tape Number:    Off Record

---

HEARING

      TAPE: Off Record Pro Tem Judge Polly McLean. Attorney Jared Bowman
      appearing on behalf of plaintiff. Judgment for plaintiff in the
      amount of $3226.41
04-17-09 Judgment Entered - Amount $3226.41
04-17-09 Filed judgment: Small Claim Judgment
              Judge SMALL CLAIMS PROTEM JUDGE
              Signed April 15, 2009
04-17-09 Case Disposition is Judgment
          Disposition Judge is SMALL CLAIMS PROTEM JUDGE
04-17-09 Case Disposition is Set aside/Withdrawn
          Disposition Judge is SMALL CLAIMS PROTEM JUDGE
04-23-09 Filed: Motion To Set Aside
          Filed by: DEMARCO, CHERLY L
04-28-09 Filed: Opposition to Motion to Set Aside Default Judgment
05-06-09 Filed order: Motion To Set Aside and Order
              Judge SMALL CLAIMS PROTEM JUDGE
              Signed May 06, 2009
05-06-09 BENCH TRIAL scheduled on July 15, 2009 at 03:00 PM in JUSTICE
          CENTER COURT with Judge PROTEM JUDGE.
05-07-09 Filed: Response To Opposition To Motion To Set Aside Default
          Judgment

CASE NUMBER 098500044 Small Claim

---

06-12-09 Filed: Small Claims Counter Affidavit And Summons 7500->
06-12-09 Fee Account created    Total Due:    120.00
06-12-09 SMALL COUNTER 7500->    Payment Received:    120.00
       Note: Code Description: SMALL COUNTER 7500->
07-15-09 Judgment #1 Modified $ 3226.41 Disposition: Set aside
07-15-09 Minute Entry - Minutes for SMALL CLAIMS BENCH TRIAL
       Judge:  SMALL CLAIMS PROTEM JUDGE
       Clerk:   brittanm
       PRESENT
       Plaintiff's Attorney(s): JARED C BOWMAN
       Defendant's Attorney(s): THOMAS J KLC
       Tape Number:    Off Record   Tape Count: None

---

HEARING

       TAPE: Off Record   COUNT: None
        Pro Tem Judge Randy Birch. Both parties present and plaintiff
       presents case and evidence. Defendant rebuttals and also provides
       evidence. Judgment for plaintiff in the amount of $2405.53. Copy of
       judgment and all evidence given to parties in open court.
        Either party may file an appeal up to 30 days from date of
       judgment
07-15-09 Judgment #2 Entered $ 2405.83
       Creditor: WRONA LAW OFFICES PC
       Debtor:  CHERLY L DEMARCO
       Debtor:  JEFFREY D OTT
           2,113.33 Principal
            292.50 Costs
           2,405.83 Judgment Grand Total
07-15-09 Filed judgment: Small Claim Judgment
             Judge SMALL CLAIMS PROTEM JUDGE
             Signed July 15, 2009

# Exhibit D

3/24/09

Thomas J. Klc, Utah State Bar #1836
Thomas J. Klc & Associates
4725 South Holladay Boulevard Suite 110
Salt Lake City, UT 84117
(801)277-3033 (Telephone)
(801)424-0258 (Telefax)
tomklc@prodigy.net

*WORKING*
*Copy*

Attorney for Defendants

## DISTRICT COURT OF SUMMIT COUNTY
### THIRD JUDICIAL DISTRICT
Address: 6300 North Silver Creek Road, Park City, Utah 84098

| | |
|---|---|
| WRONA LAW OFFICES, P.C., <br><br> Plaintiff | SMALL CLAIMS RESPONSE TO AFFIDAVIT.  REQUEST FOR DISMISSAL. |
| v. <br><br> CHERLY L. DEMARCO AND JEFFREY D. OTT <br><br> Defendants | Case No. 098500044 |

COMES NOW DEFENDANTS, by and through their attorney, and RESPONDS TO

PLAINTIFFS SMALL CLAIMS AFFIDAVIT and requests deferral as follows:

1. DEFENDANTS deny the allegations of Plaintiff.

2. DEFENDANTS have filed an action in the U.S. District Court for the District of Utah against

PLAINTIFF (James DeMarco, et. al. v. Michael LaPay, et. al., Case No. 2:09cv00190) which

exceeds the jurisdictional amount of the small claims court and includes the same subject matter.

