VAN COTT, BAGLEY, CORNWALL & McCARTHY
John A. Snow (3025) (jsnow@vancott.com)
Alex B. Leeman (12578) (aleeman@vancott.com)
36 South State Street, Suite 1900
Salt Lake City, Utah  84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058

*Attorneys for Defendants Paladin, LaPay, Murphy, Bryan, and Conabee*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION, STATE OF UTAH

| | |
|---|---|
| JAMES DEMARCO, ET AL.<br><br>         Plaintiffs,<br><br>vs.<br><br>MICHAEL LAPAY, ET AL.<br><br>         Defendants. | **MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Case No. 2:09-CV-00190<br><br>Judge Ted Stewart |

Defendants Paladin Development Partners, LLC, Michael Lapay, Rory Murphy, George Bryan, and Christopher Conabee ("Paladin") hereby submit this Memorandum in Support of their Motion for Sanctions against Plaintiffs James DeMarco, Cheryl DeMarco, George DeMarco, Jeffrey D. Ott, Nancy H. Ott, and Slopeside Properties, LLC (collectively "Plaintiffs") and their counsel.

**BACKGROUND AND FACTS**

1.     On November 11, 2011, Defendants propounded written requests for the production of documents on each Plaintiff seeking production of certain financial records (the "Financial Discovery Requests").

1

2.      On December 8, 2011, Plaintiffs moved the Court for a protective order in an attempt to avoid producing the requested documents.  *See* Motion for Protective Order (Docket No. 120).

3.      In their Motion for Protective Order, Plaintiffs raised both technical and substantive objections to the Financial Discovery Requests.  Plaintiffs argued that the requests were not properly and timely served, and that the information sought was not relevant to this action.  *See* Motion for Protective Order, p. 1.

4.      On January 20, 2012, this Court entered an Order denying Plaintiffs' Motion for Protective Order.  *See* Order (Docket No. 143), submitted herewith as <u>Exhibit A</u>.  In its decision, the Court expressly rejected Plaintiffs' technical and substantive objections.  *See* Order, pp. 4-6.  The Court stated: "Plaintiffs shall provide responses to the Financial Discovery Requests within twenty-one (21) days of the date of this order." *Id.* at p. 6.

5.      The Court-ordered date to respond to the Financial Discovery Requests passed with no responses made by Plaintiffs.  On February 17, 2012, Paladin's counsel sent a letter to Plaintiffs' counsel indicating that a motion for sanctions would be filed if the discovery was not responded to promptly.  *See* <u>Exhibit B</u>.  Paladin's counsel reminded Plaintiffs that their relevancy objections had already been rejected by the Court, and therefore their responses should be free from any objection that the information sought is irrelevant.  *See id.*

6.      Shortly thereafter, Paladin received responses to the Financial Discovery Requests. *See* <u>Exhibit C</u>.  The Responses, dated February 15, 2012, contained only a "General Objection" that the Financial Discovery Requests were "not relevant to any claim or defense in this action, and further are not reasonably calculated to lead to the discovery of admissible information." *See id.*  No documents or substantive information were provided.

7. On February 22, 2012, Paladin's counsel again wrote to Plaintiffs' counsel reminding him that the Court expressly rejected Plaintiffs' relevancy objection in its January 20 Order. *See* Exhibit D (citing Order, p. 5 ("Second, Plaintiffs argue that the information sought by the Financial Discovery Requests is not relevant in this case. The court disagrees. Given the claims and defenses in this case, the court concludes that the information sought by the Financial Discovery Requests is relevant. . . .")). Paladin's counsel warned that failure to respond to the Financial Discovery Requests as ordered would be met with a motion for sanctions. *See id.*

8. Plaintiffs' counsel did not respond to the February 22 letter and did not respond to the Financial Discovery Requests.

9. On May 24, 2012, following depositions of Plaintiffs' experts in this matter, Paladin's counsel conferred orally and in-person with Plaintiffs' counsel regarding the Financial Discovery Requests. Plaintiffs' counsel indicated that his paralegal was nearly done compiling the requested information and that the documents would be produced shortly.

10. On June 6, 2012, having still received no response to the Financial Discovery Requests, Paladin's counsel sent another letter to Plaintiffs' counsel. *See* Exhibit E. In the June 6 letter, Paladin's counsel referenced the post-deposition conversation, asked when the discovery responses could be expected, and indicated that failure to respond promptly would leave Paladin with no choice but to seek redress with the Court.

11. Plaintiffs' counsel did not respond to the June 6 letter and did not respond to the Financial Discovery Requests.

12. On June 14, 2012, Paladin's counsel emailed Plaintiffs' counsel again regarding the Financial Discovery Requests. In the email, Paladin's counsel forwarded another copy of the June 6 letter and asked:

>What's the plan with this stuff?  I was hoping after our conversation that we would have these documents by now.  We don't need to file motions, do we?

*See* Exhibit F.

13. Shortly thereafter, Plaintiffs' counsel's paralegal responded and indicated that a settlement proposal was forthcoming.  No mention was made of the discovery responses, and no responses were provided.  *See* Exhibit G.

14. On June 26, 2012, Paladin's counsel emailed Plaintiffs' counsel once again and warned that a motion for sanctions would be filed if the Financial Discovery Requests were not promptly responded to.  *See* Exhibit H.

15. As of the date of this Motion, no responses to the Financial Discovery Requests have been received.

## **ARGUMENT**

Under Fed. R. Civ. P. 37(b)(2)(A), a party who fails to obey an order to provide discovery may be subject to an array of sanctions, including dismissal of an action in whole or in part, entry of default judgment against a disobedient party, and issuance of an order of contempt. *See* Rule 37(b)(2)(A).  In addition, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(b)(2)(C).

In the present case, Plaintiffs' failure to respond to the Financial Discovery Requests is unjustified and in willful disobedience to an explicit order of this Court.  Plaintiffs have been afforded numerous opportunities to avoid this motion and comply with their discovery obligations.  Although not required by the Rule, Paladin made exhaustive efforts to resolve this issue without filing a motion for sanctions.  It is abundantly clear, however, that Plaintiffs have

no intention of producing the requested discovery, leaving Paladin with no choice but to seek additional redress from this court.

Plaintiffs were ordered on January 20, 2012, to produce documents responsive to Paladin's Financial Discovery Requests. *See* Order, p. 6 ("Plaintiffs shall provide responses to the Financial Discovery Requests within twenty-one (21) days of the date of this order."). Plaintiffs have spurned the Court's directive and forced this motion. Accordingly, Plaintiffs and their counsel should be sanctioned for failure to respond to discovery ordered by this Court.

DATED this 29th day of June, 2012.

VAN COTT BAGLEY CORNWALL & McCARTHY

/s/ Alex B. Leeman
John A. Snow
Alex B. Leeman
*Attorneys for Defendants Paladin, LaPay, Murphy, Bryan, and Conabee*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of June, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following CM/ECF participants:

John S. Manzano
MINARET LEGAL SERVICES, P.C.
181 Sierra Manor Road, #4
P.O. Box 8931
Mammoth Lakes, CA 93546
Email: legalservices@mammothattorney.com

Alvin R. Lundgren
5015 W. Old Highway, #200
Mountain Green, Utah  84050
Email: al@lundgren-law.com

                                                      /s/  Alex B. Leeman

4818-6766-9264, v.  1