Exhibit D

**VANCOTT**

**JOHN A. SNOW, ESQ.**
Direct Dial: 801.237.0204
email:  jsnow@vancott.com

**ALEX B. LEEMAN, ESQ.**
Direct Dial: 801.237.0226
Email:  aleeman@vancott.com

February 22, 2012

**VANCOTT, BAGLEY,**
**CORNWALL &**
**MCCARTHY, P.C.**

**ESTABLISHED 1874**

## VIA U.S. MAIL and EMAIL

John S. Manzano, Esq.
MINARET LEGAL SERVICES, APC
181 Sierra Manor Road, #4
PO Box 8931
Mammoth Lakes, CA 93546
Email: jmanzano@mammothattorney.com

   Re:  *James Demarco, et al. v. Paladin Development Partners, et al.*
        Case No. 2:09-CV-00190

Dear John:

   We are in receipt of your responses to our Second Set of Requests for Production of Documents to James DeMarco, Cheryl DeMarco, George DeMarco, Jeffrey Ott, Nancy Ott, and Slopeside Properties (the "Financial Discovery Requests").  It appears that because you responded to the Financial Discovery Requests late, our prior letter crossed in the mail with your responses.  Accordingly, please disregard our prior correspondence.

   Upon review of your responses, we note that you have entirely to offer any substantive response to any request, and have not produced a single document sought.  Instead, you have lodged a "General Objection," wherein you argue that the Financial Discovery Requests are "not relevant to any claim or defense in this action, and further are not reasonably calculated to lead to the discovery of admissible information."

   In its Order, signed January 20, 2012, the court stated:  "Plaintiffs shall provide responses to the Financial Discovery Requests within twenty-one (21) days of the date of this order."  *See* Order (Docket No. 143), p. 6.  Your Motion for Protective Order included objections to the aforementioned discovery on the grounds that the information sought is irrelevant.  *See* Motion for Protective Order (Docket No. 120), Part II.  This objection was addressed and expressly rejected by the court.  *See* Order (Docket No. 143), p. 5 ("Second, Plaintiffs argue that the information sought by the Financial Discovery Requests is not relevant in this case.  The court disagrees.  Given the claims and defenses in this case, the court concludes that the information sought by the Financial Discovery Requests is relevant. . . .").  As your relevance objection has already been addressed and overruled, your objection is not well taken and potentially sanctionable.

36 S. STATE STREET
SUITE 1900
SALT LAKE CITY, UTAH
84111-1478 USA
T 801.532.3333
F 801.534.0058
WWW.VANCOTT.COM

LAW OFFICES
SALT LAKE CITY
OGDEN
PARK CITY
LAS VEGAS


MEMBER
LEX MUNDI
THE WORLD'S LEADING ASSOCIATION
OF INDEPENDENT LAW FIRMS

February 22, 2012
Page 2

**VANCOTT**

     Based on the foregoing, please remove any relevancy objections from the Financial Discovery Responses and serve complete responses no later than Monday, February 27, 2012.  Be advised that because the court has already ordered you to respond and rejected your relevancy objection, no further meet-and-confer or motion to compel is required.  If you do not serve complete responses by February 27, we intend to move for sanctions under Fed. R. Civ. P. 37(b)(2) for failure to comply with a court order.

     Should you have any questions regarding the foregoing, please contact us at your earliest convenience.

Very truly yours,

John A. Snow
Alex B. Leeman
VAN COTT, BAGLEY, CORNWALL & MCCARTHY

4821-1302-1198, v. 1