3. DEFENDANTS request that the court dismiss this matter without prejudice, or otherwise

defer the same pending resolution of the matter in U.S. District Court.

DATED this 24th day of MARCH , 2009.

Copy sent to PLAINTIFFS

Thomas J. Klc
Attorney for Defendants

# Exhibit E



WRONA LAW OFFICES
ATTORNEYS AT LAW

March 30, 2009

Thomas J. Klc
Attorney at Law
4725 South Holladay Blvd., #110
Salt Lake City, Utah 84117-5402

Re:   *James De Marco, et al. v. Michael LaPay, et al.*
      *Case No.: 2:09cv00190*

Dear Mr. Klc:

     You have filed a civil action naming me and my law firm as defendants in case no. 2:09cv00190. I have already spoken to you on the telephone and informed you that contrary to the blatantly false allegations in your Complaint:

1.    I have never acted as a real estate agent and have never held a real estate agent's license;

2.    I have never acted as a real estate broker and have never held a real estate broker's license; and

3.    I have never been an owner, partner, shareholder, member, officer or employee of Prudential Utah Real Estate.

During my telephone call to you, I also informed you that:

1.    Prudential Utah Real Estate is a dba of Extreme Holding, LLC;

2.    The principal broker of Prudential Utah Real Estate for the past six years has been Dougan Jones; and.

3.    The registered agent for Prudential Utah Real Estate and of Extreme Holding, LLC is attorney Keith W. Meade.

     Enclosed is a certificate of fact issued by the Utah Department of Commerce confirming that Prudential Utah Real Estate is a dba registered by Extreme Holding, LLC on April 6, 2001, and that Keith W. Meade is the registered agent for Prudential Utah Real Estate. Also enclosed is a letter issued by Keith W. Meade to you which separately confirms that I am not a principal of Prudential Utah Real Estate, and a certified record from the Utah Division of Real Estate confirming that Dougan T. Jones has been the principal broker of Prudential Utah Real Estate since 2002.

Thomas J. Klc
March 26, 2009 Letter
Page 2

     Federal Civil Rule 11 requires you to conduct an investigation into the actual allegations set forth in any pleading that you sign. Civil Rule 11 also requires that you correct any misrepresentations of fact once you become aware of an inaccuracy in a pleading. If you persist in asserting wrongful claims against me or my law firm in this matter, I will file a motion for Rule 11 sanctions in conjunction with a motion to dismiss me and my firm from this action. I will also file a grievance with the Utah Bar Association, and I will file suit against you and your clients for abuse of process.

     By this letter, I am demanding that you immediately amend your complaint and remove me and my firm as named defendants. Please do not force me to take any additional action.

                     Sincerely,

                     Joseph E. Wrona

Encl.



**Utah Department of Commerce**
Division of Corporations & Commercial Code
160 East 300 South, 2nd Floor, S.M. Box 146705
Salt Lake City, UT 84114-6705
Phone: (801) 530-4849
Toll Free: (877) 526-3994 Utah Residents
Fax: (801) 530-6438
Web Site: http://www.commerce.utah.gov

Registration Number: 4902115-0151                     March 19, 2009
Business Name:     PRUDENTIAL UTAH REAL ESTATE
Registered Date:    APRIL 06, 2001

# CERTIFICATE OF FACT

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL CODE ("DIVISION") HEREBY
CERTIFIES THAT THE FOLLOWING ARE PRINCIPALS CURRENTLY ON FILE WITH THE ABOVE
NAMED BUSINESS, HAVING MET ALL REQUIREMENTS FOR REGISTRATION IN THE STATE OF
UTAH.

     KEITH W MEADE-REGISTERED AGENT
     EXTREME HOLDING, L.L.C.-APPLICANT.
     NO ADDITIONAL PRINCIPALS LISTED



Kathy Berg
Division Director of
Corporations and Commercial Code

| Dept. of Professional Licensing | Real Estate | Public Utilities | Securities | Consumer Protection |
|---|---|---|---|---|
| (801)530-6628 | (801)530-6747 | (801)530-6651 | (801)530-6600 | (801)530-6601 |



State of Utah
Department of Commerce
Division of Real Estate

JON HUNTSMAN, JR.
Governor

FRANCINE GIANI
Executive Director

MARK B. STEINAGEL
Real Estate Division Director

March 19, 2009

## CERTIFICATION OF DOCUMENTS

I hereby certify that the attached documents are copies of official Utah Division of Real
Estate documents.

Division of Real Estate

Julie Price
Office Specialist

State of Utah        )
                     ss.
County of Salt Lake  )

On this ___19___ day of _March_, 2009, I certify that the preceding or attached
document, is a true, exact, complete and unaltered photocopy made by me of the
mortgage statistics documents, presented to me by the document's custodian, Julie Price.

_Renda Christensen_
Notary Public



NOTARY PUBLIC
RENDA CHRISTENSEN
160 East 300 South, 2nd Floor
Salt Lake City, UT 84111
COMMISSION EXPIRES
February 14, 2011
STATE OF UTAH

CERTIFIED COPY



# COHNE RAPPAPORT & SEGAL

*A PROFESSIONAL CORPORATION*

ATTORNEYS AT LAW

257 EAST 200 SOUTH, Suite 700
SALT LAKE CITY, UTAH 84111
(801) 532-2666
(801) 355-1813 FAX

*Mailing Address*
POST OFFICE BOX 11008
SALT LAKE CITY, UTAH
84147-0008

Richard A. Rappaport
Roger O. Segal
Jeffrey L. Silvestrini
David S. Dolowitz
Vernon L. Hopkinson
Keith W. Meade
Roy M. Beck
A.O. Headman, Jr.
Julia A. Bryan
Jeffrey R. Oritt

Daniel J. Torkelson
Leslie Van Frank
Larry R. Keller
Dash C. Sarandos
Edward T. Vasquez
Joshua K. Peterman
Kevin A. Turney
Bradley M. Strassberg
Pete B. Sarandos
Matthew G. Nielsen

March 11, 2009

Thomas J. Klc.
4725 South Holladay Blvd., Suite 110
Salt Lake City, UT 84117

Dear Mr. Klc:

I am the registered agent for Prudential Utah Real Estate. I am authorized to accept service on behalf of Prudential Utah Real Estate and the individual agents of the company that you have identified in the Complaint in the matter entitled James DeMarco v. Michael LaPay, et al., Case No. 2:09cv00190. If you want to send me an acceptance of service, we will cooperate with you.

Joseph E. Wrona is not the registered agent for Prudential Utah Real Estate. Neither is he "doing business as Prudential Utah Real Estate".

I am not aware that any of the agents of Prudential or the company itself have been served with the Summons or Complaint in this matter. It is my intention to file a written response if service is effected.

Very truly yours,

COHNE, RAPPAPORT & SEGAL, P.C.

Keith W. Meade



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

THOMAS J. KLC
Attorney at Law
4725 S. Holladay Blvd
# 110
Salt Lake City UT 84117

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Elsebe Johnson_     □ Agent
                       □ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  3/3/0 9

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:         □ No

3. Service Type
   ☒ Certified Mail    □ Express Mail
   □ Registered        □ Return Receipt for Merchandise
   □ Insured Mail      □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)

   7007 2560 0000 3951 7213

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

DeMario Federal Litigation
Wrona Law Offices
1745 Sidewinder Dr
Park City UT 84060

# Exhibit F



# Third District Court, State of Utah
## Summit County, Silver Summit Department
6300 N. Silver Creek Drive, Park City, Utah 84098

Wrona Law Office P.C.
_____
Name of Plaintiff(s)
_____
Agent & Title
1745 Sidewinder Dr.
_____
Street Address
Park City UT 64160
_____
City, State, ZIP                    Daytime Phone

Cheryl Demarco / Jeffrey Ott
_____
Name of Defendant(s)
26361 Kelvingrove Ln Huntington Beach CA 92646
_____
Social Security Number
532 Laguna Point
_____
Street Address
Holland OH 43528
_____
City, State, ZIP                    Daytime Phone

)
)
)
)
)
)                **SMALL CLAIMS**
)                   **JUDGMENT**
)
)
)
)                Case No. 098500044
)
)
)
)
)
)

DATE OF TRIAL: April 15, 2009

PARTIES APPEARING:   [✓] Plaintiff   [ ] Defendant

THE COURT ORDERS JUDGMENT AS FOLLOWS:

[✓] FOR PLAINTIFF        [ ] FOR DEFENDANT ON COUNTER AFFIDAVIT
   $ 2126.41 _____ Principal
   $ 1100.00 _____ Court Costs
   $ 3226.41 _____ Total Judgment, with interest at the current state post-judgment rate, until paid.

[ ] FOR DEFENDANT        [ ] FOR PLAINTIFF ON COUNTER AFFIDAVIT
   [ ] No Cause of Action
   [ ] Dismissal With Prejudice (claim may not be refiled)
   [ ] Dismissal Without Prejudice (claim may be refiled)

**This judgment is effective for 8 years.**

Dated April 15 _____, 20 09        _____
                                                        JUDGE

## NOTICE OF JUDGMENT
*(ORIGINAL TO BE FILED WITH COURT)*

On this date I certify that I   [✓] mailed   [✓] delivered a copy of this judgment to        [✓] Plaintiff   [✓] Defendant

Dated April 15 _____, 20 09        _____
                                                        Signature of Person Giving Notice of Judgment

# Exhibit G

 

MAY 1 1 2009

BY:

DISTRICT COURT OF SUMMIT COUNTY
THIRD JUDICIAL DISTRICT
Address: 6300 North Silver Creek Road, Park City, Utah 84098

THIRD DISTRICT COURT - SUMMIT

2009 APR 23   AM 8: 14

| WRONA LAW OFFICES, P.C., | MOTION TO SET ASIDE AND ORDER |
|---|---|
| Plaintiff | FILED BY |
| v. | |
| CHERLY L. DEMARCO AND JEFFREY D. OTT | Case No. 098500044 |
| | Assigned Judge: |
| Defendants | |

[ ] Plaintiff [x] Defendant moves that the [ ] dismissal [x ] default judgment entered on April 15, 2009, be set aside. The reason I did not appear at trial is:

Pursuant to the rules, I understood that I would be notified of a new trial date if the case was not dismissed.

I certify that I mailed a copy of this motion to set aside to [x] plaintiff [ ] defendant on (date) April 20, 2009 at the following address: Wrona Law Offices, P.C.,1745 Sidewinder Drive, Park City, Utah 84060

_April 20, 2009_
Date

_____
Party's or Agent's Signature

ORDER OF THE COURT

This motion to set aside is
[ ] Denied.
[x] Granted. The trial is scheduled for:

_July 15, 2009_
Date of trial

_3:00 pm_
Time of trial

[ ] Moving party to pay other party's proven costs associated with the motion to set aside.

_5/6/09_
Date

_____
Judge's Signature

I certify that I mailed a copy of this order to plaintiff and defendant at the address on file with the court.

_May 6, 2009_
Date

_____
Clerk's Signature

# Exhibit H

# Third District Court, State of Utah

## Summit County, Silver Summit Department
### 6300 N. Silver Creek Drive, Park City, Utah 84098

Nrona Law Offices P.C.
Name of Plaintiff(s)
)
)
)
)
Agent & Title.
1145 Sidewinder Dr.
Street Address
Park City UT
City, State, ZIP                                    Daytime Phone
)
)
)
)
)
)
)

**SMALL CLAIMS JUDGMENT**

Cherly Demarco
Name of Defendant(s)
20301 LeVmargrove Ln Huntington Beach CA 92646   Case No. 098300042\
Social-Security Number
Jeffrey Ott
Street Address
532 Laguna Point Holland OH 43528
City, State, ZIP                                   Daytime Phone
)
)
)
)

DATE OF TRIAL: 7/15/09

PARTIES APPEARING:   [✓] Plaintiff   [✓] Defendant

THE COURT ORDERS JUDGMENT AS FOLLOWS:

[✓] FOR PLAINTIFF          [ ] FOR DEFENDANT ON COUNTER AFFIDAVIT

$  2113 33   Principal + 18% interest tie collected
$  292 50   Court Costs
$  2405 83   Total Judgment, with interest at the current state post-judgment rate, until paid.

[ ] FOR DEFENDANT       [ ] FOR PLAINTIFF ON COUNTER AFFIDAVIT

[ ]  No Cause of Action

[ ]  Dismissal With Prejudice      (claim may not be refiled)

[ ]  Dismissal Without Prejudice   (claim may be refiled)

This judgment is effective for 8 years.

Dated _____7/15_____ , 20 09          _____
                                             JUDGE

## NOTICE OF JUDGMENT
*(ORIGINAL TO BE FILED WITH COURT)*

On this date I certify that I   [ ] mailed   [✓] delivered a copy of this judgment to   [✓] Plaintiff   [✓] Defendant

Dated ___11/4/15___ , 20 09          _____
                                       Signature of Person Giving Notice of Jud

# Exhibit I

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| JAMES DE MARCO, et al.,<br><br>    Plaintiffs, | **AMENDED SCHEDULING ORDER** |
| v.<br><br>MICHAEL LAPAY, et al.,<br><br>    Defendants. | Case No. 2:09-cv-190-TS-PMW |
| | Chief District Judge Ted Stewart |
| | Magistrate Judge Paul M. Warner |

Pursuant to Fed.R. Civ P. 16(b), the following matters are scheduled. The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause.

## **\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | | |
|---|---|---|---|
| **1.** | | **PRELIMINARY MATTERS** | **DATE** |
| | | Nature of claims and any affirmative defenses: | |
| | a. | Was Rule 26(f)(1) Conference held? | *02/26/2010* |
| | b. | Has Attorney Planning Meeting Form been submitted? | *03/08/2010* |
| | c. | Was 26(a)(1) initial disclosure completed? | *04/01/2010* |
| **2.** | | **DISCOVERY LIMITATIONS** | **NUMBER** |
| | a. | Maximum Number of Depositions by Plaintiff(s) | *10* |
| | b. | Maximum Number of Depositions by Defendant(s) | *10* |
| | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties) | *7* |
| | d. | Maximum Interrogatories by any Party to any Party | *25* |
| | e. | Maximum requests for admissions by any Party to any Party | *No limit* |
| | f. | Maximum requests for production by any Party to any Party | *No limit* |
| | g. | Discovery of electronically stored information should be handled as follows: | |

Electronically stored information will be subject to the same parameters of discovery as documents and will be produced in lieu thereof if such would generate a cost savings to the parties.

h.     Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: Absent specific identification of any item as attorney work product at the time of production, no claim of privilege or protection as trial preparation material may be asserted after production.

| 3. | | AMENDMENT OF PLEADINGS/ADDING PARTIES[1] | DATE |
|---|---|---|---|
| | a. | Last Day to File Motion to Amend Pleadings | _05/01/2010_ |
| | b. | Last Day to File Motion to Add Parties | _05/01/2010_ |
| 4. | | RULE 26(a)(2) REPORTS FROM EXPERTS[2] | DATE |
| | a. | Plaintiff | _02/27/2012_ |
| | b. | Defendant | _03/19/2012_ |
| | c. | Counter reports | _04/02/2012_ |
| 5. | | OTHER DEADLINES | DATE |
| | a. | Discovery to be completed by: | |
| | | Fact discovery | _12/13/2011_ |
| | | Expert discovery | _04/09/2012_ |
| | b. | *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e) | _00/00/00_ |
| | c. | Deadline for filing dispositive or potentially dispositive motions | _04/09/2012_ |
| 6. | | SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION | DATE |
| | a. | Referral to Court-Annexed Mediation: | |
| | b. | Referral to Court-Annexed Arbitration | |
| | c. | Evaluate case for Settlement/ADR on | |
| | d. | Settlement probability: | |

| 7. | | TRIAL AND PREPARATION FOR TRIAL | | TIME | DATE |
|----|----|----|----|----|----|
| | a. | Rule 26(a)(3) Pretrial Disclosures[3] | | | |
| | | Plaintiff | | | *07/11/2012* |
| | | Defendant | | | *07/25/2012* |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | *00/00/00* |
| | c. | Special Attorney Conference[4] on or before | | | *08/08/2012* |
| | d. | Settlement Conference[5] on or before | | | *08/08/2012* |
| | e. | Final Pretrial Conference | | 2:30 p.m. | *08/22/2012* |
| | f. | Trial | Length | | |
| | | i. Bench Trial | | | *00/00/00* |
| | | ii. Jury Trial | *15 days* | 8:30 a.m. | *09/05/2012* |

8. **OTHER MATTERS**

Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

February 23, 2012.

BY THE COURT:

PAUL M. WARNER
U.S. Magistrate Judge

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[2] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party. This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[3] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[4] The Special Attorneys Conference does not involve the Court. Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case. Witnesses will be scheduled to avoid gaps and disruptions. Exhibits will be marked in a way that does not result in duplication of documents. Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[5] The Settlement Conference does not involve the Court unless a separate order is entered. Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.

# Exhibit J



| Utah.gov | Online Services | Agency List | Business | | Search |

# Utah Department of Commerce — Business Entity Search

Help

**Business Entity Search - Principals:**

| Name | Type | City | Status |
|------|------|------|--------|
| PRUDENTIAL UTAH REAL ESTATE | DBA | Midvale | Active |

| Position | Name | Address | |
|----------|------|---------|---|
| Registered Agent | KEITH W MEADE | 257 E 200 S STE 700 | Salt Lake City UT 84111 |
| Applicant | JOSEPH E WRONA | 1816 PROSPECTOR AVE, SUITE 100 | PARK CITY UT 84060 |

Additional Principals on file at Division of Corporations: N

[ Back to search results ]    [ Do Another Search ]

Your experience is important to us. Please click the link below to provide feedback.

Feedback Form

Department of Commerce Home | Division of Corporations Home | Contact Us
Utah.gov Home | Utah.gov Terms of Use | Utah.gov Privacy Policy | Utah.gov Accessibility Policy
Copyright © 2008 State of Utah - All rights reserved.

# Exhibit K

This form must be type written or computer generated.



**State of Utah**
**DEPARTMENT OF COMMERCE**
**Division of Corporations & Commercial Code**
**Application for Preparing a Letter of Transfer**
**for a Business Name Registration (DBA)**



RECEIVED

NOV 1 8 2008

Utah Div. Of Corp. & Comm. Code

We stress that this application is not intended to substitute for nor replace the advice of legal counsel. The Division of Corporations and Commercial Code ("Division") does require a letter of transfer prepared by the old applicant(s) / owner(s). This letter must state from whom the business name is being assigned, listing the name of the old applicant(s) /owner(s) assigning the business name registration to the new applicant(s) / owner(s). If a letter of transfer cannot be created, a copy of a bill of sale is sufficient. The letter of transfer or copy of the bill of sale must be filed along with the amended business name registration form which is completed by the new applicant(s) / owner(s).

1)I, Joseph E. Wrona , request that the Division of Corporations transfer the
   Old Applicant's Name

Business name, Prudential Utah Real Estate from the old applicant to
   Business Name

the new applicant. The new applicant's name is: Extreme Holding, L.L.C.

2)The Address of the business is: 6975 South Union Park Center, Suite 620
   Street Address

Midvale                          Utah                84047
City                             State               Zip

3) Name & Signature(s) of the old/new applicant(s) / owner(s).

Josph E. Wrona - Old Applicant
   Applicant/Owner                          Signature of Applicant/Owner

Extreme Holding, L.L.C. - New Applicant
   Applicant/Owner                      x  Signature of Applicant/Owner  CEO.

_____           _____
   Applicant/Owner                       Signature of Applicant/Owner

_____           _____
   Applicant/Owner                       Signature of Applicant/Owner

**IF NEEDED, YOU MAY USE AN ATTACHED SHEET FOR ADDITIONAL APPLICANTS INFORMATION.**

Under penalties of perjury and as an authorized authority, I declare that this application of letter of transfer, has been examined by me and is, to the best of my knowledge and belief, true, correct and complete.

4)This letter of transfer **must accompany the amended DBA form** which is completed by the new applicant with signature.

Under GRAMA (63-2-201), all registration information maintained by the Division is classified as public record. For confidentiality purposes, you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity.

Mailing/Faxing Information: www.corporations.utah.gov/contactus.html Division's Website:  www.corporations.utah.gov

11-18-08P01:43 RCVD

| This form must be type written or computer generated |

 **State of Utah**
**DEPARTMENT OF COMMERCE**
Division of Corporations & Commercial Code
Doing Business As (DBA) Registration Information Change Form



**RECEIVED**

NOV 1 8 2008

Utah Div Of Corp & Comm Code

Non-Refundable Processing Fee $12.00

Entity File Number  4902115-0151

Entity Name  Prudential Utah Real Estate

For each Yes button that you mark the question will appear below for you to fill out

1) Do you want to Change the Business Purpose?  ○ Yes  ◉ No

2) Do you want to Change the Registered Agent or the Address of the Registered Agent?  ○ Yes  ◉ No

3) Do you want to Change the Principal Address of the Business Entity?  ○ Yes  ◉ No

4) Do you want to Add individuals to the Business Entity?  ○ Yes  ◉ No

5) Do you want to Remove individuals from the Business Entity?  ◉ Yes  ○ No

5) If Yes, who do you want to Remove from the Business Entity and what Position do they hold?
Name  Joseph E Wrona            Position  Applicant
Name                          Position  Select/Type the position here

6) Do you want to Change the Address of the Business Entity's Principal(s)?  ○ Yes  ◉ No

*[right margin, rotated:]* Date Receipt Number Amount Paid  Date 11/13/2008  Receipt Number 2563284  Amount Paid $12.00

Under GRAMA [63-2-201] all registration information maintained by the Division is classified as public record. For confidentiality purposes you may use the business entity physical address rather than the residential or private address of any individual affiliated with the entity

Under penalties of perjury and as an authorized authority. I declare that this statement of change(s) has been examined by me and is to the best of my knowledge and belief true correct and complete

Name/Title  Keith W Meade, Registered Agent  Signature _____  Date  11/12/08

Mailing/Faxing Information    www corporations utah gov contactus html Division's Website    www corporations utah gov